# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMEL BURT,<br><br>     Plaintiff,<br><br>v.<br><br>NICOLAI RAMOS, in his individual capacity, and COUNTY OF SAN DIEGO,<br><br>     Defendants. | Case No.: 3:24-cv-00662-CAB-VET<br><br>**ORDER REGARDING PLAINTIFF'S ORAL MOTION TO QUASH**<br><br>[Doc. No. 25] |

Before the Court is Plaintiff's Oral Motion to Quash Defendant County of San Diego's ("County") subpoena served on U.S. Customs and Border Patrol ("CBP"). Doc. No. 25 ("Motion to Quash").

On January 10, 2025, the County served a subpoena on CBP seeking any records that include, but are not limited to, body-worn camera footage, incident reports, and phone calls relating to Plaintiff and dated December 18, 2017 to present (the "Subpoena"). On February 10, 2025, the parties jointly contacted the Court and raised a discovery dispute concerning the Subpoena. Plaintiff objects and requests that the Court quash the Subpoena, arguing the records sought are not relevant and the Subpoena is overbroad. The County argues that such records, including some related to one arrest incident involving CBP and Plaintiff, are relevant since this case also involves an incident where Plaintiff was arrested.

      The Court held a Discovery Conference on February 11, 2025 and heard argument from the parties regarding the dispute. *See* Doc. No. 24. As stated on the record during the Discovery Conference, the Court finds that records related to any prior arrests or detentions by CBP are relevant to the issue of damages, including emotional distress damages. *See Peraza v. Delameter*, 722 F.2d 1455, 1457 (9th Cir. 1984) (subsequent encounters with police were relevant to damages in excessive force case); *Settrini v. City of San Diego*, No. 3:20-cv-02273-RBM-BGS, 2023 U.S. Dist. LEXIS 150796, at *9–10 (S.D. Cal. Aug. 25, 2023) (arrest history was relevant to claim for damages due to emotional distress). Moreover, Plaintiff's privacy interests in CBP records can be adequately protected by the Protective Order in this case. *See* Doc. No. 10. However, as currently worded, the Court further finds that the Subpoena is overbroad to the extent it seeks "any and all records" relating to Plaintiff and thus captures documents such as border crossing records. The County did not articulate, to the Court's satisfaction, any basis for why border crossing records or any records beyond those relating to arrests/detentions are relevant to the parties' claims or defenses.

      Accordingly, based on the argument of the parties, and for the reasons stated on the record during the Discovery Conference, Plaintiff's Motion to Quash is **DENIED**. The Court **ORDERS** the following:

    1.    The scope of the Subpoena is **LIMITED** to records, including any body-worn camera footage and incident reports, relating to any **arrest or detention of Plaintiff by CBP** occurring between December 18, 2017 to the present.

    2.    The County shall mark any records or materials produced by CBP in response to the Subpoena as **CONFIDENTIAL** in accordance with the Protective Order. *See* Doc. No. 10.

    3.    Within five calendar days of receipt, the County shall **SERVE** Plaintiff with a copy of any records or materials produced by CBP in response to the Subpoena.

**IT IS SO ORDERED.**

Dated:  February 11, 2025

Honorable Valerie E. Torres
United States Magistrate Judge