UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMEL BURT,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>NICOLAI RAMOS, in his individual capacity, and COUNTY OF SAN DIEGO,<br><br>　　　　　　　　Defendants. | Case No.: 3:24-cv-00662-CAB-VET<br><br>**ORDER GRANTING IN PART MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>**[Doc. No. 20]** |

Before the Court is Plaintiff Jamel Burt's ("Plaintiff") Motion to Compel Production of Internal Affairs and Past Use of Force Records. Doc. No. 20 ("Motion"). Defendant County of San Diego (the "County") timely opposed the Motion. Doc. No. 21 ("Opposition"). The County also lodged the documents at issue for the Court's *in camera* review. Following the Court's *in camera* review, and for the reasons discussed below, the Court **GRANTS IN PART** the Motion.

**I.　　BACKGROUND**

　　**A.　　Underlying Action**

Plaintiff brings this civil rights suit under 24 U.S.C. § 1983 against San Diego Sheriff's Deputy Nicolai Ramos ("Defendant Ramos") and the County. Doc. No. 1

("Complaint"). The basis of the Complaint is an incident following a traffic stop involving Plaintiff and Defendant Ramos (the "Incident").

On December 18, 2022, Defendant Ramos stopped a truck in which Plaintiff was a passenger. *Id.* at 2.[1] Plaintiff represents that he was placed in handcuffs, seated on the curb, and then pulled back to his feet by Defendant Ramos when he refused to answer questions and cursed at Defendant Ramos. *Id.* at 3. While Defendant Ramos "forcibly pushed" Plaintiff towards a patrol vehicle, Plaintiff claims that Defendant Ramos slammed him against the ground and broke his teeth "by smashing his face against the concrete sidewalk." *Id.* Plaintiff alleges that Defendant Ramos' actions amounted to excessive force in retaliation against Plaintiff for exercising his First and Fifth Amendment rights. *Id.* at 3–5. Plaintiff further alleges Defendant Ramos placed him under false arrest and his actions qualify as assault and battery. *Id.* at 5–6. In addition to compensatory damages, Plaintiff seeks punitive damages against Defendant Ramos. *Id.* at 7. The County and Ramos admit that Plaintiff was a passenger in the truck stopped during the Incident, but otherwise deny Plaintiff's allegations. Doc. No. 3 at 3.

**B.    Documents at Issue**

On September 19, 2024, Plaintiff served the County with eight requests for production of documents ("Plaintiff RFPs"). Doc. No. 20-2 at 2–9. The County objected to various requests, produced some responsive documents, but also withheld responsive documents based on privilege. Doc. No. 20-3 ("Privilege Log") at 13–16. In its Privilege Log, the County objects to production of the documents identified therein based on relevance, scope, privacy interests, and official information privilege. *Id.*

Plaintiff seeks to compel production of the following documents identified on the Privilege Log: 1) Internal Affairs records related to Defendant Ramos, bates numbered CSD001996–002174 ("IA Documents"); 2) past use of force records related to Defendant

---

[1] Page numbers for docketed materials refer to those imprinted by the Court's electronic case filing system.

Ramos, bates numbered CSD002175–003450 ("UOF Records"); and 3) documents and media files concerning the arrest of Thomas Ross, bates numbered CSD003451–003551 ("Ross Documents") (collectively, the "Documents"). The Documents are responsive to one or more of the following Plaintiff RFPs:

- Plaintiff's RFP No. 4: Any and all reports, memoranda, or other documents relating to or reflecting any citizen complaints lodged against Nicolai Ramos since the commencement of his employment with the San Diego County Sheriff's Department, including, but not limited to, complaints about the alleged use of excessive force by Ramos. Doc. Nos. 20-2 at 4–5, 20-3 at 14–15.

- Plaintiff's RFP No. 5: Any and all reports, memoranda, or other documents relating to or reflecting any prior incidents involving use of force by Nicolai Ramos since the commencement of his employment with the San Diego County Sheriff's Department. Doc. Nos. 20-2 at 8, 20-3 at 15.

- Plaintiff's RFP No. 8: Any and all documents, videotapes, audio files, reports, statements (including witness statements), media, and electronically stored information contained in any County of San Diego investigative file, including, but not limited to San Diego Sheriff Department files, relating to the incident with Thomas Ross on December 17, 2020, which forms the basis of the allegations in the Southern District of California Civil Case 21-cv-02130-JO-WVG. Doc. Nos. 20-2 at 8, 20-3 at 15–16.

