EUGENE G. IREDALE: SBN 75292
PETER BIBRING: SBN 223981
SARAH MUSUMECI: SBN 328306
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525
FAX: (619) 233-3221
Attorneys for Plaintiffs

JOSEPH C. CRUDO: SBN 263993
JOSEPH C. CRUDO PLC
3990 Old Town Avenue, Ste. C101
San Diego, CA  92110
Telephone: (858) 622-7280
Fax: (858) 450-9411
Email:  joseph@crudoplc.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMEL BURT,<br><br>    Plaintiff,<br><br>v.<br><br>NICOLAI RAMOS, in his individual capacity, and the COUNTY OF SAN DIEGO,<br><br><br>    Defendants. | CASE NO. 24-CV-0662-CAB-VET<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>Hon. Cathy Ann Bencivengo |

## EX PARTE APPLICATION

Plaintiff Jamel Burt respectfully requests that this Court grant leave to file a single, 45-page consolidated opposition to the two motions for summary judgment currently pending before this Court by Defendant Nicolai Ramos (Dkt No. 80) and Defendant County of San Diego (Dkt. No. 81).[1]

The case at issue involves a single use of force by a Defendant Ramos, a San Diego County Sheriff's Deputy, against Plaintiff Jamel Burt — as alleged in the First Amended Complaint (Dkt. No. 25), during a traffic stop, while Mr. Burt was handcuffed and seated on the curb being questioned by deputies, Deputy Ramos became angry that Mr. Burt cursed at him and refused to answer further questions, pulled him to his feet and began pushing him to a patrol car, then accused Mr. Burt of "flexing" and smashed the handcuffed Mr. Burt face-first into the ground, breaking Mr. Burt's teeth by smashing his face against the concrete sidewalk. Plaintiff brought claims against Deputy Ramos under 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment and retaliation in violation of the First Amendment; under the Bane Act, Cal. Civil Code § 52.1, for interference with his rights to bodily integrity, freedom from excessive force, and free speech by threats, intimidation, or coercion; and under California tort law for assault and battery. Plaintiff brought claims against the County for violation of his constitutional rights under *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978), and for Deputy Ramos's state law violations in *respondeat superior*.

Defendant Ramos brings a motion for summary judgment arguing that Plaintiff lacks sufficient evidence for a jury to conclude the force Deputy Ramos used was excessive under the Fourth Amendment, that Deputy Ramos retaliated

---

[1] Plaintiff's counsel has complied with Local Rule 83.3(g) and this Court's Standing Order for Civil Cases, § 6, by conferring with counsel for Defendants via email and providing notice of this application. *See* Declaration of Peter Bibring, ¶¶ 2, 3. Defendants oppose the ex parte application. *Id.*

PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE A CONSOLIDATED OPPOSTION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

against him on the basis of his protected speech, or to find for Plaintiff on his state law claims and also arguing that he is entitled to qualified immunity. The County's motion challenges whether the evidence is sufficient to show that San Diego County had a widespread, *de facto* practice of tolerating excessive force, particularly against handcuffed individuals, and policy and training on use of force that failed to adequately instruct deputies to limit force on restrained individuals.

Plaintiff's opposition to Defendants' motions involve enormous overlap of both evidence and legal discussion. To overcome Defendant Ramos' motion for summary judgment, Plaintiff must bring forth evidence sufficient for a jury to conclude that Deputy Ramos used significant force against him, lacked any legitimate justification for that force, and was motivated not by any legitimate purpose but rather to retaliate against Mr. Burt for his cursing and criticism of Ramos. Plaintiff must demonstrate that the facts would allow a jury to conclude that Defendant Ramos violated the Fourth Amendment, First Amendment, Bane Act, and state law of battery. To overcome the County's motion for summary judgment, Plaintiff must point again to the details of Deputy Ramos's use of force and show that it was caused by the County's policies, customs and practices — specifically, a *de facto* policy of tolerating excessive force, particularly physical force against people who were handcuffed; a failure to adequately instruct deputies not to use force on handcuffed individuals, and ratification of Deputy Ramos's prior similar use of force against another partially handcuffed subjects. The County's liability on state law claims on a theory of *respondeat superior* turns entirely on Deputy Ramos's liability.

Plaintiff will need to cite substantially identical evidence for in support of his opposition to both motions — the same body-worn camera video, the same reports, the same deposition testimony, the same expert evidence. The opposition to the County's motion will require some additional evidence of County policy, custom, and practice, but much of that will be contained within the testimony of

PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE A CONSOLIDATED
OPPOSTION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

the same expert or County designees pursuant to Rule 30(b)(6) that provide evidence of Ramos's liability.

A consolidated opposition would avoid duplication and promote judicial economy in a number of ways, including:

- Allowing a single factual chronology and discussion of the acts that give rise to liability for both Defendants Ramos and the County;
- Allowing the briefing to set forth the legal framework for First Amendment and Fourth Amendment claims once, rather than duplicating repeating for two Defendants in separate briefs;
- Allowing Plaintiffs to file and the Court to review a single set of supporting exhibits, avoiding duplication of submitting identical exhibits twice, or worse, confusion from differences in exhibit numbering between the motions or variations in deposition pages included in each submission;
- Avoiding the need to create separate sets of supporting documents such as attorney declarations, requests for judicial notice, and expert declarations;
- Avoiding the need for duplicate motions to file (or not file) exhibits under seal, and minimizing the additional duplication already required to file redacted versions of briefs and exhibits.

Indeed, because a consolidated opposition will allow for such streamlining and judicial efficiency, Plaintiff requests leave to file only a single 45-page opposition rather than to use the 50 pages to which he would be entitled were the briefs filed separately.

///

///

///

PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE A CONSOLIDATED OPPOSTION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the ex parte application and allow him to file a single, 45-oppostion to Defendants' motions for summary judgment.

Respectfully submitted,

Dated: July 6, 2026

**IREDALE AND YOO, APC**
**JOSEPH C. CRUDO PLC**

*s/ Peter Bibring*

PETER BIBRING

Attorneys for Plaintiff

PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE A CONSOLIDATED OPPOSTION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT