DAMON M. BROWN, County Counsel (SBN 242265)
By: TIMOTHY A. HANNA, Senior Deputy (SBN 310620)
      CHRISTOPHER M. BLAYLOCK, Supervising Deputy (SBN 284629)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone:  (619) 904-0151; (619) 531-2469; (619) 531-6005
E-mail: timothy.hanna@sdcounty.ca.gov; christopher.blaylock@sdcounty.ca.gov

Attorneys for Defendant County of San Diego and
Nicolai Ramos

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMEL BURT,<br><br>        Plaintiff,<br><br>    v.<br><br>NICOLAI RAMOS, in his individual capacity, COUNTY OF SAN DIEGO; MICHAEL ALCARION, in his individual capacity; and DOES 1-5,<br><br>        Defendants. | No. 24-cv-00662-CAB-VET<br><br>**MOTION TO FILE INTERNAL AFFAIRS INVESTIGATION RECORDS UNDER SEAL IN CONNECTION WITH DEFENDANTS' COUNTY OF SAN DIEGO AND NICOLAI RAMOS' SUMMARY JUDGMENT MOTIONS**<br><br>**[ECF Nos. 80, 81]**<br><br>Hon. Cathy A. Bencivengo<br>Courtroom 15A |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule V(B) of Hon. Judge Bencivengo's Chamber Rules, Defendants' County of San Diego and Nicolai Ramos ("Defendants") hereby request an order sealing evidence relating to an internal affairs investigation of an unrelated incident. Plaintiff informs Defendants he intends to file these records in connection with his Opposition to Defendants' respective Motions for Summary Judgment [ECF Nos. 80, 81].

-1-

No. 24-cv-00662-CAB-VET

## I.    <u>RECORDS SOUGHT TO BE SEALED</u>

On July 2, 2026, Plaintiff gave notice of his intention to file records designated confidential regarding an unrelated internal affairs investigation. (Declaration of Timothy A. Hanna in support of Motion to File Under Seal ("Hanna Decl.") at ¶ 2.) On July 7, 2026, Plaintiff provided notice of additional confidential records he intends to file with opposition. (*Ibid.*) On July 8, 2026, Plaintiff specified which excerpts of those internal affairs report records he intended to file and introduced additional records he intends to file that were not raised in the prior email correspondence. (*Ibid.*)

Those records designated confidential that Plaintiff seeks to publicly file will be lodged separately with the Court pursuant to subsection V(B) of Judge Bencivengo's Civil Case Procedures. (Hanna Decl., ¶ 3; Protective Order [ECF No. 10].) This includes records regarding an unrelated internal affairs investigation of an incident involving the use of force against a non-party in which Deputy Defendant Nicolai Ramos and other non-defendant Sheriff's Deputies were investigated and found not to have employed excessive force. Specifically:

- Internal Affairs Investigation Report, Case No. 2018-060.1 (CSD 001999-002059);
- Notice of Proposed Disciplinary Action, Case No. 2018-060.1 (CSD 005795-005796);
- Prior Internal Affairs Summary (CSD 002129);
- Strode Arrest Body Worn Camera Footage (CSD 003552);
- San Diego Central Jail Strode Booking CCTV Footage (CSD 002172); and
- Excerpt from Strode Arrest Report (CSD 003559)

## II.    <u>THERE ARE COMPELLING REASONS TO SEAL INTERNAL AFFAIRS INVESTIGATION RECORDS UNRELATED TO THE UNDERLYING INCIDENT</u>

The records Defendant seeks to seal were created in an internal affairs investigation of an incident unrelated to the incident from which the instant lawsuit arose that were designated as confidential in Defendants' document production pursuant to the parties'

-2-

protective order. There exist compelling interests of privacy, relevance and encouraging through internal investigations that outweigh the public's interest in the public filing of these records.

A "compelling reasons" standard applies to the determination whether to seal records filed in connection with a dispositive motion. *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). This standard requires compelling reasons to seal outweigh the common law right "to inspect and copy public records and documents, including judicial records and documents." *Ibid.*, citation and internal quotation marks omitted. A party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–1179, internal quotation marks and citations omitted). "In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179, internal citations and alterations omitted.

One compelling reason to seal internal affairs investigation records is that public filing of such records would violate the Defendant Officer's privacy interest. In examining this interest, one Court found "that particularized harm will result from disclosure of these files to the public." *Perkins v. City of Modesto*, 119CV00126LJOEPG, 2020 WL 4748273, at *4 (E.D. Cal. Aug. 17, 2020), internal citation omitted. "Specifically, these files contain private information regarding officers and reporting parties, and the disclosure of these files will violate privacy interests and lead to potential embarrassment of the officers and reporting parties." *Ibid.*; see also *McCoy v. City of Vallejo*, 2:19-CV-01191-JAM-CKD, 2025 WL 1219967, at *5 (E.D. Cal. Apr. 28, 2025) (finding good cause to maintain the confidential designation of an unrelated internal affairs report "concluding that privacy interests outweighed the public interest in disclosure.")

