EUGENE G. IREDALE: SBN 75292
PETER BIBRING: SBN 223981
SARAH MUSUMECI: SBN 328306
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525
FAX: (619) 233-3221
Attorneys for Plaintiffs

JOSEPH C. CRUDO: SBN 263993
JOSEPH C. CRUDO PLC
3990 Old Town Avenue, Ste. C101
San Diego, CA  92110
Telephone: (858) 622-7280
Fax: (858) 450-9411
Email:  joseph@crudoplc.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMEL BURT,<br><br>        Plaintiff,<br><br>v.<br><br>NICOLAI RAMOS, in his individual capacity, and the COUNTY OF SAN DIEGO,<br><br><br>        Defendants. | CASE NO. 24-CV-0662-CAB-VET<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO FILE INTERNAL AFFAIRS INVESTIGATION RECORDS UNDER SEAL [ECF 86]**<br><br>Hon. Cathy Ann Bencivengo |

Plaintiff opposes Defendants motion to seal [ECF 86] on three grounds:

First, Defendants have no cognizable privacy interest in the records at issue because California law mandates that they are not confidential and must be released to the public as "record[s] relating to the report, investigation, or findings of … [a] sustained finding *involving a complaint that alleges* unreasonable or excessive force." Penal Code § 832.7(b)(1)(A)(iii).

Second, the records at issue cut to the heart of Plaintiff's argument under *Monell* that Ramos's use of force in this case is the result of a pervasive failure to discipline deputies for excessive force, and therefore implicates public's extraordinary interest in understanding misconduct by law enforcment

Finally, Defendants have waived any privacy interest they might have in the results of the Internal Affairs investigation by disclosing the nature of that investigation, its findings, and discipline, in its publicly filed motion.

For these reasons, Defendants fail to demonstrate "compelling reasons" required to seal records filed in connection with a dispositive motion. *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006).

## I.    Background

Plaintiff intends to employ portions of an Internal Affairs ("IA") investigation as in support of their motion for summary judgment, to show that the County is liable for Defendant Deputy Ramos's use of force against Plaintiff in because of its failure to discipline Defendant Ramos for a strikingly similar use of clearly excessive force on a previous occasion. Specifically, Plaintiff seeks to use the investigative summary and findings of the report, and three pieces of evidence from the IA investigation file (a CCTV video from the County jail, a body-worn camera video from an SDSU officer, and a supplemental report by an SDSU officer witness to the use of force at issue). As Defendants summarize the IA investigation in their motion:

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO FILE INTERNAL AFFAIRS INVESTIGATION RECORDS UNDER SEAL [ECF 86]

> In this internal affairs investigation, Deputy Ramos and several non-defendant Deputies were investigated with relation to the use of force against an arrestee, Jason Strode. (Internal Affairs Investigation Report, Case No. 2018-060.1 (CSD 001996-002059), generally.) Mr. Strode's arrest, detention and the use of force against him are shown on camera in the arresting officer's body worn camera footage and the CCTV footage from San Diego Central Jail. (Strode Arrest Body Worn Camera Footage (CSD 003552); San Diego Central Jail Strode Booking CCTV Footage (CSD 002172).) The resultant internal affairs investigation exonerated Deputy Ramos with respect to the use of force complaint. (Internal Affairs Investigation Report, Case No. 2018-060.1 at CSD 002029) The sole sustained finding was for a "Failure to Meet Standards" relating to Deputy Ramos' ineffective communication with Mr. Strode and the arresting officer. (*Ibid.*) Deputy Ramos was given a written reprimand for that failure to meet standards in this incident. (Notice of Proposed Disciplinary Action, Case No. 2018-060.1 (CSD 005795-005796)).

Mot. at 4:23-5:7.

## II.    Defendants have no cognizable confidentiality or privacy interest in the records at issue because they are public under California law.

California Penal Code section 832.7 strikes a balance between confidentiality and public disclosure by making many peace office personnel records confidential under California law, but providing provides that certain categories of records of particular public interest "shall not be confidential and shall be made available for public inspection" pursuant to the California Public Records Act. Following Senate Bill 16, passed by the Legislature in 2021 and effective 2022, those records that are subject to mandatory disclosure include any "record relating to the report, investigation, or findings of … [a] sustained finding involving a complaint that alleges unreasonable or excessive force."    Penal Code § 832.7(b)(1)(A)(iii).[1]    Defendants appear to read the provision, incorrectly, to

---

[1] *See* Senate Bill 16, Reg. Sess. 2021-2022 (as enacted Sept. 30, 2021), at https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=202120220SB16.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO FILE INTERNAL AFFAIRS INVESTIGATION RECORDS UNDER SEAL [ECF 86]

require a sustained finding that an officer actually used excessive force — but that is not what the statute says. Several other provisions of the law clearly provide for disclosure of specific kinds of sustained findings, demonstrating that the Legislature knew how impose such a limitation:

- subsection (b)(1)(A)(iv) requires disclosure of records related to "[a] *sustained finding that an officer failed to intervene* against another officer using force that is clearly unreasonable or excessive;" (emphasis added);

- subsection (b)(1)(B) requires disclosure of records related to "an incident in which *a sustained finding was made* by any law enforcement agency or oversight agency *that a peace officer or custodial officer engaged in sexual assault* involving a member of the public;"

- subsection (b)(1)(C) requires disclosure of records related to "an incident in which *a sustained finding was made* by any law enforcement agency or oversight agency *involving dishonesty* by a peace officer or custodial officer …;"

- subsection (b)(1)(D) requires disclosure of records related to "an incident in which *a sustained finding* was made by any law enforcement agency or oversight agency *that a peace officer or custodial officer engaged in conduct… involving prejudice or discrimination* against a person on the basis of" specified characteristics;

- subsection (b)(1)(E) requires disclosure of records related to "an incident in which *a sustained finding* was made by any law enforcement agency or oversight agency *that the peace officer made an unlawful arrest or conducted an unlawful search*."

