UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMEL BURT,<br><br>                              Plaintiff,<br><br>v.<br><br>NICOLAI RAMOS, in his individual capacity, and COUNTY OF SAN DIEGO,<br><br>                              Defendants. | Case No.:  3:24-cv-00662-CAB-VET<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>[Doc. No. 86] |

On July 2, 2026, Plaintiff Jamel Burt notified Defendant Nicolai Ramos ("Ramos") and Defendant County of San Diego (together, "Defendants") of his intention to file records from an internal affairs investigation into Ramos' conduct during an unrelated incident both in support of Plaintiff's forthcoming cross-motion for summary judgment and in opposition to Defendants' pending motion for summary judgment. [Doc. No. 86 at 2.]  On July 8, 2026, Defendants filed a motion to seal the internal affairs investigation records.  [Doc. No. 86.]  On July 9, 2026, Plaintiff filed an opposition to Defendants' motion.  [Doc. No. 88.]

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "[A] strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (cleaned up). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (internal quotation marks omitted).

The Court finds that compelling reasons support the sealing of these documents, which consist of records from a non-public, internal employment investigation based on an incident unrelated to the claims in this action. The Court reasons that sealing these records will encourage thorough and complete investigations of excessive force complaints.

For good cause shown, Defendants' motion to seal is **GRANTED** without prejudice. The motion is subject to reconsideration by the Court, and the Court may unseal all or portions of the investigation records after reviewing the records. Plaintiff shall file Ramos' internal affairs investigation records under seal.

It is **SO ORDERED**.

Dated: July 14, 2026

_____

Hon. Cathy Ann Bencivengo
United States District Judge

3:24-cv-00662-CAB-VET