UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMEL BURT,<br><br>      Plaintiff,<br><br>v.<br><br>NICOLAI RAMOS, in his individual capacity, and the COUNTY OF SAN DIEGO,<br><br>      Defendants. | Case No.: 3:24-cv-00662-CAB-VET<br><br>**ORDER DENYING DEFENDANT RAMOS AND DEFENDANT COUNTY OF SAN DIEGO'S MOTIONS FOR SUMMARY JUDGMENT**<br><br>[Doc. Nos. 80, 81] |

On June 22, 2026, Defendant Nicolai Ramos ("Ramos") and Defendant County of San Diego (the "County") each filed a motion for summary judgment. [Doc. Nos. 80, 81.] On July 14, 2026, Plaintiff filed a response addressing both motions for summary judgment. [Doc. No. 94.] Upon consideration of the briefing, the Court **DENIES** both motions for the reasons set forth below.

## I. BACKGROUND

Plaintiff Jamel Burt ("Plaintiff") brings a lawsuit pursuant to 42 U.S.C. § 1983 and other causes against Ramos and the County. Plaintiff alleges that on December 18, 2022, Ramos conducted an investigative traffic stop in San Diego County involving Plaintiff as the passenger of the vehicle. [Doc. No. 35 at 2.] Plaintiff alleges that Ramos used

1

excessive force to take Plaintiff to the ground while he was handcuffed and cooperative, resulting in two broken teeth, a sprained right shoulder, wrist sprains, and contusions. [*Id.* at 2, 5–6.]

Plaintiff also alleges that the County maintained a de facto policy of allowing its deputies to use force on citizens in restraints in violation of the Fourth and Fourteenth Amendments. [*Id.* at 6.] Plaintiff pleads that the County was on notice of several other lawsuits where its deputies used excessive force on citizens in restraints and subsequently failed to supervise, discipline, or train its deputies. [*Id.* at 6–10, 36.] Additionally, Plaintiff argues that the County failed to adequately supervise and discipline Ramos, despite its knowledge of Ramos' history of using excessive force, including paying out more than $130,000 to a settle a case in which Ramos used a similar takedown on a detainee. [*Id.* at 2, 10, 16–17; Doc. No. 94 at 39.]

Ramos moves for summary judgment contending that:

- Ramos is entitled to qualified immunity because he did not violate any clearly established law;
- Ramos' takedown of Plaintiff was objectively reasonable under the Fourth Amendment;
- Plaintiff's state law battery claim fails because Ramos' conduct was objectively reasonable under the circumstances;
- Plaintiff's state law claims fail because Ramos' conduct was privileged pursuant to Government Code § 820.2;
- Plaintiff failed to establish a retaliation claim; and
- Plaintiff's Bane Act claim fails because there were no constitutional violations for which Defendants were liable.

Additionally, the County moves for summary judgment contending that:

- Plaintiff cannot demonstrate the County's policy, formal or de facto, on use of force on restrained individuals was unconstitutional at the time of the incident;

2

- Plaintiff cannot demonstrate the County's training regarding use of force on restrained individuals demonstrated an unconstitutional de facto policy, custom, or practice;

- Plaintiff cannot demonstrate the County failed to discipline uses of force on restrained individuals in such a manner as to constitute an unconstitutional policy, practice, or custom; and

- Plaintiff cannot establish violation of the Bane Act in the absence of any constitutional violation.

## II.    LEGAL STANDARD

Summary judgment is proper only upon the movant's showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material," for purposes of Rule 56, means that the fact, under governing substantive law, could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000). For a dispute to be "genuine," a reasonable jury must be able to return a verdict for the nonmoving party. *Id.* (citing *Anderson*, 477 U.S. at 248).

The initial burden of establishing the absence of a genuine issue of material fact falls on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986). If the moving party can demonstrate that its opponent has not made a sufficient showing on an essential element of his case, the burden shifts to the Plaintiff to set forth facts showing that a genuine issue of disputed fact remains. *Id.* at 324. When ruling on a summary judgment motion, the Court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III.    ANALYSIS

### A.    Ramos' Motion for Summary Judgment

The Court has reviewed Ramos' arguments for summary judgment and finds that triable issues of fact exist for each argument. For example, a Fourth Amendment excessive

force claim requires an examination of "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them," which "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396–97 (1989) (internal quotation marks omitted). The parties disagree about whether Plaintiff presented a safety risk to Ramos by flexing or tensing his muscles while detained by Ramos, a fact which goes to the reasonableness of Ramos' use of force. [*See, e.g.*, Doc. No. 81-1 at 18–21; Doc. No. 94 at 20–22.] Further, Ramos argues that he used a controlled takedown and minimal force, [Doc. No. 81-1 at 14–17], while Plaintiff argues that Ramos used excessive force during the stop in violation of clearly established law, [Doc. No. 94 at 16–20.] Taking the facts in the light most favorable to Mr. Burt, a reasonable jury could find that throwing a handcuffed man face-first into the ground was not objectively reasonable in light of the facts and circumstances of the encounter.

Ramos' motion for summary judgment is therefore **DENIED**.

### B.   The County's Motion for Summary Judgment

The Court has also reviewed each of the County's arguments and likewise found that triable issues of fact exist and preclude summary judgment. For example, "[t]o impose *Monell* liability on a municipality under Section 1983, [a] plaintiff must prove: (1) [he] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks omitted). To prevail on a *Monell* claim, a plaintiff "need not show evidence of a formal policy or deficient training; evidence of an informal practice or custom will suffice." *S.R. Nehad v. Browder*, 929 F.3d 1125, 1141 (9th Cir. 2019). "A plaintiff can 'establish the existence of an unconstitutional practice or custom,' such as 'an informal but widespread custom of using excessive force,' through 'evidence of a recurring failure to investigate and discipline officers for' such violations.'"

*Mitchell v. Cnty. of Contra Costa*, 600 F. Supp. 3d 1018, 1028 (N.D. Cal. 2022) (quoting *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1235 (9th Cir. 2011)).  The Ninth Circuit has explained how, under *Monell*, "a local government body can be held liable under § 1983 for policies of inaction as well as policies of action." *Jackson v. Barnes*, 749 F.3d 755, 763 (9th Cir. 2014).

Plaintiff has identified several cases from which the County was aware of allegations that the County's employees used excessive force on restrained individuals.  [Doc. No. 94 at 37–38.]  These cases closely parallel the facts in the present case, and a jury could conclude that the County was on notice of a de facto practice of failing to discipline its employees for excessive force generally, particularly for excessive force on handcuffed or restrained individuals, and failed to take corrective action.  Plaintiff also provides evidence that Ramos himself had a history of using excessive force and the County failed to reprimand and train Ramos before allowing him to return to the line of duty and use force on Plaintiff.  [Doc. No. 94 at 31–32, 39, 41–46.]

The County's motion for summary judgment is therefore **DENIED**.

## IV.    CONCLUSION

Upon careful consideration of the parties' briefing and submissions and for the reasons set forth above, the Court **DENIES** Ramos' and the County's motions for summary judgment. [Doc. Nos. 80, 81.]  All previously scheduled dates remain in effect. [*See* Doc. No. 59.]

It is **SO ORDERED**.

Dated:  August 5, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge