DAMON M. BROWN, County Counsel (SBN 242265)
By: TIMOTHY A. HANNA, Senior Deputy (SBN 310620)
CHRISTOPHER M. BLAYLOCK, Supervising Deputy (SBN 284629)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 904-0151; (619) 531-2469; (619) 531-6005
E-mail: timothy.hanna@sdcounty.ca.gov; christopher.blaylock@sdcounty.ca.gov

Attorneys for Defendant County of San Diego and Nicolai Ramos

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

JAMEL BURT,

Plaintiff,

v.

NICOLAI RAMOS, in his individual capacity, COUNTY OF SAN DIEGO; MICHAEL ALCARION, in his individual capacity; and DOES 1-5,

Defendants.

No. 24-cv-00662-CAB-VET

**MOTION IN LIMINE NO 1 TO EXCLUDE EVIDENCE OF IRRELEVANT EXCESSIVE FORCE INVESTIGATIONS, LAWSUITS AND SETTLEMENTS**

Hearing: October 16, 2026
Time: 2:00 P.M.
Courtroom: 15A
Judge: Hon. Cathy A. Bencivengo

## I. INTRODUCTION

At trial, Plaintiff will seek to introduce evidence of other incidents to demonstrate an unconstitutional custom, practice or policy. Plaintiff may seek to introduce such evidence in a variety of ways- either by discussing past litigation against the County of San Diego, past internal affairs investigations, past settlement amounts, or statistical comparison of uses of force to other agencies. Such evidence should be excluded as they primarily demonstrate only that there were other complaints against the County and Sheriff personnel, but are not

necessarily indicative of any finding of excessive force. Accordingly, they have no tendency to prove any unconstitutional behavior in the underlying incident. Further, evidence of unrelated incidents would require significant time to present, risk prejudice against the County and tends to mislead or confuse the jury.

## II. ARGUMENT

### a. Evidence of Unrelated Litigation and Internal Affairs Investigations is Irrelevant and Misleading

In his Complaint, Plaintiff relies on twelve other litigated actions that are not factually similar and in which the final dispositions of those cases do not necessarily indicate excessive force. (First Amended Complaint ("FAC") [ECF No. 35], ¶ 33.) Further, Plaintiff's pre-trial disclosures indicate that they also intend to introduce evidence related to other Internal Affairs Investigations and Complaints. (Plaintiff's Pretrial Disclosures [ECF No. 103].) At issue in this action is Deputy Ramos' use of force, "a takedown," while Plaintiff was being escorted to a patrol vehicle while handcuffed and whether it is indicative of a wider unconstitutional policy, practice or custom. (FAC, ¶¶ 25-26, 31.) The cases and investigations Plaintiff seeks to introduce are not demonstrative of either claim as they are similar in neither their facts nor their disposition.

Federal Rule of Evidence 401 provides that "evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Huddleston v. U.S.*, 485 U.S. 681, 682-92, 108 S. Ct. 1496, 99 L. Ed. 2d 771, 25 Fed. R. Evid. Serv. 1 (1988). As a preliminary matter, "the mere fact that such lawsuits were filed does not support the existence of a policy, custom, or practice" of unconstitutional conduct. (*Gillam v. City of Vallego*, No. 214CV2217KJMKJNPS, 2016 WL 4059184, at *7 (E.D. Cal. 2016), *report and recommendation adopted*, 2016 WL 4041508; *Solis v. City of Sunnyvale*, No. 20-CV-03912-NC, 2020 WL 7353698, at *6 (N.D. Cal. 2020) ("[T]he mere existence of lawsuits against the City does not adequately show that the City adopted a custom of condoning excessive force."); *Castro ex rel. Castro v. City of Mendota*, No. 1: 10-CV-618 AWI BAM,

