DAMON M. BROWN, County Counsel (SBN 242265)
By: TIMOTHY A. HANNA, Senior Deputy (SBN 310620)
CHRISTOPHER M. BLAYLOCK, Supervising Deputy (SBN 284629)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 904-0151; (619) 531-2469; (619) 531-6005
E-mail: timothy.hanna@sdcounty.ca.gov; christopher.blaylock@sdcounty.ca.gov

Attorneys for Defendant County of San Diego and Nicolai Ramos

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

JAMEL BURT,

Plaintiff,

v.

NICOLAI RAMOS, in his individual capacity, COUNTY OF SAN DIEGO; MICHAEL ALCARION, in his individual capacity; and DOES 1-5,

Defendants.

No. 24-cv-00662-CAB-VET

**MOTION IN LIMINE NO. 2 TO EXCLUDE STRODE INTERNAL AFFAIRS INVESTIGATION**

Hearing: October 16, 2026
Time: 2:00 P.M.
Courtroom: 15A
Judge: Hon. Cathy A. Bencivengo

## I. INTRODUCTION

Plaintiff should be precluded from introducing evidence of a past internal affairs complaint against Deputy Ramos because it is irrelevant to the instant action, includes hearsay statements and is extremely prejudicial to Deputy Ramos' defense of Plaintiff's excessive force claims against him. Deputy Ramos was accused of excessive force by Joshua Strode arising from an incident that occurred in 2017. He was exonerated on the excessive force claim after a full internal affairs investigation, and the sole sustained

finding against him was a failure to meet policy. Plaintiff seeks to introduce this evidence to demonstrate ratification of lesser discipline in the earlier matter caused the use of force from which this action arose. Such evidence is of tenuous probative value, and even if it were relevant can be excluded as prejudicial.

## II. ARGUMENT

Plaintiff seeks to introduce evidence from a 2017 investigation into several deputies' use of force against a detainee, Joshua Strode. Specifically, Plaintiff intends to "demonstrate a causal connection between the County's failure to discipline and Ramos' use of force." (Plaintiff's Consolidated Opposition to Defendants' Motions for Summary Judgment ("Plaintiff's Opposition") [ECF No. 94], p. 35)

### a. The Strode Investigation is Irrelevant

The Strode incident cannot by itself demonstrate a causal connection between the County's failure to discipline and Ramos' use of force in the incident from which this action arose. An unconstitutional policy, custom or practice must be so "persistent and widespread" that it amounts to "permanent and well settled" municipal policy. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). By contrast, Plaintiffs cannot allege a widespread practice or custom based on "isolated or sporadic incidents; [liability] must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.* at 918; *see also Wallace v. City of Santa Rosa,* C 12-6451 MMC, 2013 WL 4675354, at *2 (N.D. Cal. Aug. 30, 2013), citations omitted ("[A] single failure to discipline is insufficient to make out a claim for liability under 42[] U.S.C. § 1983.")

Plaintiff contends that based on the Strode investigation "a jury could reasonably find that Ramos' use of force on Strode violated the constitution." (Plaintiff's Opposition [ECF No. 94], pp. 38.) Whether Deputy Ramos used unconstitutional force in the Strode matter is irrelevant to whether there was excessive force in this action. This evidence will not show defendants violated plaintiffs' and/or decedent's constitutional rights or state law. Further, the evidence will not assist plaintiffs in establishing their municipal liability

claims under *Monell* or punitive damages because the Strode internal affairs investigation concerned factually dissimilar incidents.

Plaintiff may try to argue that the lack of discipline for that violation demonstrates ratification of Deputy Ramos' actions. (Plaintiff's Opposition [ECF No. 94], p. 39.) Even if this were introduction as evidence of ratification, liability based on a ratification theory must show "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). This evidence only demonstrates that Sheriff's policy makers agreed with their subordinates' disciplinary decision, but they did not themselves decide what discipline to impose. (Plaintiff's Opposition, pp. 38-39.) Further, ratification may only be based on a single incident if it is "causally related to the constitutional deprivation." *Trevino v. Gates*, 99 F.3d 911, 918 n.2 (9th Cir. 1996). Here, Plaintiff must demonstrate that not only was Deputy Ramos' behavior ratified in the Strode incident but that the ratification led to the unconstitutional violation in this incident. Plaintiff should not be entitled to introduce such evidence that shows such a tenuous causal relationship.

**b. The Strode Investigation includes numerous hearsay statements**

Here, any evidence, reports, or investigative files concerning the Strode internal affairs investigation are clearly hearsay and should be excluded. The case of *In re Homestore.com, Inc.*, 2011 WL 291176, (C.D. Cal. 2011), is illustrative. In that case, the court, by way of granting a motion *in limine*, ordered preclusion of a report containing hearsay because it contained "many statements and interviews with unknown individuals," and lacked indicia of trustworthiness. *Id*. at *6. In addition, in *Evans v. City of San Diego*, 913 F.Supp.2d 986, 993 (S.D. Cal. 2012), plaintiff attempted to introduce part of an internal affairs investigation report. *Id*. The court concluded that the evidence was "inadmissible hearsay," because "Plaintiff cites to witness interviews contained in the report in order to prove the truth of those witness's statements." *Id*, The court explained further, "[a witness's] statements, like the other witness's statements, are out of court statements that do not fall

into a hearsay exception. Therefore they are inadmissible, and Defendants' objection to [the evidence] is sustained." *Id*.

