DAMON M. BROWN, County Counsel (SBN 242265)
By: TIMOTHY A. HANNA, Senior Deputy (SBN 310620)
CHRISTOPHER M. BLAYLOCK, Supervising Deputy (SBN 284629)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 904-0151; (619) 531-2469; (619) 531-6005
E-mail: timothy.hanna@sdcounty.ca.gov; christopher.blaylock@sdcounty.ca.gov

Attorneys for Defendant County of San Diego and Nicolai Ramos

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

JAMEL BURT,

Plaintiff,

v.

NICOLAI RAMOS, in his individual capacity, COUNTY OF SAN DIEGO; MICHAEL ALCARION, in his individual capacity; and DOES 1-5,

Defendants.

No. 24-cv-00662-CAB-VET

**MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF DENTAL TREATMENT NOT PRODUCED IN DISCOVERY**

Hearing: October 16, 2026
Time: 2:00 P.M.
Courtroom: 15A
Judge: Hon. Cathy A. Bencivengo

## I. INTRODUCTION

In the underlying incident, Plaintiff sustained an injury to his teeth that was subsequently repaired. However, Plaintiff failed to produce a complete set dental records in discovery despite a discovery request requiring the production of such records and information that indicated that Plaintiff's counsel was in possession of those records. Consequently, evidence of the nature and extent of Plaintiff's dental treatment can be excluded as a discovery sanction or on grounds of undue prejudice.

## II. ARGUMENT

Defendant would be significantly prejudiced by any introduction of evidence regarding the nature and extent of Plaintiff's dental treatment and care because a significant number of records were not produced in discovery despite their possession by Plaintiff's counsel. Plaintiff's sole evidence of his dental treatment and care produced in discovery is two pages which indicate the anticipated and final costs of Plaintiff's dental treatment or care. (Plaintiff's Pre-Trial Disclosures [ECF No. 103], p. 7 ("Bonita Smiles Treatment Case Estimate & Treatment Statement."); see also Declaration of Timothy A. Hanna, Exh. A.)

A party must supplement its response to a Request for Production "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). This duty persists even after the close of the discovery period. *K.J.P. v. Cnty. of San Diego*, 621 F. Supp. 3d 1097, 1138 (S.D. Cal. 2022). No additional discovery requests from the opposing party are needed to trigger the obligation—the duty is self-initiated and ongoing. *Fast v. GoDaddy.com LLC,* 340 F.R.D. 326 (D. Ariz. 2022).

Federal Rule of Civil Procedure 37(c)(1) "authorizes a court to sanction a party for failing to produce information required by Rule 26(e)" by prohibiting that party from using "the withheld information at trial unless the failure was substantially justified or harmless." *Fast*, supra, 340 F.R.D. at 335–36, citation omitted. Further, Federal Rule of Evidence 403 provides, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

In this matter, Plaintiff has not presented in discovery all responsive evidence in its possession, custody or control relating to Plaintiff's dental treatment and care. In discovery, Defendants' requested Plaintiff "[p]roduce any and all medical records, reports and other DOCUMENTS that reflect medical care or treatment that YOU received for injuries YOU

attribute to the INCIDENT." (Hanna Decl., Exh. B.) Plaintiff responded in relevant part that he "has already produced all documents within his possession, custody or control located after a diligent search." (*Ibid.*) Plaintiff's sole supplement to those records was the final bill of costs for Plaintiff's treatment. (*Id.* at Exh. A at Burt 00175.)

The deposition of Plaintiff's treating dentist Dr. Gazal Farhang revealed that there were a number of other documents in possession of Plaintiff that were never produced. Specifically she referred to procedure notes and a report she provided to Plaintiff's counsel. (Hanna Decl., Exh. C at 20:22-21 ("[T]he procedure notes that—what we did and everything, which I summarized in the report I gave to [Plaintiff's counsel]."); 21:7-11 ("As I said, its in the report I sent to [Plaintiff's counsel] of exactly what we did and everything…") The Parties' counsel held a brief conference off the record which Defendant's counsel then summarized on the record: "[W]e've discussed there's some additional records we'll be receiving from—that you are going to provide to [Plaintiff's counsel], and that will be sent our way." (*Id.* at 22:6-9.)

To date, Defendants have never received the report provided to Plaintiff's counsel and no further records have been received. This omission is far from harmless as Defendant has been unable to access the type of medical imaging and chart notes prepared by Plaintiff's dentist that are necessary to determine whether the treatment Mr. Burt received was reasonable and necessary with respect to the injuries sustained in the underlying incident, as well as a reasonable value.

If Plaintiff were allowed to present such evidence at trial, Defendants would not have had the opportunity to review those charges with their expert and determine whether the treatments received were reasonably necessary and whether the amount was a reasonable value. Accordingly, it would be prejudicial to allow Plaintiff to introduce such evidence at this stage in the litigation.

///

///

///

## III. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court exclude any evidence of the nature and extent of Plaintiff's dental treatment and care.

DATED: September 28, 2026

DAMON M. BROWN, County Counsel

By: Timothy Hanna
Timothy Hanna, Senior Deputy
Christopher Blaylock, Supervising Deputy
Attorneys for Defendants County of San Diego and Nicolai Ramos