DAMON M. BROWN, County Counsel (SBN 242265)
By: TIMOTHY A. HANNA, Senior Deputy (SBN 310620)
CHRISTOPHER M. BLAYLOCK, Supervising Deputy (SBN 284629)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 904-0151; (619) 531-2469; (619) 531-6005
E-mail: timothy.hanna@sdcounty.ca.gov; christopher.blaylock@sdcounty.ca.gov

Attorneys for Defendant County of San Diego and Nicolai Ramos

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

JAMEL BURT,

Plaintiff,

v.

NICOLAI RAMOS, in his individual capacity, COUNTY OF SAN DIEGO; MICHAEL ALCARION, in his individual capacity; and DOES 1-5,

Defendants.

No. 24-cv-00662-CAB-VET

**DECLARATION OF TIMOTHY A. HANNA IN SUPPORT OF MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF DENTAL TREATMENT NOT PRODUCED IN DISCOVERY**

Hearing: October 16, 2026
Time: 2:00 P.M.
Courtroom: 15A
Judge: Hon. Cathy A. Bencivengo

I, TIMOTHY A. HANNA, declare:

1. I am a Senior Deputy with the Office of County Counsel for the County of San Diego and am counsel of record for Defendants County of San Diego and Nicolai Ramos in this action. I am familiar with the facts of this case and, if called upon, could and would testify to the facts set forth below based on my personal knowledge.

2. Attached hereto as **EXHIBIT A** is a true and correct copy of all dental records produced by Plaintiff in this action.

///

3. Attached hereto as **EXHIBIT B** is a true and correct copy of Plaintiff's responses to Defendant County of San Diego's Request for Production of Documents, Set One dated August 25, 2025.

4. Attached hereto as **EXHIBIT C** is a true and correct copy of excerpts from the deposition of Plaintiff's treating dentist, Dr. Gazal Farhang, taken on May 14, 2026.

I declare under penalty of perjury under the laws of these United States that the foregoing is true and correct. Executed this 28th day of September 2026, at San Diego, California.

TIMOTHY A. HANNA

# EXHIBIT A

# Bonita Smiles

| | |
|---|---|
| Name | Jamel Burt |
| Birthdate | 10/29/1973 |

## .: TREATMENT CASE

Srps & #8, #9

| DATE | VISIT | TH | SURF | CODE | PROV | DESCRIPTION | | FEE | PAT | PRI INS |
|---|---|---|---|---|---|---|---|---|---|---|
| 07/30/2024 | 1 | | | D0150 | DRGF | Comp oral eval-new/estab pat | | 50.00 | 50.00 | 0.00 |
| 07/30/2024 | 1 | | | D0210 | DRGF | Intraoral-complete series (bw) | | 32.00 | 32.00 | 0.00 |
| | | | | | | | Visit 1 Totals: | 82.00 | 82.00 | 0.00 |
| 07/30/2024 | 2 | LL | | D4341 | DRGF | Perio scale&root pln-4+per quad | | 350.00 | 350.00 | 0.00 |
| 07/30/2024 | 2 | LR | | D4341 | DRGF | Perio scale&root pln-4+per quad | | 350.00 | 350.00 | 0.00 |
| 07/30/2024 | 2 | UL | | D4341 | DRGF | Perio scale&root pln-4+per quad | | 350.00 | 350.00 | 0.00 |
| 07/30/2024 | 2 | UR | | D4341 | DRGF | Perio scale&root pln-4+per quad | | 350.00 | 350.00 | 0.00 |
| | | | | | | | Visit 2 Totals: | 1400.00 | 1400.00 | 0.00 |
| 07/30/2024 | 3 | 8 | | D7250 | DRGF | Surgic removl resid tooth root | | 263.00 | 263.00 | 0.00 |
| 07/30/2024 | 3 | 8 | | D7953 | DRGF | Bone replacement graft | | 900.00 | 900.00 | 0.00 |
| 07/30/2024 | 3 | 9 | | D2750 | DRGF | PFM | | 1690.00 | 1690.00 | 0.00 |
| 07/30/2024 | 3 | 9 | | D2950 | DRGF | Crown buildup, includ any pins | | 250.00 | 250.00 | 0.00 |
| 07/30/2024 | 3 | 9 | | D3310 | DRGF | Root canal therapy - anterior | | 750.00 | 750.00 | 0.00 |
| | | | | | | | Visit 3 Totals: | 3853.00 | 3853.00 | 0.00 |
| 07/30/2024 | 4 | 8 | | LAB SCAN | DRGF | CT SCAN Referral | | 350.00 | 350.00 | 0.00 |
| | | | | | | | Visit 4 Totals: | 350.00 | 350.00 | 0.00 |
| 07/30/2024 | 5 | 8 | | D6010 | DRGF | Surg place implant: endosteal | | 5000.00 | 5000.00 | 0.00 |
| | | | | | | | Visit 5 Totals: | 5000.00 | 5000.00 | 0.00 |
| 07/30/2024 | 6 | 8 | | D6057 | DRGF | Custom abutment-incl placement | | 1200.00 | 1200.00 | 0.00 |
| 07/30/2024 | 6 | 8 | | D6059 | DRGF | Abtmt supp porc fused to hi-nob | | 1900.00 | 1900.00 | 0.00 |
| | | | | | | | Visit 6 Totals: | 3100.00 | 3100.00 | 0.00 |
| 07/30/2024 | 7 | 8 | | delIMPC | DRGF | DELIVERY IMPLANT CROWN | | 0.00 | 0.00 | 0.00 |
| 07/30/2024 | 7 | 9 | | del | DRGF | Cement Crwn | | 0.00 | 0.00 | 0.00 |
| | | | | | | | Visit 7 Totals: | 0.00 | 0.00 | 0.00 |

