DAMON M. BROWN, County Counsel (SBN 242265)
By: TIMOTHY A. HANNA, Senior Deputy (SBN 310620)
CHRISTOPHER M. BLAYLOCK, Supervising Deputy (SBN 284629)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 904-0151; (619) 531-2469; (619) 531-6005
E-mail: timothy.hanna@sdcounty.ca.gov; christopher.blaylock@sdcounty.ca.gov

Attorneys for Defendant County of San Diego and Nicolai Ramos

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

JAMEL BURT,

Plaintiff,

v.

NICOLAI RAMOS, in his individual capacity, COUNTY OF SAN DIEGO; MICHAEL ALCARION, in his individual capacity; and DOES 1-5,

Defendants.

No. 24-cv-00662-CAB-VET

**MOTION IN LIMINE NO. 6 TO BIFURCATE INDIVIDUAL AND *MONELL* LIABILITY CLAIMS**

Hearing: October 16, 2026
Time: 2:00 P.M.
Courtroom: 15A
Judge: Hon. Cathy A. Bencivengo

## I. INTRODUCTION

It is in the interests of the Court to bifurcate the individual claims against Deputy Ramos and the *Monell* claims against the County of San Diego because resolution of the individual liability claims may be dispositive of the entire case and to avoid issues of prejudice and juror confusion.

///

///

## II. ARGUMENT

The Court has broad discretion to bifurcate a trial "for convenience, to avoid prejudice, or to expedite and economize.." Fed. R. Civ. P. 42(b).

### a. Trial of the Individual Liability Claims Serves the Interests of Judicial Economy

Bifurcation of the Individual and *Monell* liability claims may result in significant time savings to the Court because a defense verdict with respect to the individual liability claims would be dispositive of the entire case and would significantly limit the witnesses and evidence necessary to present and defend against these claims.

In this matter, bifurcation of the instant case serves judicial economy because the *Monell* claim must be dismissed if the jury finds that Deputy Ramos did not violate the constitution. Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case. *Alele v. Geico Gen. Ins. Co.*, 420 F. Supp. 3d 1124, 1129 (D. Nev. 2019). With respect to *Monell* claims, there can be no "award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). There are matters in which *Monell* liability can survive a finding that the individual is not liable, but those matters require a basis for municipal liability independent of any individual deputies' actions. *Fairley v. Luman*, 281 F.3d 913, 917 (9th Cir. 2002). However, the Ninth Circuit has recognized that "a plaintiff cannot establish municipal liability for excessive force 'when the jury exonerates the individual officers of constitutional wrongdoing.'" *Sarmiento v. County of Orange,* 496 Fed. Appx. 718, 720 n. 2 (9th Cir.2012), internal citation omitted.

Here, the basis for *Monell* liability arises solely from Deputy Ramos' purportedly unconstitutional act that deprived Plaintiff of his constitutional rights. Plaintiff's First Amended Complaint alleges that "[t]he County's practice and custom of failing to properly hire, train, supervise, monitor, discipline, counsel, transfer, and control deputy sheriffs, and the encouragement of unreasonable use of force was the moving force behind the

Constitutional violation by Defendant Ramos in this case." (Plaintiff's First Amended Complaint ("FAC"), ¶ 99.) There is no independent basis for municipal liability separate from the individual constitutional claims against Deputy Ramos. Put differently, they are derived from and necessitate a finding that Deputy Ramos is liable if those incidents are to reflect a wider pattern, custom or policy tolerating excessive force. Consequently, a jury verdict finding that Deputy Ramos' acts were not unconstitutional would preclude a finding of County liability.

Furthermore, the claims against Deputy Ramos can be tried and disposed of quickly as it will require only a few witnesses and limited records related to the incident itself. With respect to the *Monell* claims, Plaintiff seeks to introduce evidence of other litigated actions, unrelated internal affairs investigations, past settlement amounts, and statistical comparisons between law enforcement agencies, (FAC [ECF No. 35], ¶ 33.) If such evidence is presented at trial, Defendant must defend itself against such a claim by bringing in witnesses from each of these underlying cases to discuss why they differ from this matter in the type and nature of force employed, as well as their disposition.

