EUGENE G. IREDALE: SBN 75292
PETER BIBRING: SBN 223981
SARAH MUSUMECI: SBN 328306
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMEL BURT,<br><br>Plaintiff,<br>v.<br><br>NICOLAI RAMOS, in his individual capacity, and COUNTY OF SAN DIEGO,<br><br>Defendants. | CASE NO. 3:24-cv-00662-CAB-VET<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 1: TO EXCLUDE REFERENCE TO PLAINTIFF'S CRIMINAL CONVICTIONS**<br><br>**MIL No. 1 of 3**<br><br>Hon. Cathy Ann Bencivengo<br><br>Final Pretrial Conf.:<br>Oct.16, 2026, at 2:00 PM<br><br>Trial:<br>Nov. 16, 2026, at 8:45 a.m. |

Plaintiff Jamel Burt moves to exclude any evidence related to his prior criminal convictions 403 and 609. Any evidence related to Mr. Burt's arrest and conviction years before this incident are irrelevant to whether Defendant Deputy Ramos used excessive force against him, and will risk confusion of the issues an bias.

## I. For the one conviction admissible under FRE 609, Defendant should be limited to the fact of the conviction, date, and range of sentence

During Mr. Burt's deposition, Defendants inquired about three prior convictions:

- A conviction for residential burglary and vehicle theft on April 15, 1994, for which Mr. Burt was sentenced to two concurrent terms of two years in prison;
- A conviction for a single count of sale of marijuana on October 8, 1999, for which Mr. Burt was sentenced to two years and eight months in prison;
- Convictions entered on April 22, 2004, for acts committed in 2002, on several counts, for which Mr. Burt was sentenced as follows:
  - Residential burglary, Penal Code § 459/460 — 4 years in prison
  - Residential burglary, Penal Code § 459/460—2 years, 8 months in prison, to run consecutively;
  - Unlawful taking of a vehicle, Veh. Code § 10851— 2 years in prison, to run consecutively;
  - Unlawful taking of a vehicle, Vehicle Code § 10851, stayed without sentence, Penal Code § 654.
  - Two counts of buying/receiving a stolen vehicle, Penal Code §496d, stayed without sentence, Penal Code § 654.

- Two enhancements under California's Three Strikes law, Penal Code § 667(a)(1)—5 years each — a total of 10 years.

Mr. Burt's sentences on his April 22, 2004, convictions therefore totaled 18 years and 8 months. He testified in deposition that he served sixteen years (following his 2002 arrest) and was released in 2018.

## II. Legal Standard

Rule 609 of the Federal Rules of Evidence provides that, for purposes of "attacking a witness's character for truthfulness by evidence of a criminal conviction," evidence of a conviction for a crime "punishable by death or by imprisonment for more than one year … must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant." Fed. R. Evid. 609(a)(1)(A).

However, "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," the balance shifts, and evidence of the conviction is admissible "only if (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." *Id.* 609(b).

## III. Argument

### A. Mr. Burt's 2004 convictions should be excluded under Rule 403

Mr. Burt's convictions more than twenty years ago for two counts of residential burglary and one count of taking of a vehicle should be excluded. These convictions are subject to the balancing under Rule 403, as neither residential burglary nor taking of a vehicle "required proving—or the witness's admitting—a dishonest act or false statement," Fed. R. Evid. 609(a)(2), and for both, the prejudice outweighs the probative value.

Under Rule 403, the probative value of Burt's 2004 convictions are minimal. The convictions, for acts committed in 2002, are extremely remote from Mr. Burt's testimony in 2026— as Mr. Burt was released eight years ago, they barely fit within the ten-year window of Rule 609(a). Neither crime involves inherent dishonesty and neither is particularly probative of Mr. Burt's credibility today.[1] In addition, Mr. Burt's credibility is not a significant issue with respect to the case, since the incident in question was captured on both deputies' body-worn cameras, his injuries are well-documented, and few facts are meaningfully in dispute.

The potential prejudice to Mr. Burt from admission of the conviction information, on the other hand, is significant Defendants advance a theory that Mr. Burt, although handcuffed, was trying to escape — jurors may improperly consider the fact that Mr. Burt was previously sentenced to more than a year in prison to conclude that his damages from law enforcement abuse should be lesser, or that he was more likely to be attempting escape or resist arrest, rather than considering the conviction as to his credibility as Rule 609 contemplates. Under Rule 403, Mr. Burt's 2004 convictions should be excluded.

### B. Mr. Burt's 1994 and 1999 convictions should be excluded under FRE 609(b)

Mr. Burt's 1994 conviction is more than thirty years old. His 1999 conviction is more than twenty-five years old, and he was released more than twenty years ago. Both are well outside the ten-year window admissibility under

[1] Indeed, Mr. Burt's release date falls into the ten-year window of Rule 609 only because his sentences on the charges ran consecutively. Although the sentence on each count ran no more than four years, Mr. Burt was sentenced under California's Three Strikes law to consecutive terms with two five-year enhancements, so that he was not released from prison until 2018. Because his sentences ran consecutively, his 2018 "release from confinement" arguably applies to only one of the three sentences, with the others being completed at least two years earlier.

