EUGENE G. IREDALE: SBN 75292
PETER BIBRING: SBN 223981
SARAH MUSUMECI: SBN 328306
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMEL BURT,<br><br>Plaintiff,<br>v.<br><br>NICOLAI RAMOS, in his individual capacity, and COUNTY OF SAN DIEGO,<br><br>Defendants. | CASE NO. 3:24-cv-00662-CAB-VET<br><br>**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF OTHER ARRESTS, CONTACTS WITH LAW ENFORCEMENT, AND PRIOR ACTS**<br><br>**MIL No. 2 of 3**<br><br>Hon. Cathy Ann Bencivengo<br><br>Final Pretrial Conf.:<br>Oct.16, 2026, at 2:00 PM<br><br>Trial:<br>Nov. 16, 2026, at 8:45 a.m. |

## I. Introduction

Plaintiff Jamel Burt moves to exclude evidence related to prior arrests, convictions, encounters with law enforcement, and other prior acts (including those related to two restraining orders), pursuant to Fed. R. Evid 401, 403 and 404. These include but are not limited to the following exhibits identified by Defendants:

| Exh. | Defs.' Description | Plaintiff's Additional Description |
|---|---|---|
| F | CLETS Information from Subject Incident (CSD 000393-000402) | Shows prior arrest and conviction history |
| AP | Plaintiff Jamel Burt Arrest Records, Booking No. 21132879 (CSD 000001-000011) | Mug/shot profile dated Aug. 27, 2021 |
| AQ | Plaintiff Jamel Burt Arrest Records, Booking No. 22745087 (CSD 000012-000019) | Mug/shot profile dated Oct. 27, 2022 |
| AR | Plaintiff Jamel Burt Arrest Records, Booking No. 24712844 (CSD 000020-000026) | Mug/shot profile dated Mar. 29, 2024 |
| AS | Plaintiff Jamel Burt Arrest Records, Booking No. 212561601 (CSD 000027) | Mug/shot profile dated June 10, 2002 |
| AT | Plaintiff Jamel Burt Arrest Records, Booking No. 212561602 (CSD 000028) | Mug/shot profile dated June 13, 2002 |
| AU | Plaintiff Jamel Burt Arrest Records, Booking No. 212561604 (CSD 000029) | Mug/shot profile dated Aug. 25, 2002 |
| AV | San Diego Sheriff Medical Records: Burt, Jamel (CSD 000051-0000390) | Medical history from San Diego County Jails, 330 pages of which concerns a period June 10, 2002, to Aug. 3, 2004; and |

| Exh. | Defs.' Description | Plaintiff's Additional Description |
|---|---|---|
| | | 15 pages of which concern an arrest on March 29, 2024. |
| AW | San Diego County Sheriff's Department Incarcerated Person History (CSD 000510-000585) | Records of plaintiff's history of incarceration at San Diego County Jail, none of which concerns the incident at issue (in which Plaintiff was not booked) |
| BV | Plaintiff Jamel Burt's U.S. Customs and Border Protection Records | Records related to penalty for personal amounts of drugs at the San Ysidro Port of Entry on Nov. 23, 2024. |
| CK | Mom TRO application | Proceedings on TRO sought by plaintiff's mother on Nov. 18, 1992 |
| CL | Home Depot PC484 arrest report | *Unknown, not disclosed in discovery* |
| CM | BWC from prior 148 | *Unknown, not disclosed in discovery* |
| CN | TRO from recent DV | DVRO & supporting materials; TRO issued on Aug 8, 2023 |

Defendants may also seek to introduce information related to Mr. Burt's convictions for residential burglary in 1994, sale marijuana in 1999, and a 2004 conviction on two counts of residential burglary, two counts of unlawful taking of a vehicle, and two counts of buying/receiving a stolen vehicle. To the extent that is introduced for the purpose of impeachment under Rule 609, it is addressed by Plaintiff's Motion in Limine No 1.

Evidence related to plaintiff's previous and subsequent encounters with law enforcement is irrelevant to whether Deputy Ramos reasonably used force on Plaintiff when he smashed him face-first into the ground while handcuffed as Deputy Ramos does not (and cannot) contend that he knew anything about other incidents at that time, but evidence of other encounters with law enforcement to suggest propensity is highly prejudicial and improperly. Similarly, evidence related to temporary restraining orders against Mr. Burt has absolutely no bearing on whether the Defendants violated Mr. Burt's rights by use of excessive force.

The Court should exclude this evidence because it is irrelevant, prejudicial, unduly time-consuming and lacks foundation.

Additionally, defendant seeks to introduce a Home Deport arrest report and BWC video from a prior 148 contact or arrest (Exhibits CL and CM). Plaintiff's counsel did not receive these documents in discovery, and therefore have not been able to review or respond to them. As a result of this failure to disclose in discovery, documents should be excluded from being brought in as evidence.

## II. Argument

### A. Evidence of other arrests, encounters with law enforcement, restraining orders and other prior acts is irrelevant and prejudicial.

Under the Federal Rules of Evidence Rule 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

In both claims of excessive force under the Fourth Amendment and under California law, courts "have repeatedly emphasized that whether a use of force was excessive must be decided based on the information known to the officer at the time." *Tofte v. City of Longview*, No. 3:22-CV-05700-TMC, 2024 WL 4451403, at *2 (W.D. Wash. Oct. 8, 2024); *see Graham v. Connor*, 490 U.S. 386, 396 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."); *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1232–33 (9th Cir. 2013) ("[W]e can only consider the circumstances of which [the officers] were aware when they employed deadly force."); *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways." (quoting *Graham*)).

