EUGENE G. IREDALE: SBN 75292
PETER BIBRING: SBN 223981
SARAH MUSUMECI: SBN 328306
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

JAMEL BURT,

Plaintiff,

v.

NICOLAI RAMOS, in his individual capacity, and COUNTY OF SAN DIEGO,

Defendants.

CASE NO. 3:24-cv-00662-CAB-VET

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PLAINTIFF'S STATEMENTS AND CONDUCT IMMEDIATELY AFTER USE OF FORCE**

**MIL No. 3 of 3**

Hon. Cathy Ann Bencivengo

Final Pretrial Conf.:
Oct.16, 2026, at 2:00 PM

Trial:
Nov. 16, 2026, at 8:45 a.m.

Plaintiff Jamel Burt moves to exclude statements and conduct made in response to the use of force at issue in this case, pursuant to Fed. R. Evid 401, 403 and 404. After having Defendant Ramos slam him face first into the ground, breaking his teeth, Mr. Burt responded in pain and anger by using profanity, telling Deputy Ramos that he would like to kick him in the face, and making a noise as if he were going to spit. This evidence related to statements and conduct have no bearing whether Defendants violated Mr. Burt's rights through Ramos's excessive force. The Court should exclude this evidence because it is irrelevant, prejudicial, and unduly time-consuming.

## I. Background

As the Court by now knows well from motions to dismiss and for summary judgment, in the use of force at issue in this case, Defendant Deputy Ramos was pushing Plaintiff Jamel Burt towards Deputy Wilder's patrol vehicle, when Ramos grabbed Mr. Burt's left arm and used his body weight to take Mr. Burt down to the ground, slamming him face-first into the ground . Mr. Burt landed face first on gravel. Defendant Ramos applied pressure to the back of Mr. Burt's head, shoving his face into the gravel on the street. Mr. Burt was handcuffed at the time and could not break his fall. The impact shattered two of Mr. Burt's front teeth. Mr. Burt testified that pain was an immediate ten out of ten.

The video from Deputy Ramos's body-worn camera ("BWC") shows takedown of Mr. Burt, after which Deputy Ramos holds his hand and body weight on Mr. Burt's head, pressing Mr. Burt's head into the ground. Mr. Burt exclaimed, "you broke my teeth out my mouth, you just broke all my teeth out of my mouth," in between grunts of pain. (Ramos Body-worn Camera video, Lodged as Exh. 4 in support of Ramos's Motion for Summary Judgment, ECF No. 81-2 ("Ramos BWC"), at 22:16:31Z-22:16:46Z (time stamp, video run time of about 6:52 to 7:06)).

Once Defendant Ramos released his hand from the back of Jamel Burt's head, concluding the use of force (*Id.* at 22:16:48Z), Burt exclaimed, "What did you do that for, f**cker? You are a bitch," followed by, "Aye, this fool just broke my teeth!" (*Id.* at 22:16:49Z-22:16:54Z.) He then stated, "I'm suing your bitch ass!" (*Id.* at 22:16:58Z), and after being told he was being put under arrest for resisting and delaying arrest he stated, "This bitch ass motherfucker." (*Id.* at 22:17:14) Mr. Burt then said, "I wish I could… whew.. aye this fool knocked my teeth out my mouth homie," to his friend sitting further down the curb. (*Id.* at 22:17:17Z) Mr. Burt also called Defendant Deputy Ramos a "gung ho ass bitch" and "f**cking asshole." (*Id.* at 22:17:43Z-22:18:06Z) While being searched on the ground, and under immense pain from his broken teeth, Mr. Burt pleaded to have his boxers raised up. His private parts were exposed because his boxers and pants were falling down.

As he lay face down on the ground, in pain, Mr. Burt continued, "You're a bitch, man. I want to kick you in the face so f**cking bad." (*Id.* at 22:18:58Z). Mr. Burt also says, "I need to go to the hospital, right now," to which Ramos replied, "I'm getting you an ambulance. Don't worry." As Defendant Ramos pushed him into the back of the police vehicle, Mr. Burt made a noise as if he was preparing to spit, but did not do so. (*Id.* at 22:20:14).

