EUGENE G. IREDALE: SBN 75292
PETER BIBRING: SBN 223981
SARAH MUSUMECI: SBN 328306
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525
FAX: (619) 233-3221
Attorneys for Plaintiffs

JOSEPH C. CRUDO: SBN 263993
JOSEPH C. CRUDO PLC
3990 Old Town Avenue, Ste. C101
San Diego, CA 92110
Telephone: (858) 622-7280
Fax: (858) 450-9411
Email: joseph@crudoplc.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMEL BURT,<br><br>Plaintiff,<br><br>v.<br><br>NICOLAI RAMOS, in his individual capacity; COUNTY OF SAN DIEGO;<br><br>Defendants. | CASE NO. 24-CV-0662-CAB-VET<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 5 TO PRECLUDE GOLDEN RULE, SEND A MESSAGE, REPTILE ARGUMENTS, AND RACIAL INFERENCES**<br><br>Hon. Cathy Ann Bencivengo<br><br>Final Pretrial Conf.: October 16, 2026 at 2:00 PM<br><br>Trial: November 16, 2026 at 8:45 AM |

## I. INTRODUCTION

Plaintiff does not intend to employ any inappropriate trial tactics. Plaintiff does, however, dispute the remedy Defendants seek. Defendants ask the Court to enter sweeping pretrial orders barring entire categories of "argument" before a single word has been spoken and before the Court has any trial context in which to judge it. That is not how motions *in limine* work. Evidence or argument is excluded *in limine* only when it is clearly inadmissible on all potential grounds, otherwise the ruling should be deferred until trial so the question(s) can be resolved in the proper context. *United States v. Tilotta*, 588 F. Supp. 3d 1058, 1060 (S.D. Cal. 2022); *Langer v. Kiser*, 495 F. Supp. 3d 904, 909 (S.D. Cal. 2020). District courts in the Ninth Circuit have denied the very category-wide motions Defendants bring here, holding that a specific objection at trial is the proper tool. *Wright v. State Farm Fire & Cas. Co.*, No. 2:23-CV-179, 2025 WL 794404 (W.D. Wash. Mar. 12, 2025); *Rosas v. GEICO Cas. Co.*, No. 218CV01200APGNJK, 2022 WL 2439575 (D. Nev. Jan. 26, 2022).

Defendants retain the right to object to any specific statement at the time of trial. Because the sound course is to resolve any genuine concern in context, Defendants may object to any statement when it is made, and the Court can address the objection with a contemporaneous ruling and an opportunity to correct any alleged problem. *K.J.P. v. Cnty. of San Diego*, 621 F. Supp. 3d 1097, 1152 (S.D. Cal. 2022). That mechanism fully protects Defendants without the overbroad prior restraints Defendants' motion *in limine* seeks. The motion should be denied.

## II. ARGUMENT

### A. Argument is Properly Excluded Before Trial Only When Clearly Improper on All Potential Grounds.

A court "has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds," and "[u]nless evidence meets this

high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Tilotta*, 588 F. Supp. 3d at 1060. This district has applied that standard: "Evidence is excluded on a motion in limine only if the evidence is clearly inadmissible for any purpose," and if it is not, "evidentiary rulings should be deferred until trial…." *Langer,* 495 F. Supp. 3d at 909.

Defendants' motion should be denied for three reasons. First, motions to exclude broad categories are disfavored because the court "is almost always better situated during the actual trial to assess the value and utility of evidence." *Ochoa v. Cnty. of Kern*, 628 F. Supp. 3d 1006, 1010 (E.D. Cal. 2022). Second, a motion that merely asks the Court to enforce the rules should be denied. A motion *in limine* "must identify the specific evidence sought to be excluded and detail the reasoning for inadmissibility," and a motion "devoid of specificity or merely reminding the court to follow established rules will be denied." *Wright*, 2025 WL 794404 at *1. As the *Wright* court noted, "trial courts need no reminder of their fundamental duty to enforce the federal rules during trial—that much is self-evident and requires no motion to secure." *Id.* Third, Rule 403 is "an extraordinary remedy to be used sparingly." *United States v. Haischer*, 780 F.3d 1277, 1281 (9th Cir. 2015). "Unfair prejudice is an undue tendency to suggest decision on an improper basis," and exclusion is permitted only where that danger substantially outweighs probative value. *Id*. Prospective exclusion of a broad category of attorney argument is the opposite of the cautious, sparing application Rule 403 demands.

