DAMON M. BROWN, County Counsel (SBN 242265)
By: TIMOTHY A. HANNA, Senior Deputy (SBN 310620)
CHRISTOPHER M. BLAYLOCK, Supervising Deputy (SBN 284629)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 904-0151; (619) 531-2469; (619) 531-6005
E-mail: timothy.hanna@sdcounty.ca.gov; christopher.blaylock@sdcounty.ca.gov

Attorneys for Defendant County of San Diego and Nicolai Ramos

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

JAMEL BURT,

Plaintiff,

v.

NICOLAI RAMOS, in his individual capacity, COUNTY OF SAN DIEGO; MICHAEL ALCARION, in his individual capacity; and DOES 1-5,

Defendants.

No. 24-cv-00662-CAB-VET

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE REFERENCE TO PLAINTIFF'S CRIMINAL CONVICTIONS**

Hearing: October 16, 2026
Time: 2:00 P.M.
Courtroom: 15A
Judge: Hon. Cathy A. Bencivengo

## TABLE OF CONTENTS

I. INTRODUCTION .......... 1
II. RELEVANT BACKGROUND .......... 1
III. LEGAL STANDARD .......... 6
IV. ARGUMENT .......... 7
A. Plaintiff's 2004 Felony Convictions Are Presumptively Admissible Under Rule 609(a)(1)(A), and Plaintiff Cannot Carry His Rule 403 Burden .......... 7
B. Plaintiff's 1994 and 1999 Convictions Are Admissible Under Rule 609(b) Because His Unbroken Criminal History Supplies the Required Exceptional Circumstances .......... 8
C. If the Court Admits Any Conviction, the Proper Limitation Is the Fact, Date, Nature, and Felony Sentence Range — Not the Bare Fact Alone .......... 10
D. Plaintiff's Convictions and Arrest History Are Independently Admissible to Show His Bias Against the San Diego Sheriff's Department .......... 11
E. Plaintiff's Law-Enforcement History Is Admissible to Contest His Claimed Damages .......... 11
F. Plaintiff Opened the Door by Invoking His Law-Enforcement Experience to Vouch for His Own Conduct .......... 12
V. CONCLUSION .......... 13

# TABLE OF AUTHORITIES

**CASES** **PAGE (S)**

*Brewer v. City of Napa*,
210 F.3d 1093 (9th Cir. 2000) ........................................................ 7

*Crowley v. EpiCept Corp.*,
(BGS), 2015 WL 13827913 (S.D. Cal. Mar. 9, 2015) ........................................ 10

*Gomez v. Cnty. of Los Angeles*,
2011 WL 13269747 (C.D. Cal. July 21, 2011) ........................................ 8-9

*Gray v. Clark*,
654 F. Supp. 3d 1062 (E.D. Cal. 2023) ........................................ 10

*Green v. Bock Laundry Mach. Co.*,
490 U.S. 504 (1989) ........................................................ 6

*Heath v. Cast*,
813 F.2d 254 (9th Cir. 1987) ........................................................ 11

*Peraza v. Delameter*,
722 F.2d 1455 (9th Cir. 1984) ........................................................ 12

*Reach Companies, LLC v. Newsert, LLC*,
94 F.4th 712 (8th Cir. 2024) ........................................................ 9

*Romero v. Los Angeles Cnty.*,
(PVCX), 2024 WL 3467741 (C.D. Cal. June 27, 2024) ........................................ 7, 10

*United States v. Browne*,
829 F.2d 760 (9th Cir. 1987) ........................................................ 6, 10

*United States v. Cabrera*,
201 F.3d 1243 (9th Cir. 2000) ........................................................ 10

*United States v. Castillo*,
181 F.3d 1129 (9th Cir. 1999) ........................................................ 12

*United States v. Dubose*,
639 F. Supp. 3d 503 (E.D. Pa. 2022) ........................................................ 9

*United States v. Foster*,
227 F.3d 1096 (9th Cir. 2000) ........................................................ 7

*United States v. Glenn*,
667 F.2d 1269 (9th Cir. 1982) ........................................................ 7, 8

