DAMON M. BROWN, County Counsel (SBN 242265)
By: TIMOTHY A. HANNA, Senior Deputy (SBN 310620)
CHRISTOPHER M. BLAYLOCK, Supervising Deputy (SBN 284629)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 904-0151; (619) 531-2469; (619) 531-6005
E-mail: timothy.hanna@sdcounty.ca.gov; christopher.blaylock@sdcounty.ca.gov

Attorneys for Defendant County of San Diego and Nicolai Ramos

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

JAMEL BURT,

Plaintiff,

v.

NICOLAI RAMOS, in his individual capacity, COUNTY OF SAN DIEGO; MICHAEL ALCARION, in his individual capacity; and DOES 1-5,

Defendants.

No. 24-cv-00662-CAB-VET

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF OTHER ARRESTS, CONTACTS WITH LAW ENFORCEMENT, AND PRIOR ACTS**

Hearing: October 16, 2026
Time: 2:00 P.M.
Courtroom: 15A
Judge: Hon. Cathy A. Bencivengo

# TABLE OF CONTENTS

I. INTRODUCTION ........ 1
II. RELEVANT BACKGROUND ........ 2
A. The disputed Incident ........ 2
B. Plaintiff's prior and subsequent law-enforcement history ........ 2
C. Plaintiff's damages and deposition testimony ........ 3
III. LEGAL STANDARD ........ 3
IV. ARGUMENT ........ 4
A. Plaintiff's Arrest-and-Conviction Records (Defense Exhibits F and AP–AW) Are Admissible for the Reasons Set Out in Defendants' Opposition to Motion in Limine No. 1 – Specifically Impeachment, Bias, and to Contradict Plaintiff's Claimed Fear of Police Damages ........ 4
B. The October 27, 2022, Penal Code Section 148 Incident (Defendants' Proposed Exhibit CM) Is Admissible for Multiple Independent, Non-Propensity Purposes ........ 5
1. The footage impeaches Plaintiff's sworn denial by contradiction under Rule 607 ........ 5
2. The footage is admissible under Rule 404(b)(2) to prove absence of mistake, knowledge, and plan ........ 6
i. Absence of mistake ........ 6
ii. Knowledge ........ 6
iii. Plan ........ 6
3. The footage is admissible as circumstantial evidence of the central disputed fact ........ 7

4. The footage and arrest records impeach Plaintiff's professed inability to remember the incident ........ 8

5. Graham's officer-knowledge rule does not bar this evidence ........ 8

6. Rule 403 favors admission, and any residual risk is cured by limiting the evidence and instructing the jury ........ 9

C. Plaintiff's Arrest History Is Independently Admissible to Show His Bias Against the San Diego Sheriff's Department ........ 10

D. Plaintiff's Post-Incident Arrests (Exhibits BV, CL, and CN) Are Admissible to Contest His Claimed Fear-of-Police Damages ........ 10

E. The Restraining-Order Records (Defendants' Proposed Exhibits CK and CN) Have Targeted, Permissible Relevance ........ 11

F. Rule 37(c)(1) Does Not Require Exclusion of Exhibits CL and CM ........ 12

V. CONCLUSION ........ 13

# TABLE OF AUTHORITIES

**CASES** **PAGE (S)**

*Barillas v. City of Los Angeles,*
2021 WL 4434977 (C.D. Cal. Apr. 12, 2021)........ 7

*Boyd v. City & Cnty. of S.F.*,
576 F.3d 938, 944 (9th Cir. 2009) ........ 7, 9

*Glenn v. Washington Cnty,*
673 F.3d 864 (9th Cir. 2011). ........ 9

*Heath v. Cast*,
813 F.2d 254 (9th Cir. 1987)........ 3, 10

*Jackson v. Cnty. of San Bernardino*,
194 F. Supp. 3d 1004 (C.D. Cal. 2016)........ 9

*Lanard Toys Ltd. v. Novelty, Inc.*,
375 F. App'x 705 (9th Cir. 2010) ........ 12, 13

*Peraza v. Delameter*,
722 F.2d 1455 (9th Cir. 1984)........ 11, 12

*R & R Sails, Inc. v. Ins. Co. of Pennsylvania*,
673 F.3d 1240 (9th Cir. 2012) ........ 13