Per Plaintiff, Thomas Ross also alleged excessive force claims against Defendant Ramos stemming from the December 17, 2020 incident. Motion at 14. The Documents total over 1,500 pages.

### C. The Parties' Discovery Dispute

Plaintiff argues that the Documents are highly relevant because "they bear directly on Ramos' credibility and his motive for injuring [Plaintiff] in this case." Motion at 10. Plaintiff further contends that the Documents are "directly relevant to [his] claim for punitive damages against Defendant Ramos." *Id.* Plaintiff also stresses the importance of

the Documents in potentially proving a *Monell* claim against the County, noting that the Ninth Circuit has found "municipal liability on the basis of ratification" when officers' excessive force repeatedly goes unpunished by the municipality.[2] *Id* at 11–13. Finally, Plaintiff argues that the Court's Protective Order mitigates any concerns or objections related to personal privacy. *Id.* at 15. Thus, Plaintiff requests that the Court compel production of the Documents. *Id*.

    In response, the County primarily asserts that the Documents are not relevant and beyond the scope of this litigation. Opposition at 10–19. The County argues that Defendant Ramos' past conduct is not relevant to (i) the objective "reasonableness" inquiry used in excessive use of force claims, (ii) whether Defendant Ramos had probable cause to arrest Plaintiff, or (iii) whether Defendant Ramos' actions amounted to retaliation against Plaintiff. *Id.* at 10–12. The County further contends that Plaintiff did not assert a *Monell* claim, excluding any potential relevance the Documents may have to such a claim. *Id.* at 14. In addition, the County argues that the scope of Plaintiff's requests, which seek all civilian complaints and use of force incidents since Defendant Ramos began employment with the County, is not proportional to the needs of this case. *Id.* at 16–18. Lastly, the County asserts privacy concerns. *Id.* at 18–19. Hence, the County requests that the Court deny the Motion. *Id*. at 19.

---

[2] Municipal liability may arise pursuant to a *Monell* claim when "a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Doughtery v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). "In order to establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation.'" *Id.* (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (alterations and emphasis in original)).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 34, a party may serve on another party a request for production of documents, electronically stored information, or tangible things within the scope of Rule 26(b).[3] Fed. R. Civ. P. 34(a)(1)(A). In turn, Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Relevance under Rule 26(b) is broadly defined. *In re Bank of Am. Cal. Unemployment Bens. Litig.*, No. 21MD2992-GPC(MSB), 2024 U.S. Dist. LEXIS 111988, at *20 (S.D. Cal. June 25, 2024). And in evaluating proportionality, the Court considers the following factors: (1) "importance of the issues at stake in the action," (2) "the amount in controversy," (3) "the parties' relative access to relevant information," (4) "the parties' resources," (5) "the importance of the discovery in resolving the issues," and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* The Court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). "Unsupported assertions that discovery requests are overbroad, burdensome, or disproportionate are insufficient" to resist discovery. *Soler v. Cty. of San Diego*, No. 14cv2470-MMA (RBB), 2016 U.S. Dist. LEXIS 197050, at *22 (S.D. Cal. July 18, 2016).

Where a party fails to produce documents requested under Rule 34, the requesting party may move to compel discovery. Fed. R. Civ. P. 37(a)(3)(B)(iv) ("A party seeking discovery may move for an order compelling . . . production . . . if . . . a party fails to

---

[3]  Unless otherwise indicated, all references to a "Rule" are to the Federal Rules of Civil Procedure.

produce documents . . . as requested under Rule 34."). The party seeking to compel discovery bears the burden of demonstrating relevance, proportionality, and other Rule 26 requirements. *In re Bank of Am. Cal. Unemployment Bens. Litig.*, 2024 U.S. Dist. LEXIS 111988, at *21. Thereafter, "[t]he party resisting discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Id.* (internal quotations omitted); *see also SmarterSwipe, Inc. v. Navarrete*, No. 2:24-cv-00299-CDS-MDC, 2025 U.S. Dist. LEXIS 12328, at *5 (D. Nev. Jan. 22, 2025). The opposing party carries a "heavy burden of showing why discovery was denied." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

### III. DISCUSSION

#### A. Preliminary Issues

##### 1. *Monell* Claim

As an initial matter, the Court notes that Plaintiff does not assert a *Monell* claim in the operative complaint, dated April 10, 2024.[4] *See generally* Complaint. Therefore, the Court disregards Plaintiff's arguments concerning the Documents' relevance to a non-existent *Monell* claim. Still, because the Court finds that the Documents are relevant to Plaintiff's current claims, the lack of a *Monell* claim is not dispositive.