Another compelling reason to seal these records is the extent to which they encourage thorough and complete investigations of excessive force complaints. In *Simon v. City of Los Angeles,* 2:22-CV-01775-SSS-GJSX, 2024 WL 5260924 (C.D. Cal. Oct. 8, 2024), the

-3-

District Court sealed "records made by the Los Angeles Police Department (LAPD) during the internal investigation of [a law enforcement officer's] initial excessive force and racial profiling complaint" filed with a motion for summary judgment. *Id.* at *1. The Court found that "the strong presumption of access has been overcome" based on two "compelling reasons" To "encourage[] [the law enforcement agency" to thoroughly investigate complaints of excessive force…" and because "Defendant officers were compelled to provide these statements in the investigation over their objections and 'under pain of being discharged.'" *Ibid.*

Finally, there is a compelling reason to seal these records because they are irrelevant to the underlying subject matter. In *Pryor v. City of Clearlake*, C 11-0954 CW, 2012 WL 3276992 (N.D. Cal. Aug. 9, 2012), the District Court sealed "documents pertain[ing] to an Internal Affairs investigation into a complaint lodged against [the Defendant Officer] and a non-defendant" in which "[t]he investigator assigned to review the complaint concluded that it was unfounded." *Id.* at *3. The Court found that there was a "compelling interest in sealing the documents" because it revealed "private personnel information regarding an unfounded complaint." *Ibid.* The Court also sealed documents related to another internal affairs investigation regarding the officer's failure to follow department confidentiality policy that it found "not probative of Plaintiff's claims" despite the fact the Officer "was reprimanded based on the investigation." *Ibid.* The court repeatedly recognized "that the lack of relevance of the sensitive information is not dispositive as to whether a sealing order is warranted, but underscores the privacy interest in sealing such information." *Id.* at *4.

In this internal affairs investigation, Deputy Ramos and several non-defendant Deputies were investigated with relation to the use of force against an arrestee, Jason Strode. (Internal Affairs Investigation Report, Case No. 2018-060.1 (CSD 001996-002059), *generally*.) Mr. Strode's arrest, detention and the use of force against him are shown on camera in the arresting officer's body worn camera footage and the CCTV footage from San Diego Central Jail. (Strode Arrest Body Worn Camera Footage (CSD 003552); San

-4-

Diego Central Jail Strode Booking CCTV Footage (CSD 002172).) The resultant internal affairs investigation exonerated Deputy Ramos with respect to the use of force complaint. (Internal Affairs Investigation Report, Case No. 2018-060.1 at CSD 002029) The sole sustained finding was for a "Failure to Meet Standards" relating to Deputy Ramos' ineffective communication with Mr. Strode and the arresting officer. (*Ibid.*) Deputy Ramos was given a written reprimand for that failure to meet standards in this incident. (Notice of Proposed Disciplinary Action, Case No. 2018-060.1 (CSD 005795-005796))

Like those internal affairs records ordered sealed in *Perkins*, the internal affairs records Plaintiff seeks to publicly file contain private information regarding officers and reporting parties. (Internal Affairs Investigation Report, Case No. 2018-060.1 (CSD 001996-002059), *generally*.) This includes a strident invasion of the privacy of the third-party complainant, Jason Strode, particularly with respect to video footage of his arrest and detention, the majority of which does not relate to the conduct investigated by internal affairs. (Strode Arrest Body Worn Camera Footage (CSD 003552); San Diego Central Jail Strode Booking CCTV Footage (CSD 002172))

Like the internal affairs investigation records sealed in *Simon*, sealing these records serves the compelling interest of encouraging the San Diego Sheriff's Department to thoroughly investigate use of force complaints and encourages witnesses to be forthright and candid in the investigation process, particularly with respect to the statements made by Deputy Ramos and the non-party Sheriff's Defendants. Like *Simon*, these Sheriff's Deputies are compelled to cooperate with internal affairs investigations or risk severe employment consequences.

Finally, like those internal affairs records sealed in *Pryor,* there was no finding of excessive force against Deputy Ramos in this investigation. Like *Pryor*, the fact that Deputy Ramos was reprimanded during the investigation is not probative of Plaintiff's claims at issue in this action because he was found to have violated standards due to ineffective communication- a charge not at issue in the operative complaint. (First Amended Complaint [ECF No. 35], *generally*.)

-5-

Further support for sealing these records is found in Federal Rule of Evidence 404(b) which holds evidence of prior bad acts inadmissible when offered solely to prove character or propensity. A district court may only consider admissible evidence in ruling on a motion for summary judgment. Fed.R.Civ.P. 56(e); *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir.2002) Here, the records would serve no proper purpose since Deputy Ramos was cleared of the excessive force allegations. The sole sustained finding—ineffective communication resulting in a written reprimand—bears no relevance to the excessive force claims in the current litigation.

The public's strong interest in public filings is outweighed by several compelling reasons to seal the internal affairs investigation report, discipline and related records. The investigation invades the Deputy and third-parties privacy interests, concerns a unrelated incident in which Deputy Ramos was exonerated of the excessive force claim and is not probative of Plaintiff's claims in this action, and sealing these records would encourage candor and thorough investigation of excessive force claims. Accordingly, Defendants respectfully request this Court order Plaintiff file these records under seal in connection with his forthcoming opposition papers.

DATED: July 8, 2026                    DAMON M. BROWN, County Counsel


By:___/s/ Timothy A. Hanna_____
TIMOTHY A. HANNA, Senior Deputy
CHRISTOPHER M. BLAYLOCK, Senior Deputy
Attorneys for Defendant County of San Diego and
Nicolai Ramos