Subsection (b)(1)(A)(iii) uses a distinctly different language: it requires disclosure of records related to a sustained finding "*involving **a complaint that alleges** unreasonable or excessive force*." In other words, where a complaint alleges excessive force, and an agency sustains a finding of misconduct either of

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO FILE INTERNAL AFFAIRS INVESTIGATION RECORDS UNDER SEAL [ECF 86]

excessive force *or any other charge*, records of the investigation must be made public. This reflects the Legislature's judgment that agencies addressing excessive force allegations may reject the allegation of excessive force but sustain misconduct charges under other policies, as happened in the IA investigation at issue, and the public has the right to know about such investigations.

None of the cases defendants cite call for a contrary conclusion, as none involve records that fall under this or any other provision for mandated disclosure under Penal Code § 832.7.

*Perkins v. City of Modesto*, No. 119CV00126LJOEPG, 2020 WL 4748273, at *3 (E.D. Cal. Aug. 17, 2020), recognized that cases subject to mandatory disclosure under Penal Code § 832.7 could not properly be subject to a protective order in federal court, but kept some records that fell outside of § 832.7 under a protective order. However, *Perkins* arose before the passage of SB 16 in 2021, which added subsection (b)(1)(A)(iii), and involved the plaintiff's challenge to a application of a protective order during discovery, not the sealing of documents used in a dispositive motion under the *Kamakana*'s "compelling reason" standard.

*Simon v. City of Los Angeles*, No. 2:22-CV-01775-SSS-GJSX, 2024 WL 5260924, at *1 (C.D. Cal. Oct. 8, 2024), does not indicate whether the investigation at issue involved sustained charges of misconduct, does not discuss Penal Code § 832.7, and involved a motion to seal a report that was not opposed by Plaintiff.

*McCoy v. City of Vallejo*, No. 2:19-CV-01191-JAM-CKD, 2025 WL 1219967, at *5 (E.D. Cal. Apr. 28, 2025), did not involve records filed in support of dispositive motion, did not discuss Penal Code § 832.7, and sealed only deposition transcripts and an officer's Internal Affairs Performance Improvement Plan, not records "relating to the report, investigation, or findings of … [a] sustained finding involving a complaint that alleges unreasonable or excessive force." Penal Code § 832.7(b)(1)(A)(iii).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO FILE INTERNAL AFFAIRS INVESTIGATION RECORDS UNDER SEAL [ECF 86]

Finally, *Pryor v. City of Clearlake*, No. C 11-0954 CW, 2012 WL 3276992, (N.D. Cal. Aug. 9, 2012), pre-dates not only the passage of SB 16 in 2021 but the Legislature's amendment of Penal Code § 832.7 in 2018 to provide for any mandatory public disclosure of police personnel records at all. *See* Senate Bill 1421, Reg. Sess. 2017-2018 (chaptered Sept. 30, 2018), https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=201720180SB1421.

**III.    The IA Investigation is directly related to Plaintiffs' claims the County is Liable for Defendant Ramos's conduct**

The County suggests that the materials in the IA investigation involved an "unrelated incident" and would be introduced "solely to prove character or propensity." Mot. at 6:2-3, 6:11. Not true.

Plaintiff's opposition to the County's motion for summary judgment will argue that, under *Monell*, the County has a pervasive practice of failing to discipline officers for excessive force. Plaintiff seeks to introduce materials from the IA investigation of Ramos's use of force against Strode to show that the pattern of failure to discipline caused the violation in this case: that Defendant Ramos previously used clearly excessive force against Mr. Strode in a strikingly similar unprovoked and violent takedown, the County failed to discipline Ramos for this excessive force, and then Ramos proceeded to use nearly the same kind of excessive force against Mr. Burt. The public has an extraordinarily strong interest in "understanding the judicial process," *Kamakana*, 447 F.3d at 1179, in connection with an arguments related to systemic failings in law enforcement discipline for excessive force.

To the extent Defendants argue that the body-worn camera video from the arrest and detention of Jason Strode includes portions unrelated to the conduct investigated by internal affairs, Plaintiff does not object to limiting disclosure to a clip of the use of force, and the two minutes leading up to the use force.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO FILE INTERNAL AFFAIRS INVESTIGATION RECORDS UNDER SEAL [ECF 86]

**IV.     Defendants have waived confidentiality through their motion.**

Defendants' motion argues the IA investigation is confidential, but discloses the nature of the investigation and the findings in their publicly filed motion. This disclosure waives — at least sharply limits — any confidentiality interests Defendants' otherwise might have.

Respectfully submitted,

Dated: July 9, 2026

**IREDALE AND YOO, APC**
**JOSEPH C. CRUDO PLC**

*s/ Peter Bibring*
PETER BIBRING

Attorneys for Plaintiff

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO FILE INTERNAL AFFAIRS INVESTIGATION RECORDS UNDER SEAL [ECF 86]