2012 WL 4468419, at *9 (E.D. Cal. 2012) ("The mere fact that a lawsuit was filed does not in and of itself show that excessive force is tolerated, encouraged, or has become a de facto policy.")), being that "lawsuits alone are unsubstantiated allegations that are not evidence of an unconstitutional policy" (*Harper v. City of San Jose*, No. 21-CV-00519-BLF, 2021 WL 5865494, at *2 (N.D. Cal. 2021) (*quoting Jean-Laurent v. Wilkerson*, 461 F.App'x 18, 22-23 (2d Cir. 2012); See Also *Bagos v. Vallego*, No. 2:20-CV-00185-KJM-AC, 2020 WL 6043949, at *5 (E.D. Cal. 2020) (while pointing to prior lawsuits may satisfy threshold for a *Monell* claim to survive a motion to dismiss, more is required on summary judgment). In summary, the mere fact that other litigation was filed or internal affairs investigations conducted does not make it more or less probable that there was excessive force in this instance or that this instance is indicative of a pattern or practice.

To "help determine whether other lawsuits can establish a widespread custom," district courts in California have articulated six factors they consider:

> (1) the degree of similarity between the factual allegations; (2) the number of lawsuits; (3) the temporal proximity; (4) the disposition of those cases; (5) the similarity of the defendants; and (6) the size of the municipality relative to the number and type of lawsuits.

*Jackson v. Cnty. of San Bernardino*, No. 523CV00341SSSSHKX, 2023 WL 9066307, at *4 (C.D. Cal. 2023).

Plaintiff intends to introduce evidence of unrelated prior litigation and internal affairs investigations but cannot demonstrate that they are sufficiently factually similar to the underlying purported constitutional violation, or that they involved a similar disposition. "[P]rior incidents of constitutional violations need not be identical to the factual circumstances giving rise to the plaintiff's claims, [] they must be ***substantially similar*** in character." *Seever v. City of Modesto*, No. 121CV01373JLTEPG, 2022 WL 17418355, at *3 (E.D. Cal. 2022) (quotations omitted; emphasis added); *Jackson*, *supra,* 2023 WL 9066307, at *5 (factually distinguishable lawsuits are "immaterial for purposes of determining whether there is a widespread custom in this case."); *Sweiha v. County of*

*Alameda*, 19-cv-03098-LB, 2019 WL 4848227, at *4-5 (N.D. Cal. 2019) (five other incidents did not show unlawful pattern where the incidents "have markedly different facts" to the plaintiff's claims); *Gal v. Cnty. of Kauai*, No. CV 20-00011 JMS-WRP, 2020 WL 3895756, at *4 (D. Haw. 2020) (plaintiff must "identify 'numerous lawsuits' with a *similar use* of alleged excessive force exhibited in those lawsuits to give rise to a reasonable inference of a specific custom or policy…") (Italics in original).

Here, Plaintiff cites litigated actions that involved circumstances and uses of force that were not substantially similar to the subject incident and almost all of which did not result in any finding of liability for excessive force. Most of the cases cited by Plaintiff involved an initial use of force before the individual was restrained and none of the uses of force cited by Plaintiff were limited to a single "takedown" maneuver. The County distinguished each of these cases from the underlying action at length in its motion for summary judgment. (County's Motion for Summary Judgment [ECF No. 80], pp. 19-24.) In each of these cases, the circumstances in which force was employed, the type of force employed, and the amount of force employed varied widely. Further, the disposition of these cases was almost entirely without a judicial finding of excessive force. Such force was only found in one of the cited matters, in which the force employed involved use of a canine.

Similarly, Plaintiff is likely to seek to introduce evidence from other internal affairs investigations regarding wrongful use of force. As noted with respect to the above-cited lawsuits, such evidence must be at least factually similar to the case at issue to bare any relevance to this action. Similarly, Plaintiff must establish for each of these other investigations that the circumstances and nature of the use of force are substantially similar to that underlying this action to demonstrate that the investigation's disposition indicates an unconstitutional policy, practice or custom.

Not only are these other cases and investigations irrelevant but they would involve a tremendous amount of time to present and risk misleading and confusing the jury. Even if these other extrinsic incidents were slightly relevant, "[t]he court may exclude relevant

evidence if its probative value is substantially outweighed by a danger of… confusing the issues, misleading the jury, undue delay, wasting time…" Fed. R. Evid. 403. If such evidence is presented at trial, Defendant must defend itself against such a claim by bringing in witnesses from each of these underlying cases to discuss why they differ from this matter in the type and nature of force employed, as well as their disposition. Put differently, this would necessitate a series of trials within a trial which would greatly delay the trial and potentially confuse and mislead the jury.