The same factors supporting exclusion apply to the case at hand. Specifically, the internal affairs investigative file and reports contain statements by numerous individuals unrelated to the incident at hand. Such evidence would be hearsay, unless presented by testimony of the witnesses involved in that earlier investigation which is an undue waste of time for reasons detailed below.

**c. The Strode Investigation is Impermissible Character Evidence**

Even if there is some relevance, it is far more likely that the Strode Investigation will be impermissibly used to demonstrate a propensity or character trait of Deputy Ramos. "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Further, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.." *Id.* at subdiv. (b)(1). "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at subdiv. (b)(2).

Other courts have excluded similar evidence on these grounds. *Davis v. Grynkewicz*, 2013 WL 2249294, at *2 (M.D. Pa. 2013) (Excluding evidence of internal affairs investigations of which defendant was the subject); *Melton v. Murphy*, 2008 WL 2697333, at *1 (E.D. Pa. 2008), aff'd in part sub nom. *Melton v. City of Philadelphia*, 344 F. App'x 806 (3d Cir. 2009); *Brown v. Gutierrez*, 2006 WL 3065574, at *2 (N.D. Cal. 2006), citing *Segura v. City of Reno*, 116 F.R.D. 42, 44 (D. Nev. 1987) ("The liability of the individual police officer arises out of this particular incident. Evidence of other similar incidents could only show a propensity for excessive use of force. This is the sort of "conduct in conformity with character" evidence which § 404(b) prohibits.")

Here, plaintiffs will attempt to show that because Deputy Ramos' past conduct was the subject of an internal affairs investigation, he must have engaged in wrongdoing in the

past and must have acted in conformity with that character during the incident in question. Even if Plaintiff claims such evidence is indicative of *Monell* municipal liability, by ratification, they cannot avoid the implication that his character was the same in both incidents.

**d. The Strode Investigation is Highly Prejudicial and an Undue Waste of Time**

Even if the Strode investigation is relevant, the court has broad discretion to exclude relevant evidence if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, misleading the jury, or by consideration of waste of time. Fed. R. Evid. 403. Evidence is unfairly prejudicial if it would induce the jury to decide the case on an improper basis, such as emotion, rather than evidence. *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1996).

As discussed above, the evidence from the Strode incident has limited probative value, if any, with respect to Plaintiff's *Monell* claim. However, nothing could be more prejudicial with respect to the excessive force claim against Deputy Ramos. Plaintiff would use this evidence to imply to the jury that because Deputy Ramos may have been investigated for alleged wrongdoing in the past by the internal affairs division, he must have done something wrong in the past and therefore must have done something wrong in this case. In other words, Plaintiff would seek to introduce the evidence simply to arouse the sympathies of the jury and to provoke their instinct to punish Deputy Ramos, even though such evidence has no bearing on whether he employed excessive force in the underlying incident.

Additionally, the evidence has a tendency to mislead the jury on the excessive force claims against Deputy Ramos because instead of focusing on the specific issues of liability in this case based on the evidence presented in this case, and making a determination of liability based on that evidence, the jury may simply rely on the fact that because Deputy Ramos was investigated in the past for other alleged wrongdoing that he must have committed the acts at issue, and hence, the jury should make a finding that the defendants

are liable. However, the mere fact that Deputy Ramos may have been the subject of an internal affairs investigation does not mean that the he engaged in the conduct at issue.

Finally, the parties would be required to have a trial within a trial in which Plaintiff seeks to establish "that Ramos' use of force on Strode violated the constitution." (Plaintiff's Opposition [ECF No. 94], pp. 38.) If plaintiff was allowed to introduce the foregoing evidence, defendants would have to offer evidence to counteract the undue prejudice from this evidence. Specifically, defendants would have to introduce evidence regarding what the other allegations of alleged wrongdoing were in the Strode investigation, what the investigation into those allegations revealed, the outcome of those investigation, and evidence regarding the internal affairs investigative process. This process would take significant time to establish for only a slight probative value. Deputy Ramos would face further prejudice in defending this claim as well as witnesses memories may have faded significantly considering the Strode incident occurred almost ten years ago in 2017.

## III. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court exclude reference to the Strode Internal Affairs investigation at trial.

DATED: September 28, 2026

DAMON M. BROWN, County Counsel

By: *Timothy Hanna*
Timothy Hanna, Senior Deputy
Christopher Blaylock, Supervising Deputy
Attorneys for Defendants County of San Diego and Nicolai Ramos