:: INSURANCE PROVIDER(S) ::

| Primary | Secondary |
|---|---|
| $39 Special/no Insurance | |

:: TOTALS ::

| Fee | Pat | Pri Ins | | |
|---|---|---|---|---|
| 13785.00 | 13785.00 | 0.00 | | |

:: FINANCIAL SUMMARY ::

| | |
|---|---|
| Treatment Plan Total | 13785.00 |
| Estimated Deductible to be Applied | 0.00 |
| Estimated Insurance Payment | 0.00 |
| Estimated Patient's Portion | 13785.00 |
| Finance Status | |
| Patient Balance | 245.00 |
| Family Balance | 245.00 |

:: DENTAL INSURANCE BENEFITS ::

| | | Patient | | Family | |
|---|---|---|---|---|---|
| | | Primary | Secondary | Primary | Secondary |
| Annual plan benefits | | 0.00 | 0.00 | 0.00 | 0.00 |
| Paid Benefits YTD | | 0.00 | 0.00 | 0.00 | 0.00 |
| Pending Insurance Est. YTD | | 0.00 | 0.00 | 0.00 | 0.00 |
| Est. Benefits Remaining YTD | | 0.00 | 0.00 | 0.00 | 0.00 |
| Benefits Expire | | 12/31/2024 | NA | | |
| Deductible Owed YTD | Standart | 0.00 | 0.00 | 0.00 | 0.00 |
| | Preventative | 0.00 | 0.00 | 0.00 | 0.00 |
| | Other | 0.00 | 0.00 | 0.00 | 0.00 |

1558 East H Street Suite B
Chula Vista, CA 91913 PHONE: (619)421-9070

REPORT DATE: 07/30/2024

page 01

Alternate Cases:

Case notes:

We honor our fees for 90 days. We request that you pay your co-payment at the time of service. Estimated insurance