Put differently, this would necessitate a series of trials within a trial which would greatly delay the trial and potentially confuse and mislead the jury. In their pre-trial disclosures, Defendants named the various Deputies and Sheriff's personnel involved in the various complaints, investigations and cases cited by Plaintiff in his complaint and other filings to preserve their right to introduce such witnesses at trial. (Defendant's Pre-Trial Disclosures [ECF No. 102].) This totals ***108*** additional witnesses. (*Id.* at pp. 3-11 (Nos. 16-124.) Although Defendant would not need to call each of these witnesses, it would still need to call at least one per incident raised by Plaintiff to present a percipient witness who can rebut Plaintiff's claims and would require a significantly longer trial.

Finally, there are no additional damages awardable to Plaintiff for the *Monell* claim that are not recoverable under the independent liability claims. Put differently, the County indemnification of Deputy Ramos would obviate the necessity of a second trial because there would not be any additional awardable damages.

Bifurcation in this instance would potentially result in significant savings of time.

**b. Trial of the Individual Liability Claims First Will Avoid Issues that Will Confuse the Jury and/or Prejudice Deputy Ramos**

Bifurcation of Trial would also avoid the risk of confusing the jury and significantly prejudicing Deputy Ramos regarding the introduction of evidence of other unrelated claims, and particularly evidence of a former Internal Affairs Investigation involving Deputy Ramos. This evidence would not be relevant to the individual liability claims and is sought to be introduced only with respect to the *Monell* claims. Accordingly, bifurcation would preclude the introduction of this confusing, misleading and highly prejudicial former investigation.

Other Courts have recognized the merits of bifurcation to avoid prejudice in a case involving claims against the individual officers and the *Monell* claims. *Quintanilla v. City of Downey*, 84 F.3d 353, 356 (9th Cir. 1996) (Noting that "the bifurcation enabled the court to separate the questions regarding the constitutionality of the three officers' actions from the questions regarding the Chief and city's liability under *Monell.*"). As the district court noted in *Green v. Baca,* 226 F.R .D. 624, 633 (C.D.Cal.2005):

> Cases in which courts have bifurcated whether there has been an underlying constitutional violation from *Monell* liability for trial have all involved claims against individual officers as well as against the municipality. Bifurcation is appropriate in such a situation to protect the individual officer defendants from the prejudice that might result if a jury heard evidence regarding the municipal defendant's allegedly unconstitutional policies.

If this matter is not bifurcated, the jury would likely hear evidence against the County of various acts of alleged police misconduct committed by numerous non-party officers to establish a policy or practice. Such evidence can would be highly prejudicial to Deputy Ramos.

Further, Plaintiff seeks to introduce evidence of a 2017 investigation into several deputies' use of force against a detainee, Joshua Strode. Specifically, Plaintiff intends to "demonstrate a causal connection between the County's failure to discipline and Ramos'

use of force." (Plaintiff's Consolidated Opposition to Defendants' Motions for Summary Judgment ("Plaintiff's Opposition") [ECF No. 94], p. 35). Here, Plaintiff may use this evidence to imply to the jury that because Deputy Ramos may have been investigated for alleged wrongdoing in the past by the internal affairs division, he must have done something wrong in the past and therefore must have done something wrong in this case. In other words, Plaintiff would seek to introduce the evidence simply to arouse the sympathies of the jury and to provoke their instinct to punish Deputy Ramos, even though such evidence has no bearing on whether he employed excessive force in the underlying incident.

## III. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court bifurcate trial and try the claims involving Deputy Ramos' independent liability prior to the claims relating to the County's *Monell* liability.

DATED: September 28, 2026

DAMON M. BROWN, County Counsel

By: /s/ *Timothy A. Hanna*
Timothy Hanna, Senior Deputy
Christopher Blaylock, Supervising Deputy
Attorneys for Defendants County of San Diego and Nicolai Ramos