FRE 609(b). Neither residential burglary nor sale of marijuana hold a probative value as to Mr. Burt's credibility that outweighs the prejudicial effect of a conviction. As the Ninth Circuit observed in *Simpson v. Thomas*, "[t]he committee notes to the 1974 Enactment to Rule 609(b) state:"

> It is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances .... requiring the court to make specific findings on the record as to the particular facts and circumstances it has considered in determining that the probative value of conviction substantially outweighs the prejudicial effect.

528 F.3d 685, 690 (9th Cir. 2008) (reversing district court's admission of evidence of convictions more than ten years old). The *Simpson* court noted five factors that a district court should consider in a *criminal* case when determining whether the probative value substantially outweighs the prejudice, and observed that such factors could be considered in that civil case as well: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of defendant's credibility." *Id*. at 690 n.3 (quoting *United States v. Hursh,* 217 F.3d 761, 768 (9th Cir.2000)); accord *Romero v. Los Angeles Cnty.*, No. 2:21-CV-03972-SPG (PVCX), 2024 WL 3467741, at *5 (C.D. Cal. June 27, 2024). The party seeking to introduce evidence of the old conviction bears bear the burden of proof to show the prior conviction admissible under Rule 609. *Gomez v. Cnty. of Los Angeles*, No. CV0902457MMMCWX, 2011 WL 13269747, at *2 (C.D. Cal. July 21, 2011) (citing *United States v. Browne*, 829 F.2d 760, 763 (9th Cir. 1987)).

Here, the probative value of Burt's 1994 residential burglary and 1999 marijuana sale is minimal, as they occurred 32 and 27 years ago, respectively. The convictions are three times more remote than the ten-year period for

presumptively inadmissible convictions. And as with his 2004 convictions, the nature of the burglary and marijuana offenses do not strongly bear on Mr. Burt's credibility, which is not central to his claims given the video and other documentary evidence. And similarly to the other convictions, the potential prejudice from jurors improperly using the evidence is great. Under Rule 403, Mr. Burt's 2004 convictions should be excluded.

**C. Even if the fact of any conviction were admitted, the factual details regarding of Mr. Burt's convictions should not be.**

"[A]bsent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction." *United States v. Sine*, 493 F.3d 1021, 1036 n. 14 (9th Cir. 2007) (quoting *States v. Rubio*, 727 F.2d 786, 797 n.5 (9th Cir. 1983)). "Generally, only the prior conviction, its general nature, and punishment of felony range are fair game for testing the defendant's credibility." *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (quoting *United States v. Albers,* 93 F.3d 1469, 1480 (10th Cir.1996)); *see also United States v. Gordon,* 780 F.2d 1165, 1176 (5th Cir.1986) (limiting cross-examination to "the number of convictions, the nature of the crimes and the dates and times of the convictions" and excluding "the particular facts of [the defendant's] previous offenses"); *see also Gray v. Clark*, 654 F. Supp. 3d 1062, 1068 (E.D. Cal. 2023) ("The Rules allow evidence of the fact that a witness suffered a relevant felony conviction but not information about the nature or surrounding circumstances of the felony conviction unless the conviction directly bears on issues of credibility."); *Crowley v. EpiCept Corp.*, 2015 WL 13827913, at *4 (S.D. Cal. Mar. 9, 2019) ("Any facts surrounding the felony conviction, however, are deemed inadmissible because the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.").

Even should the Court decide that one or more of Mr. Burt's convictions are admissible under Rule 609, the factual details — including the circumstances of the crime or the length of the sentence — should not be. Defendants should be limited to introducing the fact of the conviction and that Mr. Burt was sentenced to more than a year in prison.

**D. To the extent Defendants argue other grounds for admission, the convictions should be excluded for the reasons set forth in Plaintiff's Motion in Limine No. 2**

To the extent Defendants argue that Mr. Burt's prior convictions should be admitted for reasons other than impeachment under Rule 609, they should be excluded for the reasons set forth in Plaintiff's Motion in Limine No. 2, seeking exclusion of references to Mr. Burt's prior arrests and contacts with law enforcement.

Respectfully submitted,

**IREDALE AND YOO, APC**

Dated: September 28, 2026

s/ Peter Bibring

PETER BIBRING
EUGENE IREDALE
Attorneys for Plaintiff Jamel Burt

**JOSEPH C. CRUDO PLC**

Dated: September 28, 2026

s/ Joseph Crudo

JOSEPH C. CRUDO
Attorney for Plaintiff Jamel Burt