Accordingly, in police excessive force cases district courts have

consistently excluded evidence of the prior criminal history or prior bad acts of the subject of a police use of force unless they were known to the defendant officers at the time they used force and factored into their decision. *See, e.g.*, *Tofte*, 2024 WL 4451403, at *2; *Barillas v. City of Los Angeles*, No. CV 18-08740-CJC (ASX), 2021 WL 4434977, at *5 (C.D. Cal. Apr. 12, 2021) (in use of force case, excluding evidence of plaintiff's prior drug use from liability phase on grounds prior drug use had no demonstrated probative value and was substantially outweighed by the risk of unfair prejudice). *Smith v. Cnty. of Riverside*, No. EDCV1600227JGBKKX, 2018 WL 7500278, at *2 (C.D. Cal. Nov. 14, 2018) (excluding evidence of criminal history and prior bad acts). And the Ninth Circuit has held it error to introduce bad acts about which the officer had no knowledge. *See Est. of Diaz v. City of Anaheim*, 840 F.3d 592, 602 (9th Cir. 2016) (holding district court erred in allowing testimony of plaintiff's drug use on day he was shot by police, where such evidence was "highly likely to influence improperly the jury's evaluation of [the officer's] use of force, when [the officer] never suggested he thought [the plaintiff] may have been intoxicated").

There is no indication from the facts of the case that Deputy Ramos knew anything about Mr. Burt's prior arrests, time spent in County jail, restraining orders against him, or the details of his other encounters with law enforcement at the time Ramos used the force at issue in this case. Accordingly, that evidence is irrelevant to the reasonableness of Ramos's decision to use force. None of that evidence makes a consequential fact any more or less probable in this case, as is the standard under Rule 401. *See Jackson v. Cnty. of San Bernardino*, 194 F. Supp. 3d 1004, 1008–10 (C.D. Cal. 2016) (in use of force case, excluding evidence of subject's prior criminal actions on the day of the incident in question "to the extent [the officer] was unaware of the details" of those acts, and noting that defendants "ha[d] not demonstrated [the plaintiff's] actions that day—allegedly stealing building materials and a car—if unknown to [the defendant

officer], lend support to [the officer's] account of why his use of force was reasonable").

Evidence of Mr. Burt's prior bad acts is inadmissible character evidence under Fed. R. Evid. 404(b). Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. Fed. R. Evid. 404. Such evidence may be admissible to prove motive, intent, opportunity, preparation, plan, knowledge, identity or absence of mistake. *Id.* Here, the evidence proffered by Defendants will not be used to prove any of the exceptions listed. *See Mathison v. Hillhaven Corp.*, 895 F.2d 1417 (9th Cir. 1990) (finding that evidence of prior acts was not offered to prove motive or intent and was thus inadmissible).

Even if the Court determines Mr. Burt's arrest record is relevant under Rule 401, the Court may exclude relevant evidence if its probative value is substantially outweighed by unfair prejudice. Fed. R. Evid. 403. As the excessive force cases discussed *supra* show, any evidence of Mr. Burt's prior arrests, TROs, or other prior bad acts poses a serious risk of prejudice — that because Mr. Burt was arrested or acted badly on other occasions, Deputy Ramos was justified in using force here.  But Mr. Burt's arrest record or criminal history is not at issue in this case. Defendants offer this evidence in an effort to portray Mr. Burt as a dangerous criminal, exploiting the bias of some jurors. Evidence regarding Mr. Burt's prior arrests and criminal history and sentencing should be excluded.

As additional grounds for exclusion, evidence related to other incidents, to the extent offered to show motive or other bearing on the present incident, would require not merely introduction of exhibits, but testimony regarding the circumstances and substance of the prior incidents, turning each into a "trial within a trial."  The substantial time required for evidence without probative value provides a second basis to exclude it, to avoid wasting the Court's time. *See Duran v. City of Maywood*, 221 F.3d 1127, 1133 (9th Cir. 2000) (affirming the

trial court's decision, in a wrongful shooting case, to exclude evidence of a similar shooting a defendant officer was involved in three days after the shooting at issue, because the marginally probative value of the evidence was substantially outweighed by the danger of unfair prejudice).

**B. Defendants should not be permitted to introduce evidence they failed to produce in discovery**

In addition to the lack of probative value and substantial prejudicial effect, Defendants never produced in discovery two of the exhibits they now seek to introduce, Exhibits CL and CM, which purportedly concern a Home Deport arrest report and BWC from a prior call for service for Penal Code § 148. Plaintiff's counsel did not receive these documents in discovery, and therefore have not been able to review or respond to them. As a result of this failure to disclose in discovery, documents should be excluded from being brought in as evidence.

Pursuant to Fed. R. Evid. 37(c) if a defendant fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Here, Defendants' failure to disclose was not substantially justified and certainly is not harmless, as Plaintiffs had no opportunity to conduct discovery to probe the nature of those incidents or to test their impact on the case. Parties have a duty to exchange evidence early so that litigation can proceed efficiently, fairly and without unnecessary delay or cost. Plaintiff has not received any substantial justification for the failure to disclose these exhibits in discovery from the defendants.

\\\

\\\

\\\

\\\

\\\

## III. Conclusion

Based on the foregoing, Plaintiff respectfully requests that the Court issue an *in limine* order precluding any evidence, argument, testimony or reference to Mr. Burt's previous or subsequent arrests or criminal charges, interactions with law enforcement, TROs, or other prior acts.

Respectfully submitted,

IREDALE AND YOO, APC

Dated: September 28, 2026 *s/ Peter Bibring*

PETER BIBRING
EUGENE IREDALE

JOSEPH C. CRUDO PLC

Dated: September 28, 2026 s/ Joseph Crudo

JOSEPH C. CRUDO

*Attorneys for Plaintiff Jamel Burt*