## II. Argument

Under the Federal Rules of Evidence Rule 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Mr. Burt's statements and conduct after the use of force say nothing about whether Deputy Ramos's takedown was reasonable. There is no basis for Defendants to present evidence related to Mr. Burt's statements made out of pain, humiliation, and anger from being taken down to the ground, his face smashed

into the gravel, and the cracking of his two front teeth, and being left bleeding and handcuffed face-down on the ground, with his pants down. If this evidence were to come in, it would only confuse the jury and delay court proceedings.

Even if the Court determines Mr. Burt's statements are relevant under Rule 401, the Court may exclude relevant evidence if its probative value is substantially outweighed by unfair prejudice. Fed. R. Evid. 403. Here, any evidence of Mr. Burt's statements made after the use of force used in the arrest and take down by Defendant Ramos is more prejudicial than probative and will only serve to confuse the jury and waste the Court's time. *See Duran v. City of Maywood*, 221 F.3d 1127, 1133 (9th Cir. 2000) (affirming the trial court's decision to exclude evidence of a prior similar shooting because the marginally probative value of the evidence was substantially outweighed by the danger of unfair prejudice.).

In *Tofte v. City of Longview*, No. 3:22-CV-05700-TMC, 2024 WL 4451403, at *5 (W.D. Wash. Oct. 8, 2024), a case alleging a wrongful police shooting, the court excluded the statements made by the decedent after he was shot, noting that "the Ninth Circuit has repeatedly reminded district courts that whether force was excessive must be determined based on the evidence known to the officer at the time force was used," and reasoning that the decedent's statements after police had shot him, when he was injured and "bleeding to death," that police should "kill me now" and "shoot me" did not go to defendants' suicide-by-cop theory because such statements "say very little about his 'plan, intent, or motive' earlier in the encounter … and they say even less about the facts known to [the officer] when he decided to use deadly force," and "[i]f anything, … suggest a person experiencing significant pre-death pain and suffering, knowing he was about to die, and asking the officers to finish the job." *Id.* The court also noted that allowing testimony about the post-shooting statements "carries a significant risk of unfair prejudice, confusing the issues, and misleading the jury as to what evidence may be considered when determining whether the force used was

excessive." *Id.*

Further, to the extent that Defendants argue that Mr. Burt's anger *after* Ramos slammed his face into the ground and broke his teeth shows that he was angry *before*, that simply does not logically follow. Mr. Burt was angry at the use of force, and a jury is likely to confuse the issues or draw improper conclusions from Mr. Burt's angry response about Mr. Burt's character or propensity, for which use admission would be prohibited under Fed. R. Evid. 404(b). Certainly, nothing in Mr. Burt's cursing after he was injured proves motive, intent, opportunity, preparation, plan, knowledge, identity or absence of mistake about his conduct before the take-down, as might permit admission of a bad act. *Id.*

Defendants have ample evidence of Mr. Burt's bearing and demeanor from the two body-worn camera videos depicting Mr. Burt up to the use of force. Evidence of Mr. Burt's statements and conduct in response to the use of force is not probative, and is prejudicial and should be excluded. Based on the foregoing, Plaintiff respectfully requests that the Court issue an *in limine* order precluding any evidence, argument, testimony or reference to Mr. Burt's statements made after the use of force at issue in this case.

Respectfully submitted,

**IREDALE AND YOO, APC**

Dated: September 28, 2026

s/ Peter Bibring

PETER BIBRING
EUGENE IREDALE
Attorneys for Plaintiff Jamel Burt

**JOSEPH C. CRUDO PLC**

Dated: September 28, 2026

s/ Joseph Crudo

JOSEPH C. CRUDO
Attorney for Plaintiff Jamel Burt