### B. A Blanket Golden Rule Order is Unnecessary: Plaintiff Will Not Ask the Jury to Trade Places with Mr. Burt But May Still Argue His Injuries.

Plaintiff recognizes that asking the jury to place itself in a party's position is improper and will not make such an argument. A sweeping order is nonetheless unnecessary. Courts in this circuit have declined to issue blanket Golden Rule

orders and their reasoning is persuasive. In *Wright*, the court denied a Golden Rule motion as "unnecessary." 2025 WL 794404 at *6. In denying the motion *in limine*, the court reasoned that although such arguments are generally prohibited, counsel "are presumed to be familiar with and expected to comply with applicable rules of professional conduct and procedure without specific court instruction on this score." *Id*. In *Gresham v. Petro Stopping Centers, LP*, the court noted that Golden Rule arguments "are indeed improper but require no special order to enforce." No. 3:09-CV-00034-RCJ, 2011 WL 1748569 at *5 (D. Nev. Apr. 25, 2011). Where the movant "points to nothing indicating that counsel intends to make such arguments," the court "will not issue a special order preventing such arguments." *Id*. Instead, the Southern District has indicated that objection at trial is the proper mechanism to address and Golden Rule argument. During the post-trial motion stage in *K.J.P.*, an excessive-force case, the court explained that had the defense timely objected to Plaintiff's counsel's statements regarding community values at trial, it "would have ruled that 'Golden Rule' statements are prohibited." 621 F. Supp. 3d at 1152. The court faulted the defendants for waiting until after trial to raise the issue because it "den[ied] the Court the opportunity to correct any alleged problem." *Id*. Defendants may object at trial to any statements they perceive as problematic.

Even if the Court were to grant Defendants' motion, any order issued must not infringe on Plaintiff's right to argue the severity of his injuries and the resulting pain and suffering. Parties "may not improperly play on the jury's empathy or sympathy, but may offer factual argument about the nature of the [relevant] setting as the circumstances in which the disputed acts occurred." *Floro v. Litzsinger*, No. 2:17-CV-00993-AC, 2019 WL 13241677, *5 (D. Or. Apr. 24, 2019). The facts here, a handcuffed man taken to the concrete face-first, unable to break his fall, losing two front teeth, are weighty on their own, and Plaintiff is

entitled to present them and argue their consequences. Plaintiff opposes any order that would chill legitimate argument about Plaintiff's injuries.

**C. The Reptile and Community-Safety Request is Vague, Overbroad and Premature.**

"Reptile theory" is a litigation theory, not a category of evidence. "District Courts in the Ninth Circuit have routinely rejected a defendant's attempt to preclude a plaintiff's arguments based on a purported 'reptile theory' because the theory is vague, overbroad, and does not identify any specific evidence it seeks to exclude." *Moribe v. Am. Water Heater Co.*, No. CV 21-00254 HG-WRP, 2024 WL 708563, *1 (D. Haw. Feb. 21, 2024), citing *Tijerine v. Alaska Airlines, Inc.*, 2024 WL 270090, *10 (S.D. Cal. Jan 24, 2024), *Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.*, 2023 WL 4564748, *4 (E.D. Cal. July 17, 2023) and *Agan v. BNSF Ry. Co.*, 2022 WL 3700052, *4 (D. Mont. Aug. 26, 2022).