# TABLE OF AUTHORITIES
## (CONTINUED)

**CASES** **PAGE (S)**

*United States v. Hursh*,
217 F.3d 761 (9th Cir. 2000) .......... 7

*United States v. Hutchins,*
2024 WL 1092531 (E.D. Okla. Mar. 13, 2024) .......... 9

*United States v. Osazuwa*,
564 F.3d 1169 (9th Cir. 2009) .......... 10

*United States v. Sine*,
493 F.3d 1021 (9th Cir. 2007) .......... 10

California Vehicle Code

§ 10801 .......... 4

§ 10851 .......... 2, 3, 4, 5

§ 14601.2 .......... 4

§ 16028 .......... 4

§ 2800.2 .......... 3

United States Code

§ 1983 .......... 7, 9, 12

Federal Rule of Evidence

§ 403 .......... 6, 7, 11, 13

§ 404 .......... 11, 12

§ 608 .......... 12

§ 609 .......... 1, 6, 7, 8, 9, 11, 13

California Penal Code

§ 148 .......... 2, 3, 5

## TABLE OF AUTHORITIES
## (CONTINUED)

**CASES** **PAGE (S)**

§ 242 ..... 3
§ 243 ..... 3, 5
§ 459 ..... 2, 3, 4, 5
§ 496 ..... 2, 3, 4, 5
§ 496D ..... 4, 5
§ 853.7 ..... 4
§ 4501 ..... 3

Health and Safety Code
§ 11359 ..... 4, 9
§ 11550 ..... 2

## I. INTRODUCTION

This excessive-force case is a credibility contest. Deputy Ramos perceived a handcuffed Plaintiff pull away during an escort and took him to the ground; Plaintiff swears he never pulled away or resisted. No neutral witness resolves that dispute. The jury must decide whom to believe — and in making that credibility determination, the jury is entitled to know that Plaintiff is a convicted felon many times over.

Plaintiff is a civil plaintiff, not a criminal defendant. Under Federal Rule of Evidence 609(a)(1)(A), his felony convictions "must be admitted, subject to Rule 403." Fed. R. Evid. 609. The burden is Plaintiff's to show that unfair prejudice substantially outweighs probative value — a burden he cannot meet where his own credibility is the central issue in the case.

Plaintiff concedes the pivotal timing point: he "was released in 2018," placing his 2004 felony convictions squarely within Rule 609's ten-year window. ECF No. 112. PLAINTIFF'S MOTION IN LIMINE NO. 1 ("PL.'S MIL 1") at 3. Those convictions are presumptively admissible. His older 1994 and 1999 convictions are admissible under Rule 609(b) because his criminal history is unbroken — a near-continuous sequence of offenses and incarceration with no law-abiding interval — which is precisely the kind of specific facts and circumstances that heightens the probative value of older convictions.

The convictions and Burt's broader law-enforcement history are also independently admissible to show Burt's bias against the San Diego Sheriff's Department, to contest his claimed fear-of-police damages, and because Burt has opened the door by invoking his law-enforcement experience to vouch for his own conduct. Those grounds confirm the convictions' high probative value and supply the exceptional circumstances Rule 609(b) requires. At most, Burt is entitled to a limitation on collateral details — not wholesale exclusion. The Court should deny the motion.

## II. RELEVANT BACKGROUND

Plaintiff's California criminal history record reflects a continuous record of felony convictions and arrests spanning three decades, summarized below.