*United States v. Antonakeas*,
255 F.3d 714 (9th Cir. 2001)........ 5

*United States v. Beckman*,
298 F.3d 788 (9th Cir. 2002)........ 10

*United States v. Castillo*,
181 F.3d 1129 (9th Cir. 1999)........ 3, 5, 6

*United States v. Rogers*,
549 F.2d 490 (8th Cir. 1976)........ 8, 12

*United States v. Ruiz*,
167 F.4th 1024 (9th Cir. 2026)........ 3, 6, 7, 9

*United States v. Shuemake*,
124 F.4th 1174 (9th Cir. 2024)........ 8

## TABLE OF AUTHORITIES
## (CONTINUED)

**CASES** **PAGE (S)**

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
259 F.3d 1101 (9th Cir. 2001) ........ 12

United States Code
§1983 ........ 10, 11

Federal Rule of Civil Procedure
Section 26 ........ 12
Section 37 ........ 1, 12

Federal Rule of Evidence
Section 401 ........ 3
Section 403 ........ 3, 4, 6, 9, 10, 12
Section 404 ........ 5, 6, 10, 13
Section 607 ........ 3, 5
Section 608 ........ 5
Section 609 ........ 4

California Penal Code
Section 148 ........ 2, 3, 5, 8, 12, 13

# I. INTRODUCTION

Plaintiff's Motion in Limine No. 2 asks the Court to bar, wholesale, every reference to his many encounters with law enforcement. The motion is built on a single premise — that Deputy Ramos did not know of these encounters when he used force, so they are irrelevant. That premise answers a question Defendants are not asking. Defendants do not offer Plaintiff's history to justify the force or to prove Plaintiff is a bad man. They offer a narrow, specific subset of it to do what the Federal Rules of Evidence expressly permit: impeach Plaintiff's sworn testimony, rebut his innocent-explanation theory, and test his claimed damages.

This case turns on one disputed instant. Deputy Ramos perceived a handcuffed Plaintiff pull away during an escort and took him to the ground; Plaintiff swears he never pulled away and, alternatively, that any movement was an innocent effort to keep his pants from falling. No neutral witness resolves that dispute, and the jury must decide whom to believe. Two months before this incident, on October 27, 2022, Plaintiff did the very thing he now denies: body-worn camera footage shows him verbally sparring with deputies and physically pulling away during a materially identical escort to a patrol car (Defendants' Proposed Exhibit CM). That evidence contradicts Plaintiff's denial and rebuts his innocent explanation. It is admissible, and Plaintiff's blanket motion to exclude it should be denied.

The balance of Plaintiff's motion fares no better. His arrest-and-conviction records (Defendants' Proposed Exhibits F and AP–AW) are governed by the grounds set out in Defendants' concurrently filed Opposition to Motion in Limine No. 1, which Defendants incorporate by reference. His arrests by the San Diego Sheriff are probative of his bias against the very agency he sues. His post-incident arrests (Defendants' Proposed Exhibits BV, CL, and CN) bear directly on his claim that he now fears police. And his belated discovery objection to Defendants' Proposed Exhibits CL and CM is meritless: the Rule 37 sanction is not automatic, and Plaintiff had actual notice of the California Penal Code

///

section 148 arrest footage, which Defendants lodged and argued on summary judgment without objection from Plaintiff.

## II. RELEVANT BACKGROUND

### A. The disputed incident.

During a December 18, 2022 traffic stop, Deputy Ramos escorted a handcuffed Plaintiff toward a patrol vehicle. Plaintiff hurled obscenities and, according to Deputy Ramos, flexed his muscles then attempted to pull away. Deputy Ramos took Plaintiff to the ground in response. Plaintiff denies pulling away or flexing, testifying "Absolutely not. I do know that I did not pull my body one way or the other to pull away from him. Like I said, this is not my first time. I know that is not the way" to handle himself. NOL EXHIBIT 3 - Videotaped Deposition of Jamel Burt October 08, 2025, at 48 (“NOL EXH. 3”). In the alternative, Plaintiff contends any movement was an innocent effort to "keep up my pants from falling" while handcuffed. *Id* at 118.

### B. Plaintiff's prior and subsequent law-enforcement history.

Plaintiff's California criminal-history record reflects a near-continuous record of felony convictions and arrests spanning three decades, the overwhelming majority effected by the San Diego Sheriff, and is summarized in Defendants' Opposition to Motion in Limine No. 1. See also NOL EXHIBIT 1 - PLAINTIFF’S RAPS (CLETS) THROUGH 2022 (CSD 000396-000402 (“NOL EXH. 1”).