##### 2. Official Information Privilege

The Court further notes that the County asserted the "official records privilege" in response to Plaintiff's RFP Nos. 4, 5, and 8. *See* Privilege Log. "Federal common law recognizes a qualified privilege for official information." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990) (citing *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975), aff'd 426 U.S. 394 (1976)). In assessing the privilege, the

---

[4] The Court recently granted Plaintiff's Motion for Leave to File First Amended Complaint. *See* Doc. Nos. 31, 33. Therein, Plaintiff seeks leave from the Court to amend the Complaint to add a *Monell* claim against the County. *See* Doc. No. 31-2. As of the date of this order, Plaintiff has not yet filed an amended complaint.

Court "must balance the government's interest in protecting official information from disclosure against the plaintiff's need for the information." *Rogers v. Giurbino*, 288 F.R.D. 469, 481 (S.D. Cal. 2012) (internal quotations and citations omitted). "This balancing test is moderately pre-weighted in favor of disclosure" in civil rights cases. *Id.* (citing *Kelly v. City of San Jose*, 114 F.R.D. 653, 661 (N.D. Cal. 1987)).

However, before the Court conducts any balancing of interests, "the party asserting the privilege . . . must properly invoke the privilege by making a substantial threshold showing." *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995); *see also Rogers*, 288 F.R.D. at 481; *J.A.M. v. United States*, No. 22-cv-380, 2023 U.S. Dist. LEXIS 75412, at *9 (S.D. Cal. Apr. 28, 2023). "[T]o fulfill the threshold requirement, the party asserting the privilege must submit a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit." *Soto*, 162 F.R.D. at 613. The affidavit must include: (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made. *Id.*; *see also Moore v. Duran*, No. 23-cv-194-GPC-DDL, 2024 U.S. Dist. LEXIS 81429, at *6 (S.D. Cal. May 3, 2024). "If the nondisclosing party does not meet this initial burden, the court will order disclosure of the documents; if the party meets this burden, the court generally conducts an in camera review of the material and balances each party's interests." *Rogers*, 288 F.R.D. at 481.

Here, the County fails to meet its threshold burden and makes no showing to support application of the official information privilege. Not only does the County fail to submit the requisite declaration, the County also does not claim or even argue that the "official records privilege" protects the Documents from disclosure. *See generally* Opposition.

Accordingly, because the County does not meet its burden to support the official information privilege, the Court **OVERRULES** the County's "official records privilege" objections to Plaintiff's RFP Nos. 4, 5, and 8.

### B. Relevance

As noted above, Plaintiff claims excessive force and seeks punitive damages, alleging that Defendant Ramos acted maliciously, oppressively, and in reckless disregard of Plaintiff's rights. Doc. No. 1 a 7. A jury may award punitive damages in a section 1983 action "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983); *see also Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005) ("[I]t is well-established that a jury may award punitive damages under section 1983 either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others."). Accordingly, when a party asserts a section 1983 claim against law enforcement, information concerning other instances of misconduct are relevant "on the issue of punitive damages, in that the information may lead to evidence of a continuing course of conduct reflecting malicious intent." *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993). Internal affairs files of a named officer defendant also "may be relevant on the issues of credibility, . . . and motive of the officers." *Id.*; *see also Myles v. Cnty. of San Diego*, No. 15cv1985-BEN (BLM), 2016 U.S. Dist. LEXIS 59452, at *41 (S.D. Cal. May 4, 2016) (same). Moreover, "[r]ecords of citizen complaints against law enforcement involving excessive force are relevant in civil rights cases, because such records may be 'crucial to proving [d]efendant's history or pattern of such behavior.'" *Myles*, 2016 U.S. Dist. LEXIS 59452, at *41–42 (citing *Soto*, 162 F.R.D. at 620); *see also Roettgen v. Foston*, No. 13cv1101-GPC-BGS, 2016 U.S. Dist. LEXIS 60047, at *24 (S.D. Cal. May 4, 2016) ("In an excessive force case such as this, the relevance and discoverability of officers' disciplinary records, including unfounded complaints and allegations of misconduct, are widely recognized.").