Evidence of other lawsuits and internal affairs investigations should be excluded considering the limited probative value of these other cases and investigations. If the Court is inclined to allow the introduction of such evidence, Defendants request an evidentiary hearing outside of the jury's presence to establish that these other incidents are relevant to the instant action prior to their introduction into evidence.

**b. Evidence of the County's Past Settlement Amounts is Irrelevant and Prejudicial**

Evidence of settlements the County entered in unrelated matters is in not probative of a pattern, policy, or practice of unconstitutional behavior for which the County can be held liable. Further, such evidence is highly prejudicial to the extent it is used to demonstrate the County's "deep pockets" and puts the County budget on trial, rather than whether the underlying incident is indicative of a wider custom, policy or practice.

Federal Rule of Evidence 408 provides that evidence of "furnishing, promising, or offering … a valuable consideration in compromising or attempting to compromise the claim" is "not admissible … to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408. The Ninth Circuit applies the rule broadly, recognizing that "Rule 408 does apply to situations where the party seeking to introduce evidence of a compromise was not involved in the original compromise." *Hudspeth v. Comm'r*, 914 F.2d 1207, 1213 (9th Cir. 1990). (citing United States v. Contra Costa County Water District, 678 F.2d 90, 92 (9th Cir. 1982)) A settlement resolved without an admission of liability is not even probative that the underlying conduct occurred, because "[a]dmitting prior

conduct charged but settled with no admission of liability is not probative of whether the defendant committed the prior conduct," and a complaint "is merely an accusation of conduct and not, of course, proof that the conduct alleged occurred." *United States v. Bailey*, 696 F.3d 794, 800-01 (9th Cir. 2012).

Plaintiff intends to use evidence of past settlements entered by the County of San Diego to prove the County has "notice that the vanishingly small number of incidents in which it finds force out of policy do not reflect the rates at which its deputies use of force lawfully." (Plaintiff's Opposition [ECF No. 94], p. 30.) Plaintiff cites evidence that "the Sheriff's Department has cost the County tens of millions of dollars in litigation over excessive force paid out to dozens of Plaintiffs." (*Ibid.*) More specifically, he cites $35 million in settlements in cases alleging wrongful use of force between January 1, 2014 to July 1, 2024. (*Ibid.*)

Plaintiff's reliance on these settlements is not probative of a pattern, practice or custom of tolerating excessive force, particularly force against restrained individuals. As noted above, it is indicative only that there was a complaint of conduct but not that there was liability for excessive force. Parties can settle for a myriad of reasons beyond an admission of liability- to save on exorbitant litigation costs, to avoid public criticism, etc. Plaintiff should not be entitled to introduce evidence of the County's settlements to show notice or any other component of liability at trial.

**c. Plaintiff's Statistical Analysis is Irrelevant and Misleading**

Plaintiff's statistical analysis fails because it compares the County's use of force violations to other agencies or law enforcement departments but does not indicate how many of the uses of force analyzed are of the same type, nature, or extent as the force at issue in this case. In the excessive force context, courts have repeatedly held that "'[s]tatistics of unsustained complaints of excessive force and other police misconduct, without any evidence that those complaints had merit, does not suffice to establish municipal liability under § 1983.' " *Zeen v. Cnty. of Sonoma*, No. 17-cv-02056-LB, 2018 WL 2445518, at *9 (N.D. Cal. May 31, 2018) (quoting *Bagley v. City of Sunnyvale*, No.

16-cv-02250-JSC, 2017 WL 3021030, at *2 (N.D. Cal. July 17, 2017)); *Hocking v. City of Roseville*, No. 06-0316, 2008 WL 1808250, at *5 (E.D. Cal. Apr. 22, 2008) (same).