BURT00174

# SINGLE PATIENT LEDGER

**Bonita Smiles**

**Date:** 02/18/2026 **Page:** 1

**Patient Name:** Jamel Burt
920 Paraijo Ave
Spring Valley, CA 91977

**Chart Number:**

**Billing Type:** 1

| DATE | TEETH | DESCRIPTION | PATIENT | CHARGE | PAYMENT | BALANCE |
|---|---|---|---|---|---|---|
| 07/29/2024 | | Patient Balance Forward | | 0.00 | | 0.00 |
| 07/30/2024 | | Intraoral-complete series (bw) | Jamel | 200.00 | | 200.00 |
| 07/30/2024 | | Comp oral eval-new/estab pat | Jamel | 95.00 | | 295.00 |
| 07/16/2025 | 8 | Crown buildup, includ any pins | Jamel | 250.00 | | 545.00 |
| 07/16/2025 | 8 | PFM | Jamel | 1690.00 | | 2235.00 |
| 07/16/2025 | 9 | Crown buildup, includ any pins | Jamel | 250.00 | | 2485.00 |
| 07/16/2025 | 9 | PFM | Jamel | 1690.00 | | 4175.00 |
| 07/16/2025 | UL | Perio scale&root pln-4+per quad | Jamel | 350.00 | | 4525.00 |
| 07/16/2025 | UR | Perio scale&root pln-4+per quad | Jamel | 350.00 | | 4875.00 |
| 07/23/2025 | | Post Op Check | Jamel | 0.00 | | 4875.00 |
| 08/08/2025 | | Comp oral eval-new/estab pat | Jamel | 50.00 | | 4925.00 |
| 08/08/2025 | | Intraoral-complete series (bw) | Jamel | 32.00 | | 4957.00 |
| 08/08/2025 | 8 | Cement Crwn | Jamel | 0.00 | | 4957.00 |
| 08/08/2025 | 9 | Cement Crwn | Jamel | 0.00 | | 4957.00 |
| 08/08/2025 | LL | Perio scale&root pln-4+per quad | Jamel | 350.00 | | 5307.00 |
| 08/08/2025 | LR | Perio scale&root pln-4+per quad | Jamel | 350.00 | | 5657.00 |

**TOTAL PATIENT BALANCE AS OF 02/18/2026:** 5657.00

# EXHIBIT B

EUGENE G. IREDALE: SBN 75292
SARAH MUSUMECI: SBN 328306
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
Telephone: (619) 233-1525
Fax: (619) 233-3221

JOSEPH C. CRUDO: SBN 263993
JOSEPH C. CRUDO PLC
3990 Old Town Avenue, Ste. C101
San Diego, CA 92110
Telephone: (858) 622-7280
Fax: (858) 450-9411
Email: joseph@crudoplc.com
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMEL BURT<br>Plaintiff,<br><br>v.<br><br>NICOLAI RAMOS, in his individual capacity, and COUNTY OF SAN DIEGO,<br>Defendants. | CASE NO. 24-cv-0662-CAB-VET<br><br>**PLAINTIFF JAMEL BURT'S RESPONSES TO DEFENDANT COUNTY OF SAN DIEGO'S REQUESTS FOR PRODUCTION (SET ONE)** |

**PROPOUNDING PARTY: DEFENDANT COUNTY OF SAN DIEGO**
**RESPONDING PARTY: PLAINTIFF JAMEL BURT**
**SET NUMBER: ONE (1)**

Plaintiff Jamel Burt responds to Defendant County of San Diego's First Set of Requests for Production as follows:

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action. Each response remains subject to all objections as to competence, relevancy, materiality, propriety, admissibility and any and all other objections that would require the exclusion of any response made, all of which objections and grounds are reserved and may be interposed at any time, including trial.

These responses are made in good faith with information presently known to Plaintiff. Plaintiff has made reasonable inquiry concerning the requested information. However, Plaintiff has not yet completed the investigation and analysis of the facts relating to this case, nor has Plaintiff completed discovery or preparation for trial. These responses are made without prejudice to production and/or disclosure by each Plaintiff of subsequently discovered facts or evidence. Plaintiff reserves the right to supplement these responses and/or to add, modify or otherwise amend them.

No incidental or implied admissions are intended by these responses. The fact that Plaintiff has responded to a Request is not intended to waive all or any part of any objection to any such Request.

## GENERAL OBJECTIONS

Plaintiff makes the following general objections, whether or not separately set forth in response to each and every request for documents, to each and every definition, and to each and every request for documents made in Propounding Party's Request for Production of Documents (Set One):

1. Plaintiff objects to all requests for documents insofar as any such request seeks production of documents or information protected by the attorney-client privilege and the attorney-client work product doctrine. Such documents or information will not be produced in response to Propounding Party's requests for documents, and any inadvertent production thereof shall not be deemed a waiver of any privilege with respect to such documents or information or of any work product doctrine which may attach thereto.

2. Plaintiff objects to all requests for documents to the extent that they are unreasonably cumulative, duplicative and/or disproportionate subjecting Plaintiff to unreasonable and undue annoyance, oppression, burden, and expense.