A court "will not issue a blanket prohibition of statements currently unknown when their admissibility largely, if not wholly, depends on exact wording and context." *Rosas*, 2022 WL 2439575 at * 1. Such a motion is "too broad and too vague to grant" and amounts to "a request that [the court] enforce the Federal Rules of Evidence," which "[t]rial objections are the best-suited means" to address. *Id.* Faced with the companion request, another court granted the Golden Rule portion but denied the reptile portion as "not a proper motion in limine," "overly broad, undefined and ambiguous," and an improper "prior restraint on Plaintiffs' trial strategy and presentation without adequate justification." *Starling v. Walmart Inc.*, No. C21-1156-RSM-MLP, 2023 WL 2044125, *2 (W.D. Wash. Feb. 16, 2023). The court held any prejudice concern could be addressed via objection at trial. *Id.* Defendants' reliance on California state-court authority does not displace this federal standard.

**D. A Deterrence or "Send A Message" Theme is Proper Because Punitive Damages Are at Issue Against Deputy Ramos.**

Ninth Circuit authority forecloses a blanket bar on "send a message" arguments. In *Settlegoode v. Portland Pub. Schs.*, the court held that "[r]eminding the jury that they have the capacity to deter defendants and others similarly situated is certainly legitimate where punitive damages are at stake." 371 F.3d 503, 519 (9th Cir. 2004). Because the punitive instruction tells the jury such damages serve to "discourage the Defendant and others," "[a] closing argument that tracks the jury instructions cannot possibly be misconduct." *Id.* Applying this rule, another district court declined to find a "send a message" argument improper, recognized that it tracked the Ninth Circuit's model punitive instruction, and addressed any potential confusion with a clarifying instruction rather than a bar. *Howard v. Connett*, No. 211-CV-01402-RFB-GWF, 2017 WL 4682300 at **4-5 (D. Nev. Oct. 17, 2017).

Punitive damages are squarely in this case. The complaint seeks punitive damages against Nicolai Ramos, alleging that his conduct was malicious, oppressive and in reckless disregard of Plaintiff's rights. Because deterrence is a legitimate purpose of the punitive claim against Deputy Ramos, a blanket prohibition on any "send a message" or deterrence theme is overbroad. Defendants themselves concede that a deterrence argument tracking the punitive instructions is permissible as to Ramos.[1]

**E. Plaintiff Has Never Alleged That the Use of Force Was Racially Motivated.**

Plaintiff does not understand the basis for this motion *in limine*. Nowhere in the pleadings, in written discovery, or in any deposition has Plaintiff alleged or

---

[1] Plaintiff does not seek, and has never sought, punitive damages against the County in this Section 1983 action. Accordingly, any motion *in limine* seeking to preclude a "send a message" them as to the County addresses a non-existent issue, is irrelevant and without basis, and should be denied as moot.

suggested that the force used against him was racially motivated. Defendants do not identify any statement, filing or evidence in which Plaintiff has advanced such a theory, and Plaintiff is therefore unclear what arguments Defendants are seeking to preclude. To the extend Defendants are asking the Court to exclude a claim Plaintiff has never made, this motion is unnecessary and should be denied a moot.

To the extent Defendants are instead seeking a blanket prohibition on any reference to race at trial, that request is overbroad and unwarranted. As set forth above, motions *in limine* are intended to resolve specific, identifiable evidentiary disputes in advance, not to impose sweeping restrictions on undefined categories of testimony or argument. Race may come up in entirely proper ways, such as witness descriptions, identification, or the factual circumstances of the encounter, and the relevance and admissibility of any such reference can only be assessed in context. Should Plaintiff offer evidence or argument at trial that Defendants believe is improper, Defendants remain free to object at that time, and the Court can rule with the benefit of the full trial record.

## III. CONCLUSION

Plaintiff respectfully requests that the Court deny Defendants' motion *in limine.*

Respectfully submitted,

Dated: October 5, 2026

**IREDALE AND YOO, APC**
*s/ Eugene Iredale*

EUGENE IREDALE
PETER BIBRING
SARAH MUSUMECI
Attorney for Plaintiffs