| Date | Arrest / Conviction | Charge(s) | Disposition | Arresting Agency |
|---|---|---|---|---|
| 10/28/1992 | Arrest | Health & Saf. Code § 11550(a) – under the influence of a controlled substance | Dismissed (plea to other charge) | San Diego Sheriff |
| 02/23/1993 | Arrest | Health & Saf. Code § 11550(a) – under the influence of a controlled substance | Dismissed (plea to other charge) | San Diego Sheriff |
| 07/30/1993 | Arrest | Veh. Code § 10851 – taking a vehicle without owner's consent (vehicle theft) | Prosecuted; felony conviction (see 10/22/1993) | San Diego Police Dept. |
| 08/18/1993 | Arrest | Pen. Code § 459 – first degree burglary | Prosecuted; felony conviction (see 09/28/1993) | San Diego Police Dept. |
| 09/12/1993 | Arrest | Veh. Code § 10851(a) – vehicle theft; Pen. Code § 496(a) – receiving stolen property | § 10851(a) convicted (felony); § 496(a) and § 148 dismissed | San Diego Sheriff |
| 09/28/1993 | Conviction | Pen. Code § 459 – first degree burglary | Felony – 3 yrs probation, 270 days jail; probation revoked 01/05/1995 → 4 yrs prison | — |

| | | | | |
|---|---|---|---|---|
| 10/22/1993 | Conviction | Veh. Code § 10851(a) – vehicle theft | Felony – 3 yrs probation, 61 days jail; probation revoked → 2 yrs prison (concurrent) | — |
| 04/04/1994 | Arrest | Pen. Code § 459 – burglary; Veh. Code § 10851 – vehicle theft; Veh. Code § 2800.2 – evading; Pen. Code § 496(a) – receiving stolen property; Pen. Code § 148 – resisting | §§ 148, 496(a), 2800.2 dismissed; § 459 and § 10851(a) convicted (see 04/15/1994) | San Diego Sheriff |
| 04/15/1994 | Conviction | Pen. Code § 459 – burglary; Veh. Code § 10851(a) – vehicle theft | Felony (both) – 2 yrs prison, concurrent | — |
| 01/25/1995 | Arrest | Pen. Code § 4501 – assault by a prisoner (while in custody) | Prosecution rejected (interest of justice) | Dept. of Corrections (Corcoran) |
| 09/20/1997 | Arrest | Pen. Code § 243(d) – battery with serious bodily injury | Prosecution rejected; related misdemeanor battery conviction (see 04/13/1998) | San Diego – CAMP San Diego Area |
| 04/13/1998 | Conviction | Pen. Code § 242 – battery | Misdemeanor – 180 days jail, concurrent | — |

| | | | | |
|---|---|---|---|---|
| 07/11/1999 | Arrest | Health & Saf. Code § 11359 – possession of marijuana for sale | Convicted (felony, see 10/21/1999) | California Highway Patrol |
| 10/21/1999 | Conviction | Health & Saf. Code § 11359 – possession of marijuana for sale (with prior felony) | Felony – 32 months prison | — |
| 06/10/2002 | Arrest | Pen. Code § 496(d) – attempted receiving of a stolen vehicle; Pen. Code § 496(a) – receiving stolen property | Prosecuted; felony convictions (see 07/12/2004) | San Diego Sheriff |
| 06/11/2002 | Arrest | Veh. Code § 16028(c) – no proof of financial responsibility; Veh. Code § 14601.2(a) – driving on a DUI-suspended license; Pen. Code § 853.7 – failure to appear | Disposition not reflected in record | San Diego Sheriff |
| 08/15/2002 | Arrest | Pen. Code § 459 – burglary | Prosecuted; felony conviction (see 07/12/2004) | San Diego Police Dept. |
| 07/12/2004 | Conviction | Veh. Code § 10851(a) – vehicle theft (w/ prior); Veh. Code § 10801 – operating a chop shop; Pen. Code § 496D – | Felony (all counts) – e.g., § 10801: 2 yrs consecutive; § 496(a): 16 | — |

| | | | | |
|---|---|---|---|---|
| | | possession of a stolen vehicle (w/ prior); Pen. Code § 496(a) – receiving stolen property; Pen. Code § 459 – second degree burglary | months consecutive; § 459: 4 yrs consecutive | |
| 07/12/2004 | Conviction | Pen. Code § 459 – burglary | Felony – 16 months prison, consecutive | — |
| 08/03/2004 | Conviction (aggregate commitment) | Multiple counts: Pen. Code § 459 – second degree burglary; Veh. Code § 10851(a) – vehicle theft; Pen. Code § 496D – possession of a stolen vehicle; Pen. Code § 496(a) – receiving stolen property | Felony – aggregate 224 months (18 years, 8 months) prison | — |
| 08/27/2021 | Arrest | Pen. Code § 243(e)(1) – battery on a spouse/former spouse/dating partner | Released (detention only) | San Diego Sheriff |
| 10/27/2022 | Arrest | Pen. Code § 148(a)(1) – obstructing/resisting a peace officer | Disposition not reflected in record | San Diego Sheriff (Lemon Grove) |