Two of those contacts are particularly relevant here. On October 27, 2022 — two months before the incident — Plaintiff was arrested by San Diego Sheriff's Deputies for violating Penal Code § 148(a)(1), obstructing and resisting a peace officer. On body-worn camera footage from that arrest, Plaintiff verbally spars with deputies and, as they escort him to a patrol car, physically pulls away — seconds after yelling "Shut up bitch ass motherfuckers," the identical language he later directed at Deputy Ramos. ECF No. 81 – Defendant Ramos’ Motion for Summary Judgment - NOL Exh. 11- Deputy Hudson’s Body Worn Camera Footage at 3:15 – 11:25 and NOL Exh. 12 – Deputy Martinez’s Body Worn Camera Footage at 1:30-2:22.

After the subject incident, Plaintiff was again arrested for a felony warrant at the US–Mexico border, where he was found with methamphetamine and other drugs. NOL EXHIBIT 2 — US BORDER PATROL RECORDS ("NOL EXH. 2")

**C. Plaintiff's damages and deposition testimony.**

Plaintiff claims, as an element of his damages, a fear of police: he testified that seeing law enforcement "reminds" him of the incident "because it can happen again," that he "[a]bsolutely" fears it will happen again, and that he is "scared every time" he sees law enforcement. NOL EXHIBIT 3 – Transcript of Videotaped Deposition of Jamel Plaintiff October 08, 2025, at 101. He also repeatedly invoked his police experience to vouch for his conduct — "[t]his is not my first time being stopped by the police, and so I know what information they need" — and professed not to remember several prior contacts, including that he has "been in jail so many times" and been arrested more times than he "could . . . count." *Id.* at 59-60.

## III. LEGAL STANDARD

Relevant evidence is admissible unless a specific rule provides otherwise. Fed. R. Evid. 401, 402. Rule 404(b) bars other-acts evidence offered *only to prove propensity*, but it is "a rule of inclusion . . . which admits evidence of other crimes or acts relevant to an issue in the trial, except where it tends to prove only criminal disposition" *Heath v. Cast*, 813 F.2d 254, 259 (9th Cir. 1987); Fed. R. Evid. 404. Such evidence is admissible for any non-propensity purpose, including "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *United States v. Ruiz*, 167 F.4th 1024, 1031 (9th Cir. 2026). The Ninth Circuit admits other acts evidence under a four-part test: the evidence (1) tends to prove a material point; (2) is not too remote in time; (3) is sufficient to support a finding the act occurred; and (4), where knowledge or intent is at issue, is similar to the conduct at issue. *United States v. Castillo*, 181 F.3d 1129, 1134 (9th Cir. 1999). Separately, Rule 607 permits impeachment by contradiction: a witness's "expansive and unequivocal denial" on direct opens the door to extrinsic evidence contradicting that testimony, subject only to Rule 403. *Id.* at 1134; Fed. R. Evid.

607. Because Rule 403 excludes relevant evidence only where probative value is "substantially outweighed" by unfair prejudice, the party seeking exclusion — Plaintiff — bears the burden. Fed. R. Evid. 403.

## IV. ARGUMENT

### A. Plaintiff's Arrest-and-Conviction Records (Defense Exhibits F and AP–AW) Are Admissible for the Reasons Set Out in Defendants' Opposition to Motion in Limine No. 1 – Specifically Impeachment, Bias, and to Contradict Plaintiff's Claimed Fear of Police Damages.

Defendants' Proposed Exhibits F and AP–AW are the CLETS printout, booking and arrest records, jail medical records, and incarceration history documenting the arrests and convictions addressed in Plaintiff's Motion in Limine No. 1. (ECF No. 113 - PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER ARRESTS, CONTACTS WITH LAW ENFORCEMENT, AND PRIOR ACTS at 2. (Hereafter "PL.'S MIL 2"); see also NOL EXH. 1. Defendants' Opposition to that motion, filed concurrently, explains why Plaintiff's convictions are admissible under Rule 609 and why his broader arrest history is admissible to show bias and to contest damages. Fed. R. Evid. 609. Defendants incorporate those arguments by reference and do not repeat them here.