Here, based on an *in camera* review, the IA Documents, UOF records, and Ross Documents all relate to and involve Defendant Ramos. The IA Documents include written reports, correspondence, interview recordings, and evidentiary photographs related to investigations surrounding Defendant Ramos' past conduct and associated complaints. The UOF records include radio communication records and recordings, as well as evidentiary photographs from use of force incidents involving Defendant Ramos. Lastly, the Ross Documents include body-worn camera footage, radio communications, photographs, and written reports pertaining to Defendant Ramos and his alleged use of force during an incident involving Thomas Ross. As such, the Documents are relevant to understanding Defendant Ramos' past conduct, including his past use of force and the context in which that use occurred, and thus relevant to Defendant Ramos' motive, intent, and credibility. Therefore, consistent with prior decisions by this Court, the Court finds that the Documents are relevant to Plaintiff's claims and allegations, including specifically his claim for punitive damages.

Notably, the County fails to address Plaintiff's claim for punitive damages in arguing that the Documents are irrelevant. *See generally* Opposition. Instead, the County suggests that the Court depart from prior precedent and apply the "more restrictive" discovery standard created by the 2000 and/or 2015 amendments to Rule 26. Opposition at 10–11, 15. While relevance is not without necessary boundaries, relevance under Rule 26 continues to be broadly defined, even after the amendments. *See Lux v. Buchanan*, No. 2:23-cv-00839-MMD-NJK, 2024 U.S. Dist. LEXIS 67221, at *3 (D. Nev. Apr. 12, 2024) ("Even after the 2015 amendments to the discovery rules, relevance remains broad in scope."). And this Court has continued to hold that the concept of relevance under Rule 26 remains broad. *See, e.g.*, *In re Bank of Am. Cal. Unemployment Bens. Litig.*, 2024 U.S. Dist. LEXIS 111988, at *20 ("Relevance under Rule 26(b)(1) is still defined broadly even after the 2015 amendments to Rule 26."); *Medimpact Healthcare Sys. v. Iqvia Inc.*, No. 19-cv-1865-GPC (DEB), 2021 U.S. Dist. LEXIS 233524, at *5 (S.D. Cal. July 15, 2021) ("Even after the 2015 amendments to Rule 26, discovery relevance remains a broad

concept."); *Wagner Aeronautical, Inc. v. Dotzenroth*, No. 21-cv-0994-L-AGS, 2022 U.S. Dist. LEXIS 10961, at *4 (S.D. Cal. Jan. 20, 2022) ("Relevance for discovery purposes is defined 'very broadly.'"); *see also Soler*, 2016 U.S. Dist. LEXIS 197050, at *16 (argument that prior case law "should not be considered because it was decided under the older version of Rule 26(b)(1) is without merit") (internal citations omitted). Thus, the Court sees no reason to depart from the conclusions in *Hampton*, *Soto*, and the like.

In sum, the Documents bear directly on whether the Incident is part of a "course of conduct" warranting punitive damages and are otherwise relevant to motive and credibility. To the extent the County expresses concern that the Documents may be introduced for an improper purpose, *see* Opposition at 13, this concern bears on admissibility and not discoverability. *See* Fed. R. Civ. P. 26(b)(1) (discoverable information "need not be admissible in evidence to be discoverable"). Accordingly, the Court **OVERRULES** the County's relevancy objections in response to Plaintiff's RFP Nos. 4, 5, and 8.

### C. Proportionality

#### 1. Request for Production No. 4

The County objects that Plaintiff's RFP No. 4 is overbroad and disproportionate to the needs of this case. Opposition at 16–18. Specifically, the County suggests that civilian complaints responsive to RFP No. 4 may involve events entirely different from the Incident and not relevant to claims involving use of force, false arrest, or retaliation. *Id.* at 17. The County also notes that informal, verbal complaints may be responsive, requiring a burdensome search of arrest records and body worn camera footage for any mention of Defendant Ramos by a civilian during law enforcement encounters. *Id.* Therefore, the County seeks to limit RFP No. 4 to written civilian complaints alleging claims similar to those asserted by Plaintiff, namely excessive force, false arrest, and/or retaliation. *Id.*