Moreover, "the number of complaints filed, without more, indicates nothing. People may file a complaint for many reasons," perhaps for reasons wholly unrelated to Plaintiff's injury, "or for no reason at all." *Strauss v. City of Chicago*, 760 F.2d 765, 768–69 (7th Cir. 1985). Instead, Plaintiff "need[s] to identify what made the use of force in other matters illegal and show that a *similar illegality was involved in [his] case*." *See Whiting v. City of San Jose*, No. 21-CV-05248-VKD, 2022 WL 2714968, at *5 (N.D. Cal. July 13, 2022) (discussing the use of statistical evidence in the context of *Monell* liability) (emphasis added). Put differently, Plaintiff would need to identify what made the use of force in these other matters illegal and show that a similar illegality was involved in this case.

The statistic Plaintiff presents for the County's proportion of uses of force found out of policy against total uses of force is highly misleading and not probative of an unconstitutional custom or practice. To reach this statistic, Plaintiff relies on the total number of incidents in which the Sheriff's Department used force over a three-year period- 10,356. (Plaintiff's Opposition [ECF No. 94], pp. 26.) He then divides that figure by how many uses of force were found out of policy during that time period- 3. (*Ibid.*) From this he concludes that only 0.029% of uses of force are found out of policy. (*Ibid.*)

The 10,356 uses of force cited by Plaintiff offers no indication of how many of those uses of force were unconstitutional. The vast majority of those matters did not receive any type of complaint, either from the individual on whom force was employed or initiated by the Sheriff's Office. The statistics indicate that there were 1,948 complaints received by internal affairs during the time period (it does not differentiate on the basis of those complaints (i.e. use of force)). (Plaintiff's Opposition [ECF No. 94], Exhs. H-I.) Purt differently, a smaller subset of those complaints related to use of force and presume an even smaller subset of those complaints were unconstitutional uses of force. Accordingly, the 10, 356 figure is highly misleading.

This statistic is also misleading because it includes all types of use of force- including canines, less than lethal force devices, more restrictive restraints- various types of force unrelated to the use of force at issue in this action. (*Id.* at Exhs. F-G.) Plaintiff cannot demonstrate with this evidence whether the 10, 356 uses of force reported were the same type of force (use of force against a restrained individual) at issue here.

Nevertheless, Plaintiff intends to rely on other agencies' use of force statistics and cases in comparison to the County's to demonstrate the County's unconstitutional practices in this matter. In his opposition to Defendants' Motions for Summary Judgment, Plaintiff notes: "LAPD had 2,200 'non-categorical' (non-deadly) uses of force from 2020 to 2022, and found between 110 and 148 out of policy each year, a rate about forty times higher than SDCSO", "Sacramento Police Department found uses of force out of policy in more than 5.5% of incidents, a rate nearly 200 times that of SDCSO", and Albuquerque Police Department found "the rate at which its officers' uses of force had been found out of policy had dropped to only 5%, a rate about 170 times greater than the 0.029% of the County's uses of force it found out of policy". (Plaintiff's Consolidated Opposition to Defendants' Motions for Summary Judgment ("Plaintiff's Opposition") [ECF No. 94], pp. 27-28.)

With respect to this comparison to other agencies, Plaintiff claims it evinces the San Diego Sheriff fails to discipline uses of force out of policy at a higher rate than these other agencies. However, it could equally evince that the San Diego Sheriff simply uses force appropriately more often than these other agencies. In practice, these statistics demonstrate neither position- they cannot tell us whether the uses of force analyzed have any relation to the type and nature of force at issue in this action. Notably, Plaintiff presents no facts to suggest that these other agencies deal with the same subset of crimes, the same populations, the same size departments, or any other hallmarks traits that would show they have some comparative value that would demonstrate the San Diego Sheriff's office's wrongdoing. Such evidence has a high risk of misleading the jury to punish the County not on the merits of its conduct but simply because it differed from these other agencies.

///

## III. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court exclude any evidence of statistical analysis and/or comparison, past cases and internal affairs investigations, and settlements. If the Court is inclined to allow the introduction of any of this evidence, Defendants request an evidentiary hearing outside the presence of the jury to determine relevance prior to their introduction at trial.

DATED: September 28, 2026

DAMON M. BROWN, County Counsel

By: /s/ *Timothy A. Hanna*
Timothy Hanna, Senior Deputy
Christopher Blaylock, Supervising Deputy
Attorneys for Defendants County of San Diego and Nicolai Ramos