3. Plaintiff objects to all requests for documents to the extent that they seek production of all documents, all witnesses or all information in support of Plaintiff's claims at this stage of the litigation of this action subjecting Plaintiff to unreasonable and undue annoyance, oppression, burden, and expense.

4. Plaintiff objects to the introductory definitions and instructions to Propounding Party's requests for documents to the extent said definitions or instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific interrogatory on the ground that such enlargement, expansion, or alteration renders said interrogatory vague, ambiguous, unintelligible, unduly broad, and uncertain.

5. Plaintiff objects to all instructions, definitions and requests for documents to the extent that they seek production of documents or information not currently in Plaintiff's possession, custody or control, or refer to persons, entities or events not known to Plaintiff, on the grounds that such instructions, definitions, or requests for documents seek to require more of Plaintiff than any obligation imposed by law, would subject Plaintiff to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Plaintiff an

obligation to investigate or discover information or material from third parties or sources who are equally accessible to the Propounding Party.

6. Plaintiff objects to all instructions, definitions and requests for documents to the extent they seek production of documents on a continuing basis, on the grounds that such instructions, definitions and requests seeks unilaterally to impose an obligation to provide supplemental information greater than required, seeks information that is beyond the scope of permissible discovery (not relevant to the subject matter or likely to lead to discovery of admissible evidence), and would subject Plaintiff to unreasonable and undue annoyance, oppression, burden, and expense. Therefore, all such instructions, definitions and requests for documents will not be regarded as continuing in nature.

7. Plaintiff objects to all definitions, instructions, and requests for documents to the extent they seeks to require Plaintiff's to search for and identify documents or information no longer in existence or in its possession, custody or control, on the grounds that said instruction is overly broad, would subject Plaintiff to undue annoyance, oppression, burden, and expenses, and seeks to impose upon Plaintiff an obligation to investigate information or materials from third parties or services who are equally accessible to Propounding Party.

The foregoing Preliminary Statement and General Objections are Incorporated by this reference into each response set forth below.

**SPECIFIC OBJECTIONS AND RESPONSES**

**TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

Without waiving or limiting in any manner any of the foregoing general responses and general objections, but rather incorporating them into each of the following responses to the extent applicable, plaintiff responds to the specific requests for documents of propounding party's First Set of Requests for Production of Documents as follows:

**REQUEST FOR PRODUCTION NO. 1:**

Produce all DOCUMENTS that reflect excessive or unreasonable force used against YOU by a San Diego Sheriff's Department Deputy in the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection: This request seeks documents equally available to defendant County. Discovery is ongoing and Plaintiff reserves the right to supplement as more facts are ascertained. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff has already produced all documents within his possession, custody, or control located after a search.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all DOCUMENTS that show that a San Diego Sheriff's Department Deputy retaliated against YOU for YOUR exercise of a constitutionally protected activity in the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection: This request seeks documents equally available to defendant County. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff has already produced all documents within his possession, custody, or control located after a diligent search.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all DOCUMENTS that demonstrate YOU were subject to a false arrest by a San Diego Sheriff's Department Deputy in the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection: This request seeks documents equally available to defendant County. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff has already produced all documents within his possession, custody, or control located after a diligent search.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all DOCUMENTS that demonstrate that Defendants County of San Diego and/or Michael Alcarion failed to properly train Nicolai Ramos prior to the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection: This request seeks documents equally available to defendant County. Discovery is ongoing and Plaintiff reserves the right to supplement as more facts are ascertained. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff has not identified any such documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all DOCUMENTS that demonstrate that Defendants County of San Diego and/or Michael Alcarion failed to properly supervise Nicolai Ramos prior to the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection: This request seeks documents equally available to defendant County. Discovery is ongoing and Plaintiff reserves the right to supplement as more facts are ascertained. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff has not identified any such documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all DOCUMENTS that demonstrate that Defendants County of San Diego and/or Michael Alcarion failed to properly discipline Nicolai Ramos prior to the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection: This request seeks documents equally available to defendant County. Discovery is ongoing and Plaintiff reserves the right to supplement as more facts are ascertained. Subject to and without waiving these objections, Plaintiff responds