The record shows no sustained law-abiding interval. From 1992 through 2004 Plaintiff accumulated felony convictions for burglary, vehicle theft, receiving stolen property, operating a chop shop, and possession of stolen vehicles, interrupted only by incarceration. NOL EXHIBIT 1 - PLAINTIFF'S RAPS (CLETS) THROUGH 2022 (CSD 000396-000402 ("NOL EXH. 1"). The single multi-year break — between 2004 and 2021 — is explained by the 224-month aggregate prison term imposed in 2004, from which Plaintiff was released in 2018. NOL EXH. 1; PL.'S MIL 1 at 3. Arrests resumed immediately upon release, in 2021 and again in 2022 just two short months prior to the incident at issue in this case. Even *after* the incident at issue in this case, Plaintiff was again arrested on that warrant at the US-Mexico Border where he was also found to be in possession of methamphetamine and other drugs. NOL EXHIBIT 2 – US BORDER PATROL RECORDS ("NOL EXH. 2").

## III. LEGAL STANDARD

Rule 609(a)(1)(A) provides that, for a witness who is not a criminal defendant, a felony conviction "must be admitted, subject to Rule 403." Fed. R. Evid. 609. Admission is thus the default: the Supreme Court recognized even under the pre-1990 Rule that 609(a)(1) requires permitting impeachment of a civil witness with prior felony convictions and the 1990 amendment tempered that rule only by subjecting it to ordinary Rule 403 balancing. *Green v. Bock Laundry Mach. Co.*, 490 U.S. 504 (1989). Because Rule 403 excludes relevant evidence only where its probative value is "substantially outweighed" by unfair prejudice, the party seeking exclusion — here, Plaintiff — bears the burden. Fed. R. Evid. 403.

For convictions more than ten years old, Rule 609(b) applies. The ten-year clock runs from the date of conviction or release from the confinement imposed for that conviction, whichever is later. Fed. R. Evid. 609. Such convictions are admissible only where the proponent shows, on specific facts and circumstances, that probative value substantially outweighs prejudice. *Ibid.*; see also *United States v. Browne*, 829 F.2d 760 (9th Cir. 1987). The Ninth Circuit weighs five factors: (1) the impeachment value of the

prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the conduct at issue; (4) the importance of the testimony; and (5) the centrality of credibility. *Ibid.*; See also *United States v. Hursh*, 217 F.3d 761 (9th Cir. 2000). Courts apply these same factors in civil § 1983 cases. *Romero v. Los Angeles Cnty*., No. 2:21-CV-03972-SPG (PVCX), 2024 WL 3467741 (C.D. Cal. June 27, 2024).

## IV. ARGUMENT

### A. Plaintiff's 2004 Felony Convictions Are Presumptively Admissible Under Rule 609(a)(1)(A), and Plaintiff Cannot Carry His Rule 403 Burden.

Plaintiff concedes his 2004 convictions fall within the ten-year window. (PL.'S MIL 1, at 3-4). They therefore "must be admitted, subject to Rule 403." Fed. R. Evid. 609. The Ninth Circuit has affirmed exactly this in a § 1983 excessive-force case, upholding impeachment of the plaintiff with his prior felony convictions. *Brewer v. City of Napa*, 210 F.3d 1093 (9th Cir. 2000) Plaintiff offers no reason to depart from that rule — and the burden to justify exclusion is his.

Credibility is the central issue, which maximizes probative value. This case turns on whether Plaintiff pulled away. With no neutral witness to the takedown, the jury's verdict will rest on whether it credits Plaintiff's account. The fifth factor — centrality of credibility — is therefore at its apex, and it weighs heavily toward admission.