Two points narrow the dispute. First, Defendants do not intend to introduce the detailed underlying records — the booking profiles, jail medical files, and arrest narratives — in their case. Defendants seek to establish the fact, date, and nature of the arrests and convictions, not to conduct mini trials on their particulars. The detailed records (Defense Proposed Exhibits F and AP–AW) become relevant only if Plaintiff disputes that the arrests or convictions occurred, at which point Defendants are entitled to prove them. Second, to the extent Plaintiff's motion seeks to relitigate the admissibility of his convictions under Rules 609 and 403, the Court should resolve that question on Motion in Limine No. 1, where it is fully briefed. Plaintiff cannot obtain through a second motion the blanket exclusion the first motion does not support.

**B. The October 27, 2022, Penal Code Section 148 Incident (Defendants' Proposed Exhibit CM) Is Admissible for Multiple Independent, Non-Propensity Purposes.**

The body-worn camera footage of Plaintiff's October 27, 2022, arrest is the most probative evidence in the case on the single fact that will decide it. Each ground below independently supports admission; the Court may admit the evidence on any one of them. And none depends on what Deputy Ramos knew, because none is offered to justify the force.

**1. The footage impeaches Plaintiff's sworn denial by contradiction under Rule 607.**

Plaintiff did not merely deny pulling away. He gave an expansive, unequivocal denial and grounded it in his own experience: "Absolutely not. . . . Like I said, this is not my first time. I know that is not the way" to handle himself. NOL EXH. 3 at 48. He repeated that he "know[s] what information they need" because "[t]his is not my first time being stopped by the police." *Id.* at 47. That is precisely the kind of volunteered, sweeping disclaimer that opens the door to contradiction. The Ninth Circuit holds that impeachment by contradiction is governed by Rule 607, not Rule 608(b), and that "direct-examination testimony containing a broad disclaimer of misconduct . . . can open the door for extrinsic evidence to contradict even though the contradictory evidence is otherwise inadmissible under Rules 404 and 608(b) and is, thus, collateral." *U.S. v. Castillo*, 181 F.3d at 1132–33. A witness's "expansive and unequivocal denial" warrants admission of extrinsic evidence of a prior incident to contradict it, and courts are "more willing to permit" such impeachment where, as here, the testimony is volunteered rather than invited on cross. *Id.* at 1133. The court applied the same rule where a witness made "sweeping" denials of any involvement with drugs, holding the denials "opened the door" to rebuttal evidence of a prior arrest. *United States v. Antonakeas*, 255 F.3d 714, 724 (9th Cir. 2001).

///

The October 27, 2022 footage directly contradicts Plaintiff's testimony: in a materially identical escort two months earlier, Plaintiff did exactly what he swears he would never do and did not do here. Impeachment by contradiction does not require a prior statement — only prior conduct that contradicts the witness's testimony — and it is analyzed under Rule 403, not as propensity evidence. Defendants will frame the evidence solely as a contradiction of Plaintiff's specific sworn testimony.

**2. The footage is admissible under Rule 404(b)(2) to prove absence of mistake, knowledge, and plan.**

Independent of impeachment, the footage satisfies the four-part Rule 404(b) test for several non-character purposes. *US v. Castillo*, 181 F.3d 1129; *US v. Ruiz*, 167 F.4th 1024; Fed. R. Evid. 404.

i. <u>Absence of mistake.</u>

Plaintiff's alternative theory — that any movement was an innocent attempt to keep his pants from falling — is the paradigm claim the absence-of-mistake exception rebuts. NOL EXH. 3 at 118. Evidence that Plaintiff engaged in the same defiant conduct and physically pulled away in an identical escort two months earlier makes it substantially less probable that his movement here was innocent or inadvertent. Where other-acts evidence is offered to prove absence of mistake or accident, the Ninth Circuit requires similarity between the prior act and the conduct at issue — a requirement easily met here, where the two escorts share the setting, the obscenities, and the act of pulling away. *US v. Ruiz*, 167 F.4th 1024.

ii. <u>Knowledge</u>.

Plaintiff's own testimony "this is not my first time" — affirmatively places his knowledge in issue. NOL EXH. 3 at 48. The October 2022 incident shows the content of that knowledge: Plaintiff knew from recent personal experience the dynamics of a handcuffed escort and pulled away anyway. For a knowledge purpose, the prior act need not be a similar offense so long as it makes the existence of the person's knowledge more probable. *U.S. v. Ruiz*, 167 F.4th at 1033.

iii. Plan.