The Court agrees that Plaintiff's RFP No. 4, as written, is overbroad. As discussed above, to the extent Plaintiff is seeking punitive damages, civilian complaints are relevant because they may help prove a pattern of behavior similar to that alleged by Plaintiff and are otherwise relevant to credibility issues. *See Myles*, 2016 U.S. Dist. LEXIS 59452, at

*41–42. However, it is impractical and unnecessary to search all possible records for any informal, unwritten civilian complaints against Defendant Ramos. Civilian complaints about any and all conduct, unrelated to the allegations in this case, are not proportional to the needs of the case. *See Darraj v. County of San Diego*, No. 11cv1657-AJB (BGS), 2012 U.S. Dist. LEXIS 168968, at *7 (S.D. Cal. Nov. 28, 2012) (excluding production of civilian complaints for "any improper procedures"); *Fisher v. Houser*, No. 09-cv-2572-JM (BGS), 2010 U.S. Dist. LEXIS 124519, at *5 (S.D. Cal. Nov. 23, 2010) (excluding production of civilian complaints for "any other improprieties").

Accordingly, the Court **SUSTAINS, IN PART**, the County's objection that Plaintiff's RFP No. 4 is not proportional to the needs of the case. In response to Plaintiff's RFP No. 4, the County **SHALL** produce documents relating to written citizen complaints against Defendant Ramos for excessive force, false arrest, retaliation, and/or lack of candor/untruthfulness.

### 2. Request for Production No. 5

Next, the County argues that Plaintiff's RFP No. 5 should be limited to those documents involving "sustained findings of excessive force." Opposition at 18. The County indicates that deputies are required "to prepare a written report after any use of force regardless of whether there were any injuries incident to the use of force and regardless of whether there was a later finding that such a use of force was excessive." *Id.* As such, documents responsive to RFP No. 5 would include "arrest reports, body worn camera footage, property and evidence photographs, and numerous other documents incident to each and every use of force throughout the course of [Defendant] Ramos' career," regardless of whether excessive force occurred or was even alleged. *Id.*

The County's proposed limitation is too narrow. Prior use of force records, even those that did not result in injury or a "finding of excessive force," could still be useful to Plaintiff to establish a pattern of behavior by Defendant Ramos. Nevertheless, as worded, RFP No. 5 is overbroad to the extent it captures *every* instance where Defendant Ramos used force throughout his career with the Sheriff's Department. Because Plaintiff alleges

*excessive* use of force, the Court finds that documents regarding incidents involving claims of excessive use of force, irrespective of whether the incident results in injury or a sustained finding of excessive force, is an appropriate limitation.

Accordingly, the Court **SUSTAINS, IN PART**, the County's objection that Plaintiff's RFP No. 5 is not proportional to the needs of the case. In response to Plaintiff's RFP No. 5, the County **SHALL** produce documents relating to any incidents involving claims of excessive use of force by Defendant Ramos, irrespective of whether the incident resulted in injury or a sustained finding of excessive force.

### 3. Request for Production No. 8

The County similarly objects to Plaintiff's RFP No. 8, seeking records related to the arrest of Thomas Ross on December 17, 2020, on the grounds that the incident did not involve a sustained finding of excessive force. *Id.* at 16–18.[5] For the same reasons discussed above regarding RFP No. 5, the County's proposed limitation is too narrow. And to the extent the Ross Documents involved an incident with claims of excessive force, *see* Motion at 8–9 and 14, the Court finds that RFP No. 8 is proportional to the needs of this case. Therefore, the Court **OVERRULES** the County's objection that Plaintiff's RFP No. 8 is overbroad and not proportional to the needs of this case. The County **SHALL** produce the Ross Documents in response to Plaintiff's RFP No. 8.

### D. Privacy

Lastly, the County argues that disclosure of all civilian complaints and use of force records pertaining to Defendant Ramos is "a significant invasion of his privacy," which "outweigh[s] discovery requests for which there is no apparent need." Opposition at 19.

"Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *Stuart v. Cnty. of Riverside*, No. 22-cv-

---

[5] The Court recently dismissed Thomas Ross' claims, finding that Defendant Ramos' use of force was not excessive. *See Ross v. County of San Diego*, No. 3:21-cv-02130-JO-VET, Doc. No. 115 at 19–23 (S.D. Cal. Mar. 27, 2025).