as follows: Plaintiff has not identified any such documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all DOCUMENTS that reflect any unconstitutional official customs or practices of Defendant County of San Diego YOU contend contributed to the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection: This request seeks documents equally available to defendant County. Discovery is ongoing and Plaintiff reserves the right to supplement as more facts are ascertained. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff has not identified any such documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all DOCUMENTS that reflect unconstitutional training policies of Defendant County of San Diego YOU contend contributed to the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection: This request seeks documents equally available to defendant County. Discovery is ongoing and Plaintiff reserves the right to supplement as more facts are ascertained. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff has not identified any such documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all DOCUMENTS that support YOUR contention that DEFENDANTS violated the Bane Act (Cal. Civ. Code § 52.1), as alleged in YOUR FIRST AMENDED COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objection: This request seeks documents equally available to defendant County. Discovery is ongoing and Plaintiff reserves the right to supplement as more facts

are ascertained. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff has not identified any such documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10:**

Produce any and all medical records, reports, or other DOCUMENTS that reflect medical care or treatment that YOU received for injuries YOU attribute to the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objection: This request seeks documents equally available to defendant County. Discovery is ongoing and Plaintiff reserves the right to supplement as more facts are ascertained. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff has already produced all documents within his possession, custody, or control located after a diligent search.

**REQUEST FOR PRODCUTION NO. 11:**

Produce any and all DOCUMENTS that reflect the amounts paid by YOU or on YOUR behalf, including by health insurance carriers, for treatment or care of injuries that YOU attribute to the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objection: This request seeks documents equally available to defendant County. Discovery is ongoing and Plaintiff reserves the right to supplement as more facts are ascertained. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff has already produced all documents within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12:**

Produce any and all medical records, reports, or other DOCUMENTS that relate to the future treatment of any injuries YOU attribute to the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objection: This request seeks documents equally available to defendant County. Discovery is ongoing and Plaintiff reserves the right to supplement as more facts are ascertained. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff has already produced all documents within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13:**

Produce any and all DOCUMENTS that reflect medical care or treatment related to the same parts of your body or mind YOU claim was injured in the INCIDENT, which you received in the five (5) years immediately preceding the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection, attorney-client communications, attorney work product, overbroad, unduly burdensome, and intended to annoy, embarrass, and oppress Plaintiff. This request seeks documents that are irrelevant to this action, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the need of this case under Fed. R. Civ. P. 26(b)(1), and violative of Plaintiff's rights to privacy.

**REQUEST FOR PRODUCTION NO. 14:**

Produce any and all DOCUMENTS that reflect damages in the form of past or future lost income YOU attribute to the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection: This request seeks documents equally available to defendant County. Discovery is ongoing and Plaintiff reserves the right to supplement as more facts are ascertained. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff has not identified any such documents in his possession, custody, or control after a diligent search.

**REQUEST FOR PRODUCTION NO. 15:**

Produce any and all DOCUMENTS that reflect a loss of earning capacity YOU attribute to the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection: This request seeks documents equally available to defendant County. Discovery is ongoing and Plaintiff reserves the right to supplement as more facts are ascertained. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff has not identified any such documents in his possession, custody, or control after a diligent search.

**REQUEST FOR PRODUCTION NO. 16:**

Produce any and all DOCUMENTS showing the amounts of all wages, income, and earnings that you received in the five (5) years immediately preceding the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection, attorney-client communications, attorney work product, overbroad, unduly burdensome, and intended to annoy, embarrass, and oppress Plaintiff. This request seeks documents that are irrelevant to this action, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the need of this case under Fed. R. Civ. P. 26(b)(1), and violative of Plaintiff's rights to privacy.

**REQUEST FOR PRODUCTION NO. 17:**

Produce any and all DOCUMENTS that reflect any property damage YOU attribute to the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiff has identified no responsive documents in his possession, custody, or control after a diligent search.

**<u>REQUEST FOR PRODUCTION NO. 18:</u>**

Produce any diary, chronology, notes, memoranda, or other DOCUMENT, prepared by you or at your direction relating to the INCIDENT.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 18:</u>**

Objection, attorney-client communications, attorney work product, overbroad, unduly burdensome, and intended to annoy, embarrass, and oppress Plaintiff. This request seeks documents that are irrelevant to this action, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the need of this case under Fed. R. Civ. P. 26(b)(1), and violative of Plaintiff's rights to privacy. Subject to and without waiving those objections, Plaintiff responds as follows: Plaintiff has not located any responsive documents after a diligent search.