Plaintiff's theft and receiving stolen property convictions bear on his veracity. The 2004 cluster includes convictions for receiving stolen property, possession of a stolen vehicle, and vehicle theft. NOL EXH. 1. Defendants do not contend these are automatically admissible as crimes of "dishonesty or false statement" under Rule 609(a)(2); in the Ninth Circuit, theft and stealth crimes are not per se crimes of dishonesty. *United States v. Glenn*, 667 F.2d 1269 (9th Cir. 1982); *United States v. Foster*, 227 F.3d 1096 (9th Cir. 2000) But that only means they enter under Rule 609(a)(1)'s balancing — where their theft character remains probative of credibility. The Ninth Circuit has long recognized that crimes like burglary and larceny reflect on

credibility, even though they are tested under subdivision (a)(1). *U.S. v. Glenn*, 667 F.2d 1269.

The body-camera footage does not render credibility irrelevant. Plaintiff argues his credibility "is not a significant issue" because the incident was recorded. PL.'S MIL 1, at 4. Not so. The dispositive fact — whether Plaintiff pulled away in the instant before the takedown — is the very point on which Plaintiff's testimony contradicts Deputy Ramos' perception. That the broader encounter was recorded does not resolve that contested instant; it sharpens the need for the jury to assess Plaintiff's credibility. Plaintiff's assertion that the convictions might lead the jury to view him as prone to "attempting escape or resist arrest," PL.'S MIL 1, at 4, confuses a propensity use, which Defendants do not advance, with impeachment of credibility authorized by Rule 609.

Plaintiff's footnote does not carve the 2004 convictions out of the window. Plaintiff suggests that, because his sentences ran consecutively, his 2018 "release from confinement" applies to only one count. PL.'S MIL 1, at 4, fn 1. The argument fails on the Rule's text: the clock runs from release from "the confinement imposed for that conviction." Fed. R. Evid. 609(b). The 2004 counts were imposed as a single aggregate commitment of 224 months, and Plaintiff remained physically confined to that commitment until 2018. NOL EXH. 1; PL.'S MIL 1, at 3. Each conviction within that aggregate thus shares the 2018 release date. In all events, Plaintiff concedes the 2004 convictions fall within the window. Pl.'s MIL 1, at 4.

**B. Plaintiff's 1994 and 1999 Convictions Are Admissible Under Rule 609(b) Because His Unbroken Criminal History Supplies the Required Exceptional Circumstances.**

The 1994 and 1999 convictions are more than ten years old and governed by Rule 609(b). Defendants bear the burden of showing probative value substantially outweighs prejudice, supported by specific facts. Fed. R. Evid. 609(b); *Gomez v. Cnty. of Los Angeles*, No. CV0902457MMMCWX, 2011 WL 13269747 (C.D. Cal. July 21, 2011). Plaintiff's own record supplies those facts.

The second factor — subsequent history — decisively favors admission. Rule 609(b)'s concern is the stale conviction of a witness who has since lived a law-abiding life. Plaintiff is the opposite case. His history is a near-continuous chain of felonies and incarceration, with no meaningful gap. The probative value of older convictions "is substantially increased by the number and frequency of them," and continued misconduct after a conviction increases its probative value. increased by the number and frequency of" them. *Reach Companies, LLC v. Newsert, LLC*, 94 F.4th 712, 720 (8th Cir. 2024)

An older conviction's probative value "may remain undiminished" where the witness "has multiple intervening convictions," because that history shows "his character has not improved." *United States v. Hutchins*, No. 24-CR-011-JFH-1, 2024 WL 1092531, at *3 (E.D. Okla. Mar. 13, 2024). The age concern is "moderated" by multiple intervening convictions. *United States v. Dubose,* 639 F. Supp. 3d 503, 515 (E.D. Pa. 2022) (Citing *United States v. Caldwell*, 760 F.3d 267 (3d Cir. 2014)). Here, Plaintiff's 1994 convictions were followed by the 1998 battery conviction, the 1999 felony conviction, and the 2002–2004 felony cluster — and the only interval without a new offense was the one in which he was imprisoned. NOL EXH. 1.