The striking similarities between the two encounters — the same obscenities, the same escort-to-patrol-vehicle setting, and the same act of pulling away — support an inference of a deliberate course of conduct in this specific type of encounter. The prior act is not remote: a two-month interval is far shorter than gaps the Ninth Circuit routinely approves. See *US v. Ruiz*, 167 F.4th at 1034 (stating “[T]wo years is not too remote in time[.]”)

**3. The footage is admissible as circumstantial evidence of the central disputed fact.**

The footage is also directly probative of whether Plaintiff pulled away at the moment of the takedown. Plaintiff's own authorities establish the governing principle: "where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is relevant and admissible," and "a factfinder may consider outside evidence in assessing the credibility of [a witness’s] account of the circumstances that prompted the use of force." *Barillas v. City of Los Angeles*, No. CV 18-08740-CJC (ASX), 2021 WL 4434977, at *4 (C.D. Cal. Apr. 12, 2021) (citing *Boyd v. City & Cnty. of S.F.*, 576 F.3d 938, 944 (9th Cir. 2009)). In *Boyd*, a case in which survivors of a decedent alleged that law enforcement officers used excessive force when they shot and killed the decedent, the Ninth Circuit concluded that evidence regarding the decedent's criminal history and prior acts on the day of the incident was properly admitted. *Boyd* at 944–945. The evidence was admitted in the context of a “suicide by cop defense” because the prior acts made it more probable that the decedent was trying to provoke a police shooting, rather than surrender. *Ibid*. The Ninth Circuit held that, “where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is relevant and admissible.” *Id*. at 944.

That is the case here. What Deputy Ramos perceived in the instant before the takedown is the dispute, and evidence that Plaintiff pulled away during a near-identical

escort two months earlier makes Deputy Ramos's account more probable and Plaintiff's less so.

**4. The footage and arrest records impeach Plaintiff's professed inability to remember the incident.**

At deposition, when asked about specific prior arrests and convictions, Plaintiff professed not to remember a number of his prior law-enforcement contacts. NOL EXH. 3 at 20, (claiming not to recall the nature of his 1994 burglary conviction), 26-27 (the circumstances around his own mother applying for a TRO against him), 44-45 (claiming no memory of prior PC148, prior battery with serious bodily injury, and prior felony evading). A witness's claimed lack of memory is a proper subject of impeachment. "A claimed inability to recall, when disbelieved by the trial judge, may be viewed as inconsistent with previous statements," because the "unwilling witness often takes refuge in a failure to remember, and the astute liar is sometimes impregnable unless his flank can be exposed to an attack of this sort." *United States v. Rogers*, 549 F.2d 490, 496 (8th Cir. 1976) (citing 3A J. Wigmore, Evidence s 1043, at 1061 (Chadbourn rev. 1970)). The Ninth Circuit agrees that a "feigned lack of recollection" — shown by "inexplicable claims of faulty memory, evasive testimony, or similar red flags" — may be treated as an inconsistency. *United States v. Shuemake*, 124 F.4th 1174, 1177 (9th Cir. 2024). A witness "cannot have it both ways: a witness cannot make a sworn statement and then attempt to wiggle out from it by . . . falsely asserting he cannot recall it." *Id.* at 1178.

Defendants do not contend that every professed lapse is feigned; genuine memory loss is not impeachment. But if Plaintiff disclaims memory of the October 2022 Penal Code § 148 arrest or his other recent contacts, the footage and records are admissible to test whether that disclaimer is credible.

**5. Graham's officer-knowledge rule does not bar this evidence.**

Plaintiff's central argument — that the evidence is irrelevant because Deputy Ramos did not know of the prior incident — misapprehends the purpose for which it is offered. The rule Plaintiff invokes is that reasonableness is "judged from the perspective

of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," and that courts "cannot consider evidence of which the officers were unaware." PL'S MIL 2 at 3 (Citing *Glenn v. Washington Cnty*., 673 F.3d 864 (9th Cir. 2011). But that prohibition applies only to evidence offered to justify the officer's use of force. It says nothing about evidence offered to impeach the plaintiff, rebut his innocent explanation, or contest his damages.