701, 2023 U.S. Dist. LEXIS 132737, at *5 (C.D. Cal. June 15, 2023) (quoting *Keith H. v. Long Beach Unified School Dist.*, 228 F.R.D. 652, 657 (C.D. Cal. 2005)). "[R]esolution of a privacy objection . . . requires a balancing of the need for the information sought against the privacy right asserted." *Id.* "In the context of the disclosure of police files, courts recognize that privacy rights are not inconsequential and should be given some weight." *Roettgen*, 2016 U.S. Dist. LEXIS 60047, at *15 (internal quotations omitted) (citing *Kelly*, 114 F.R.D. at 656).

However, "district courts in the Ninth Circuit have found that the privacy interests police officers have in their personnel files do not outweigh the civil rights plaintiff's need for the documents." *Id.* (quoting *Soto*, 162 F.R.D. at 617). Additionally, "privacy objections can be appropriately addressed by: (1) redacting any personal identifying information from the documents produced; and (2) producing documents under a protective order to minimize any invasion into the individuals [sic] privacy rights." *Stuart*, 2023 U.S. Dist. LEXIS 132737, at *5–6 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)).

Here, other than asserting a general privacy objection, the County fails to articulate any harm or address why redactions of personal identifying information and the Court's Protective Order do not mitigate any privacy concerns. *See Kelly*, 114 F.R.D. at 669 (finding that the government must articulate what privacy interests would be harmed, how disclosure under a protective order would cause the harm, and how much harm would occur); *Lengyel v. Cnty. of San Diego*, No. 05cv0164-JM (BLM), 2006 U.S. Dist. LEXIS 108055, at *9 (S.D. Cal. Apr. 4, 2006) ("Defendants have not provided any specific reason why the privacy interests . . . could not be addressed by the executed protective order."). Instead, the County admits these measures "might reduce the invasion of privacy," but then argues that the privacy invasion is not warranted in the first place. Opposition at 18–19. The County's argument rests on the assumption that the Documents are neither relevant nor proportional to the needs of this case. *See id* at 19. The Court disagrees with this premise. For the reasons already articulated, the Documents are relevant to Plaintiff's

claims, and RFP Nos. 4, 5, and 8, as limited by the Court above, are proportional to the needs of this case.

In the absence of any identified harm or explanation as to why the Protective Order and appropriate redactions would not adequately address the County's privacy concerns, the Court finds that Plaintiff's need for the discovery at issue in this civil rights action outweighs Defendant Ramos' privacy interest. Accordingly, the Court **OVERRULES, IN PART**, the County's privacy objections as to Plaintiff's RFP Nos. 4, 5, and 8. Prior to disclosure of documents responsive to Plaintiff's RFP Nos. 4, 5, and 8, the County may redact Defendant Ramos' personal identifying information, including, but not limited to, the following: date of birth, social security number, address, phone number, and email address.

## IV.   CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** the Motion and **ORDERS** the following:

1.   The County may **REDACT** Defendant Ramos' personal identifying information, including, but not limited to, his date of birth, social security number, address, phone number, and email address, from any documents produced in response to Plaintiff's RFP Nos. 4, 5, and 8. The County may redact the same information for any third parties.

2.   No later than **May 9, 2025**, in response to Plaintiff's RFP No. 4, the County **SHALL** produce documents, including any IA Documents, relating to or reflecting any *written* citizen complaints against Nicolai Ramos, since the commencement of his employment with the San Diego County Sheriff's Department, for excessive force, false arrest, retaliation, and/or lack of candor/untruthfulness.

3.   No later than **May 9, 2025**, in response to Plaintiff's RFP No. 5, the County **SHALL** produce documents, including any UOF Records, relating to or reflecting any prior incidents involving claims of excessive use of force by Nicolai Ramos since the commencement of his employment with the San Diego County Sheriff's Department,

irrespective of whether the incident resulted in injury or a sustained finding of excessive force.

4. No later than **May 9, 2025**, in response to Plaintiff's RFP No. 8, the County **SHALL** produce the Ross Documents.

**IT IS SO ORDERED**.

Dated: April 29, 2025

_____
Hon. Valerie E. Torres
United States Magistrate Judge