**<u>REQUEST FOR PRODUCTION NO. 19:</u>**

Produce any and all witness statements, written or recorded, that support any allegation in your FIRST AMENDED COMPLAINT.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 19:</u>**

Plaintiff has identified no responsive documents in his possession, custody, or control after a diligent search.

**<u>REQUEST FOR PRODUCTION NO. 20:</u>**

Produce any and all emails, text messages, voice mails, SOCIAL MEDIA posts, or private messages (*e.g.*, via Facebook, Instagram, etc.) that you sent to any person or received from any person that relate to the INCIDENT or the allegations in your FIRST AMENDED COMPLAINT. This request does not include communications between you and your attorneys.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 20:</u>**

Objection, attorney-client communications, attorney work product, overbroad, unduly burdensome, and intended to annoy, embarrass, and oppress Plaintiff. This request seeks documents that are irrelevant to this action, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the need of

this case under Fed. R. Civ. P. 26(b)(1), and violative of Plaintiff's rights to privacy. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff has not identified any responsive documents after a diligent search.

**REQUEST FOR PRODUCTION NO. 21:**

Produce any and all criminal complaints, charging documents, criminal transcripts, and plea agreements relating to any and all felony criminal convictions in the five (5) years immediately preceding the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection, attorney-client communications, attorney work product, overbroad, unduly burdensome, and intended to annoy, embarrass, and oppress Plaintiff. This request seeks documents that are irrelevant to this action, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the need of this case under Fed. R. Civ. P. 26(b)(1), and violative of Plaintiff's rights to privacy.

**REQUEST FOR PRODUCTION NO. 22:**

Produce any and all criminal complaints, charging documents, criminal transcripts, and plea agreements relating to any and all felony criminal convictions from the date of the INCIDENT to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection, attorney-client communications, attorney work product, overbroad, unduly burdensome, and intended to annoy, embarrass, and oppress Plaintiff. This request seeks documents that are irrelevant to this action, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the need of this case under Fed. R. Civ. P. 26(b)(1), and violative of Plaintiff's rights to privacy.

**REQUEST FOR PRODUCTION NO. 23:**

Produce a copy of the operative complaint from any other civil lawsuit that you filed in the five (5) years immediately preceding the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff has identified no responsive documents in his possession, custody, or control after a diligent search.

**REQUEST FOR PRODUCTION NO. 24:**

Produce a copy of the operative complaint any other civil lawsuit that you filed from the date of the INCIDENT to the present. This request does not include the FIRST AMENDED COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection: This request seeks documents equally available to defendant County. The only responsive document for which Plaintiff is aware is the complaint in *Burt v. County of San Diego*, No. 24-CV-2255-CAB (S.D. Cal. Dec. 3, 2024) ("*Burt II*"), which is equally available to the County as it is a party to that action.

**REQUEST FOR PRODUCTION NO. 25:**

Produce any and all DOCUMENTS, including audio or video recordings, that document events or reflect statements relating to the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection: This request seeks documents equally available to defendant County. Discovery is ongoing and Plaintiff reserves the right to supplement as more facts are ascertained. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff is aware only of responsive documents produced by or within the possession, custody or control of the Defendant County of San Diego, or publicly available documents available to Defendant County. Plaintiff has identified no other responsive documents in his possession, custody, or control after a diligent search.

**REQUEST FOR PRODUCTION NO. 26:**

Produce any and all DOCUMENTS identified or referenced in your responses to the County of San Diego's Interrogatories, Set One, served concurrently herewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection: This request seeks documents equally available to defendant County. Discovery is ongoing and Plaintiff reserves the right to supplement as more facts are ascertained. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff only identified responsive documents within the possession, custody or control of the Defendant County of San Diego, or publicly available documents available to Defendant County. Plaintiff has identified no other responsive documents in his possession, custody, or control after a diligent search.

**REQUEST FOR PRODUCTION NO. 39:**

Produce any and all DOCUMENTS identified or referenced in your responses to the Michael Alcarion's Interrogatories, Set One, served concurrently herewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39 [*sic*]:**

Objection: This request seeks documents equally available to defendant County. Discovery is ongoing and Plaintiff reserves the right to supplement as more facts are ascertained. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff only identified responsive documents within the possession, custody or control of the Defendant County of San Diego, or publicly available documents available to Defendant County. Plaintiff has identified no other responsive documents in his possession, custody, or control after a diligent search.