The marijuana conviction shows the absence of any temporal gap. Defendants do not argue the 1999 Health & Safety Code § 11359 conviction is independently admissible on its own merits. It matters only as a link in the chain: it demonstrates that Plaintiff was reoffending in 1999, between his 1994 incarceration and the 2002 offenses underlying the 2004 commitment, leaving no law-abiding interval that would make the 1994 conviction "stale." NOL EXH. 1.

Credibility centrality and short pre-offense intervals reinforce admission. Credibility is the dispositive issue, which weighs heavily toward admission even for older convictions. A district court in a § 1983 excessive-force case admitted a plaintiff's forgery and worthless-check convictions that were more than ten years old where impeachment value was high and credibility was central. *Romero v. Los Angeles Cnty*., No. 2:21-CV-03972-SPG (PVCX), 2024 WL 3467741 (C.D. Cal. June 27, 2024). And

the "point in time" factor favors admission where the witness was released close in time before the conduct at issue. *United States v. Browne*, 829 F.2d 760.

**C. If the Court Admits Any Conviction, the Proper Limitation Is the Fact, Date, Nature, and Felony Sentence Range — Not the Bare Fact Alone.**

Plaintiff's fallback asks the Court to strip any admitted conviction down to the bare "fact" and that the sentence exceeded a year. PL.'S MIL 1, at 7. That overstates the limiting rule. In the Ninth Circuit, "the prior conviction, its general nature, and punishment of felony range are fair game for testing the defendant's credibility." *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009). What is excluded, absent exceptional circumstances, is the "collateral details and circumstances attendant upon the conviction" not the identity of the crime. *Ibid*. (citing *United States v. Sine*, 493 F.3d 1021 (9th Cir. 2007)). Importantly, this limitation only applies to prior convictions narrowly admitted to impeach credibility under rule 609. *Ibid.*

Plaintiff's reliance on *Gray v. Clark* is misplaced. Gray excluded the statutory names of violent crimes — burglary and assault — because those names risked a propensity inference in a case involving a violent incident; it distinguished such crimes from convictions whose impeachment value lies in their nature. *Gray v. Clark*, 654 F. Supp. 3d 1062 (E.D. Cal. 2023). Plaintiff's theft and receiving-stolen-property convictions are not violent crimes, their probative force is tied to their dishonest, acquisitive nature, and the Ninth Circuit has held that the names of such crimes should be disclosed precisely because their impeachment value derives from the nature of the offense. *United States v. Cabrera*, 201 F.3d 1243 (9th Cir. 2000)

Here, Defendants do not seek to introduce the underlying facts of any conviction, *except* where relevant for other purposes as detailed below and in Defendants' Opposition to Plaintiff's Motion in Limine 2, filed concurrently. The appropriate result is admission of the fact, date, nature, and felony sentence range of each conviction — not bare, nameless references.

///

**D. Plaintiff's Convictions and Arrest History Are Independently Admissible to Show His Bias Against the San Diego Sheriff's Department.**

Plaintiff's motion treats his criminal history solely as Rule 609 impeachment and defers other grounds to his Motion in Limine No. 2. PL'S MIL 1 at 7. But the non-propensity grounds for admission matter to this motion too: they confirm the high probative value that defeats Plaintiff's Rule 403 objection and supply the "specific facts and circumstances" Rule 609(b) requires. Fed. R. Evid. 609.

The criminal history is independently admissible under Rule 404(b) to show Plaintiff's bias against the San Diego Sheriff's Department — the agency that employs Deputy Ramos and that Plaintiff now sues. The Ninth Circuit held in *Heath v. Cast* that a civil-rights plaintiff's prior arrests by the same police agency are probative of his bias against that agency and of his motive in bringing the action, and that the jury is entitled to hear the underlying evidence to assess the degree of that bias even if the plaintiff offers to stipulate; Rule 404(b) is a rule of inclusion. *Heath v. Cast*, 813 F.2d 254 (9th Cir. 1987) Plaintiff's record fits that inference precisely: the overwhelming majority of his arrests across three decades were effected by the San Diego Sheriff — including his most recent, on October 27, 2022, by the Sheriff's Lemon Grove station, weeks before the incident here. NOL EXH. 1. A documented, repeated, and adversarial history with the very agency Plaintiff is suing bears directly on his motive and credibility, and it makes the convictions more probative — not less — in the Rule 403 balance.