Plaintiff's own cases prove the point. In *Jackson v. Cnty. of San Bernardino*, the court excluded the plaintiff's prior criminal history but did so expressly by distinguishing *Boyd*, *supra*, because "what the officer perceived just prior to the use of force" as well as the plaintiff's knowledge or intent we *not* in dispute. *Jackson v. Cnty. of San Bernardino*, 194 F. Supp. 3d 1004, 1010 (C.D. Cal. 2016) (citing *Boyd v. City & Cnty. of S.F*., 576 F.3d 938)). Indeed, the court in *Jackson* went on to admit evidence of the plaintiff's intoxication, not because it was relevant to what the officer knew or did not know under *Graham,* but because it was "relevant to [the plaintiff's] credibility in remembering the versions of the events that day." *Jackson v. Cnty. of San Bernardino*, 194 F. Supp. 3d at 1010.

**6. Rule 403 favors admission, and any residual risk is cured by limiting the evidence and instructing the jury.**

The probative value here is extraordinarily high — the evidence directly contradicts the central factual claim in Plaintiff's case — and "[t]he probative value in a knowledge case . . . is measured by its tendency to make the existence of [the] knowledge or intent more probable." *U.S. v. Ruiz*, 167 F.4th at 1036. Any danger of unfair prejudice does not substantially outweigh that value and, in any event, is readily managed. Courts routinely admit the specifically probative portion of a prior incident while excluding more prejudicial aspects: limiting the evidence to the relevant conduct, "sanitizing" or redacting the rest, excluding cumulative testimony, and giving limiting instructions. See *Ibid*; Defendants seek to introduce only the verbal sparring and the physical pulling away

///

— not any other aspect of the October 2022 arrest — and request a limiting instruction confining the jury's use of the evidence to the purposes for which it is admitted.

Defendants acknowledge the one caution the case law imposes: impeachment by contradiction requires that the prior conduct genuinely contradicts the witness's testimony, not a strained reading of it. See *United States v. Beckman*, 298 F.3d 788 (9th Cir. 2002). That condition is satisfied here, where Plaintiff's flat denial that he pulled away, *accompanied by his own references to prior arrests to bolster an inference that he would not pull away and knows better than to pull away*, is squarely contradicted by footage of him pulling away in an identical escort.

**C. Plaintiff's Arrest History Is Independently Admissible to Show His Bias Against the San Diego Sheriff's Department.**

Plaintiff's arrests are also admissible under Rule 404(b) to show his bias against the agency he sues. The Ninth Circuit held in a § 1983 action that a civil-rights plaintiff's prior arrests by the same police agency are probative of his bias against that agency and his motive in bringing suit, that the jury is "entitled to hear the evidence and decide the extent of that bias." *Heath v. Cast*, 813 F.2d 254, 259 (9th Cir. 1987). The court affirmed admission subject to Rule 403 balancing and a limiting instruction. *Ibid.* Plaintiff's record fits that inference precisely: the overwhelming majority of his arrests across three decades were effected by the San Diego Sheriff, including the October 27, 2022 arrest weeks before this incident. NOL EXH. 1.

**D. Plaintiff's Post-Incident Arrests (Exhibits BV, CL, and CN) Are Admissible to Contest His Claimed Fear-of-Police Damages.**

Plaintiff's First Amended Complaint has placed his emotional condition squarely in issue, seeking noneconomic damages for his claimed distress. Plaintiff doubled down on those damages by testifying that he is now "scared every time" he sees law enforcement and "[a]bsolutely" fears the incident "can happen again." NOL EXH. 3. at 101.

///

Importantly, he claims a fear of police generally, not just Deputy Ramos. Having made this generalized fear of police an element of his damages, Plaintiff cannot shield from the jury his repeated, voluntary pre- and post-incident encounters with law enforcement, which bear directly on whether that fear is genuine and attributable to this incident.

Thus, Plaintiff's myriad police contacts *prior* to the incident are directly relevant to causation: If plaintiff wants to claim that suddenly he fears the police, the jury should not be given the false impression that this was his one and only encounter with police. Indeed, they are entitled to know that plaintiff is quite accustomed to police contact and has been so for nigh on 30 years.

Similarly, the jury is entitled to know that after the encounter with Deputy Ramos, despite his claimed newfound fear of law enforcement, Plaintiff continued to invite police contacts. After the incident, Plaintiff was arrested for felony domestic violence, failed to appear and forfeited bail, and was then arrested on the resulting bench warrant at the US–Mexico border in possession of methamphetamine and other drugs. (Defendants' Proposed Exhibits CN, CL, and BV.) The Ninth Circuit has approved exactly this use of post-incident evidence. It affirmed admission of a § 1983 plaintiff's subsequent encounters with police on the issue of damages, subject to a limiting instruction, holding damages were "always at issue" given the complaint's claim of injury to the plaintiff's "head, body and psyche." *Peraza v. Delameter*, 722 F.2d 1455, 1457 (9th Cir. 1984). Plaintiff's continued, voluntary interactions with police after the incident are strong evidence that his claimed fear is either overstated or not caused by Deputy Ramos. Defendants will accept limiting instructions confining this evidence to damages.