**REQUEST FOR PRODUCTION NO. 39:**

Produce any and all DOCUMENTS identified or referenced in your responses to the Nicolai Ramos' Interrogatories, Set One, served concurrently herewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39 [*sic*]:**

Objection: This request seeks documents equally available to defendant County. Discovery is ongoing and Plaintiff reserves the right to supplement as more facts are ascertained. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff only identified responsive documents within the possession, custody or control of the Defendant County of San Diego, or publicly available documents available to Defendant County. Plaintiff has identified no other responsive documents in his possession, custody, or control after a diligent search.

DATED August 25, 2025

IREDALE AND YOO, APC
JOSEPH C. CRUDO PLC

s/*Eugene Iredale*

Eugene Iredale

Attorneys for Plaintiffs
JAMEL BURT

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMEL BURT,<br><br>Plaintiff,<br><br>vs.<br><br>NICOLAI RAMOS, in his individual capacity; COUNTY OF SAN DIEGO; MICHAEL ALCARION, in his individual capacity; and DOES 1-5,<br><br>Defendants. | No. 24-cv-00662 CAB-VET |

REMOTE VIDEO-RECORDED DEPOSITION OF

GHAZAL FARHANG, DDS

San Diego, California

May 14, 2026

REPORTED BY:

JOHNNA PIPER

CSR 11268

Job No. 10190688

Pages 1 through 59

MR. CRUDO: Hey, Tim, do you have the ability maybe to blow that up a little bit? My eyes are not so great.
MR. HANNA: Yeah, absolutely. Let me do that. I know I can do it. Here we go. Oh. That's too much. There we go. Okay.
MR. CRUDO: Excellent. Thank you.
BY MR. HANNA:
**Q. Do you see that in front of you?**
A. Yes.
**Q. Okay. And I'm just going to ask you some questions about this. First, you know, I couldn't find a date listed.**
**Do you recall on what date this occurred?**
A. This was on August -- give me a second. I'm looking through my own notes. This was on August 8th, 2025.
**Q. Okay. And you mentioned you are looking through --**
A. No, no, no. I appreciate it. I apologize. It was on July 16, 2025.
**Q. And let me ask: Do you have notes that are separate from these patient notes?**
A. They do have the procedure notes that -- what we did and everything, which I summarized in

the report I gave to Mr. Crudo.

**Q. Okay. I'll report to you that this is what we received from your office.**

**So are there procedure notes are [sic] different than the notes that we have in front of you now?**

A. Well, they are more extensive. As I said, it's in the report I sent to Mr. Crudo of exactly what we did and everything, and probably mine are -- in my chart notes are a little more summarized than that.

**Q. Okay. We might revisit that later just because we had asked for you to produce everything, and unfortunately, we didn't receive those in response to our earlier records subpoena.**

A. Okay.

**Q. So I'll save that for later. Let me ask you first --**

MR. CRUDO: Tim, real quick, if you want to go off record --

MR. HANNA: Sure. Let's go off record.

MR. CRUDO: -- I would like to discuss that issue.

VIDEO TECHNICIAN: Okay. We're now going off the record at 9:21 a.m.

(Recess taken.)
VIDEO TECHNICIAN: Okay. We're back on the record. This is the beginning of Media 2, and the time is 9:24 a.m.
MR. HANNA: Okay. And we're just back on the record. I wanted to just put for the record that we've discussed there's some additional records we'll be receiving from -- that you are going to provide to Mr. Crudo, and that will be sent our way.
MR. CRUDO: Yes.
THE WITNESS: Sounds good, yes.
MR. HANNA: Fantastic.
BY MR. HANNA:
**Q. And so let's jump back to the record in front of us. Sorry. How would you characterize this record? What had you called it?**
A. Chart notes.
**Q. Okay. They are the chart notes. Okay. Great. Let me ask you a couple of quick questions about them.**
**Well, first, how do you keep these notes? Do you have a particular recordkeeping --**
A. Yes.
**Q. -- system you use?**
A. So we have a software. It is a dental