**E. Plaintiff's Law-Enforcement History Is Admissible to Contest His Claimed Damages.**

Plaintiff places his emotional condition squarely in issue. His operative complaint seeks recovery because he allegedly "suffered injury, physical pain, humiliation, distress and other noneconomic injury." FIRST AMENDED COMPLAINT. At deposition he went further, testifying that seeing law enforcement "reminds [him]" of the incident and that "it can happen again," that he still fears "[a]bsolutely" that it will happen again, and that he is "scared every time" he sees law enforcement. NOL EXHIBIT 3 – Transcript of

Videotaped Deposition of Jamel Plaintiff October 08, 2025, at 101 ("NOL EXH. 3") Having claimed a fear of police as an element of his damages, Plaintiff cannot shield from the jury a decades-long history of repeated, voluntary, and ongoing interactions with law enforcement that bears on whether that fear is genuine and attributable to this incident.

The Ninth Circuit has approved exactly this use. In *Peraza v. Delameter*, the court affirmed admission of evidence of a § 1983 plaintiff's subsequent encounters with police on the issue of damages, subject to a limiting instruction. (*Peraza v. Delameter*, 722 F.2d 1455 (9th Cir. 1984)) *Peraza* is especially applicable here where Plaintiff was arrested after the incident with Deputy Ramos. NOL EXH. 2.

**F. Plaintiff Opened the Door by Invoking His Law-Enforcement Experience to Vouch for His Own Conduct.**

Plaintiff does not merely deny pulling away; he affirmatively invokes his extensive experience with law enforcement to vouch for his conduct. He testified: "I did not pull my body one way or the other to pull away from him. Like I said, this is not my first time. I know that is not the way" to handle himself. NOL EXH. 3 at 48. He likewise testified that "[t]his is not my first time being stopped by the police, and so I know what information they need, and I gave it to them." *Id* at 47. Plaintiff thus relies on his prior police encounters as affirmative proof that he knew how to behave and did not resist.

A party who injects his own history to bolster his credibility opens the door to evidence on that subject that might otherwise be excluded. The Ninth Circuit held in *United States v. Castillo* that a witness's "expansive and unequivocal denial" of misconduct on direct examination opens the door to extrinsic evidence contradicting it, even evidence otherwise inadmissible under Rules 404 and 608(b). *United States v. Castillo,* 181 F.3d 1129, 1134 (9th Cir. 1999). A witness may not offer such a broad disclaimer and then invoke the collateral-fact doctrine to foreclose contradiction. *Ibid*. If Plaintiff tells the jury that his experience with police taught him how to conduct himself

///

and not to resist, Defendants are entitled to test that claim against his actual record of repeated arrests and convictions — including for resisting a peace officer.

## V. CONCLUSION

The Court should deny Plaintiff's Motion in Limine No. 1. Plaintiff's 2004 felony convictions are presumptively admissible under Rule 609(a)(1)(A), (Fed. R. Evid. 609) and Plaintiff cannot meet his Rule 403 burden in a case that turns on his credibility. His 1994 and 1999 convictions are admissible under Rule 609(b) because his unbroken record of offenses and incarceration supplies the exceptional circumstances the Rule requires. If any conviction is admitted, Defendants should be permitted to introduce its fact, date, nature, and felony sentence range, subject to a limiting instruction.

DATED: October 5, 2026

DAMON M. BROWN, County Counsel

By: *<u>/s/ Timothy A. Hanna</u>*
Timothy Hanna, Senior Deputy
Christopher Blaylock, Supervising Deputy
Attorneys for Defendants County of San Diego and Nicolai Ramos