**E. The Restraining-Order Records (Defendants' Proposed Exhibits CK and CN) Have Targeted, Permissible Relevance.**

Defendants do not offer the restraining-order records as propensity evidence, and Plaintiff's blanket request to exclude them should be narrowed accordingly. Defendants' Proposed Exhibit CN — the post-incident domestic-violence restraining order and the

related failure to appear and bench warrant — is admissible as part of the connected post-incident sequence addressed in Section D: it supplies the warrant on which Plaintiff was arrested at the border and bears on his claimed fear-of-police damages. *Peraza v. Delameter*, 722 F.2d 1455. Defendants' Proposed Exhibit CK — the 1992 TRO application by Plaintiff's mother — has narrower relevance. As noted above, Plaintiff testified at deposition that he does "not remember this incident." NOL EXH. 3 at 26-27. Thus, the record is admissible to impeach that testimony, subject to Rule 403. *U.S. v. Rogers*, 549 F.2d 490.

**F. Rule 37(c)(1) Does Not Require Exclusion of Exhibits CL and CM.**

Plaintiff separately argues that Defendants' Proposed Exhibits CL and CM must be excluded because they were not produced in formal discovery. PL'S MIL 2 at 7. The argument fails. Rule 37(c)(1) exclusion is not the automatic consequence Plaintiff assumes. Fed. R. Civ. P. 37. Two express exceptions "ameliorate the harshness" of the rule: evidence may be used if the failure to disclose was "substantially justified" or "harmless." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101 (9th Cir. 2001). Courts weigh the surprise or prejudice to the opposing party, its ability to cure, the likelihood of trial disruption, and any bad faith or willfulness. *Lanard Toys Ltd. v. Novelty, Inc*., 375 F. App'x 705, 713 (9th Cir. 2010)

Each factor favors admission because Plaintiff had actual notice of the § 148 footage (Defendants' Proposed Exhibit CM). Defendants lodged that footage as an exhibit to their motion for summary judgment and argued its significance there, and Plaintiff did not object to it in his opposition. ECF No. 81 – Defendant Ramos' Motion for Summary Judgment - NOL EXH. 11- Deputy Hudson's Body Worn Camera Footage at 3:15 – 11:25 and NOL EXH. 12 – Deputy Martinez's Body Worn Camera Footage at 1:30-2:22; ECF No. 94 – Plaintiff's Consolidated Response in Opposition to Defendants' Motion for Summary Judgment. Plaintiff thus has long had the evidence and its substance. A party need not supplement a disclosure where the information "has otherwise been made known to the other parties during the discovery process *or in*

*writing*," Fed. R. Civ. P. 26(e)(1) (emphasis added), and a technical disclosure violation is harmless where the opposing party already had the substance of the evidence, was not surprised, and did not object or pursue it. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705. There is no surprise, no inability to cure before the November trial, no disruption, and no bad faith. To the extent any curative step is warranted for Defendants' Proposed Exhibit CL, the appropriate remedy is a limited continuance or deposition, not the exclusion of plainly probative evidence. See *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012).

## V. CONCLUSION

Plaintiff's Motion in Limine No. 2 seeks a blanket exclusion the law does not support. The October 27, 2022, § 148 footage is admissible to impeach Plaintiff's sworn denial, to rebut his innocent-explanation theory under Rule 404(b)(2), and as circumstantial evidence of the disputed fact; none of those uses depends on Deputy Ramos's knowledge. Plaintiff's arrest history is admissible to show bias and to contest his fear-of-police damages, and his belated discovery objection fails because he had actual notice of the footage and did not object when Defendants relied on it at summary judgment. The Court should deny the motion, admit the evidence subject to appropriate limiting instructions, and reserve any exhibit-specific questions for the trial context.

DATED: October 5, 2026

DAMON M. BROWN, County Counsel

By: /s/ *Timothy A. Hanna*
Timothy Hanna, Senior Deputy
Christopher Blaylock, Supervising Deputy
Attorneys for Defendants County of San Diego and Nicolai Ramos