**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMEL BURT,<br><br>Plaintiff,<br><br>v.<br><br>NICOLAI RAMOS, in his individual capacity, and COUNTY OF SAN DIEGO,<br><br>Defendants. | CASE NO. 3:24-cv-00662-CAB-VET<br><br>**JOINT [PROPOSED] FINAL PRETRIAL ORDER**<br><br>**Fed. R. Civ. P. 26(a)(3)**<br><br>Hon. Cathy Ann Bencivengo<br><br>Final Pretrial Conference: October 16, 2026 at 2:00 PM |

# I. STATEMENT OF THE CASE

**Plaintiff Proposes:**

This is a civil rights action arising from a use of force by a San Diego County Sheriff's Department deputy. Plaintiff Jamel Burt alleges that Defendant Nicolai Ramos used excessive force against him during a traffic stop that occurred on December 18, 2022. Plaintiff claims that as a result of the incident, he sustained numerous injuries, including two broken teeth and injuries to his shoulder, ribs and foot. Plaintiff has sued Deputy Ramos in his individual capacity and has also sued the County of San Diego, which employs Deputy Ramos.

Plaintiff claims as follows: that Deputy Ramos used unreasonable and excessive force against him, in violation of his civil rights and in violation of state law; that Deputy Ramos acted in retaliation for Plaintiff's exercise of his protected rights under the First Amendment and his right to remain silent.

Plaintiff claims that the County failed to properly train, supervise, investigate and discipline deputies who used excessive force, including Deputy Ramos after a previous use-of-force incident. Plaintiff further alleges that the County is responsible pursuant to a rule called "*respondeat superior*," whereby an employer can be responsible for the harm its employee caused while doing his job. Plaintiff claims that Deputy Ramos was acting as a County employee during the traffic stop in which Deputy Ramos used force in him, so the County is responsible for his conduct under California law.

Defendants dispute liability for harm. They dispute the nature and extent of Plaintiff's claims injuries and damages.

**Defendants Propose:**

This case arose from a use of force during a law enforcement traffic stop and investigation that occurred on December 18, 2022. Defendant Nicolai Ramos, a San Diego Sheriff's Deputy, pulled over a vehicle for multiple vehicle code violations. The Plaintiff in this case, Jamel Burt, was a passenger in the

vehicle. Deputy Ramos witnessed an object thrown from the passenger window before the vehicle came to a stop. Plaintiff and the Driver were handcuffed and questioned by Defendant Ramos and another Sheriff's Deputy. Although Plaintiff responded to some initial questions, he refused to provide his address. Following this refusal, Defendant Ramos escorted Plaintiff to his patrol vehicle for further detention. During the course of this escort, Plaintiff was taken to the ground. Plaintiff claims that during the takedown he sustained two broken teeth and injuries to his shoulder, ribs and foot.

Plaintiff has alleged that Defendant Ramos' use of force was unreasonable and in retaliation for his exercise of protected First Amendment rights. Deputy Ramos contends that this use of force was a reasonable and necessary response to Plaintiff's actions and motivated by his duty to protect the public, his fellow deputy and himself from harm.

The County of San Diego is also a Defendant in this action. Plaintiff has alleged that this incident arose from a policy, and a long-standing custom and practice of using unreasonable force against restrained individuals. Plaintiff alleges that such unreasonable uses of force were the result of a failure to properly train and discipline its law enforcement officers. The County of San Diego denies that any such policy, custom or practice exists. It contends that its policies, as well as its methods of training and disciplining its officers is consistent with constitutional protections governing the reasonable use of force.

## II. CAUSES OF ACTION

**Plaintiff Proposes:**

Plaintiff Jamel Burt makes the following claims against Defendant Jamel Burt:

1. Excessive Force in Violation of the Fourth Amendment (42 U.S.C. § 1983);

2. Retaliation in Violation of the First, Fifth and Fourteenth Amendments (42 U.S.C. § 1983);
3. Assault and Battery; and
4. Violation of the Bane Act (Cal. Civ. Code § 52.1).

Plaintiff Jamel Burt makes the following claims against Defendant County of San Diego:

1. *Monell* Municipal Liability (42 U.S.C. § 1983), under three alternate theories:
   (1) Custom and practice of permitting excessive force, particularly of people who are handcuffed or otherwise restrained;
   (2) Ratification/Failure to Supervise
   (3) Policy of inaction
2. Assault and Battery (*respondeat superior*); and
3. Violation of the Bane Act (Cal. Civ. Code § 52.1) (*respondeat superior*).

**Defendants Propose:**

Plaintiff Jamel Burt makes the following claims against Defendant Jamel Burt:

1. Excessive Force in Violation of the Fourth Amendment (42 U.S.C. § 1983);
2. Retaliation in Violation of the First, Fifth and Fourteenth Amendments (42 U.S.C. § 1983);
3. Assault and Battery; and
4. Violation of the Bane Act (Cal. Civ. Code § 52.1).

Plaintiff Jamel Burt makes the following claims against Defendant County of San Diego:[1]

[1] In its November 14, 2025, this Court granted "the motion to dismiss Plaintiff's fourth, fifth, and sixth cause of action against the County for failure to train, failure to supervise and failure to discipline. (Order Granting in Part and Denying in Part

1. *Monell* Municipal Liability (42 U.S.C. § 1983);
2. Assault and Battery (*respondeat superior*); and
3. Violation of the Bane Act (Cal. Civ. Code § 52.1) (*respondeat superior*).

## III. SUMMARY OF CLAIMS, DAMAGES AND DEFENSES

### A. First Claim — Excessive Force Against Defendant Nicolai Ramos Against Defendant Nicolai Ramos by Plaintiff Jamel Burt

**Plaintiff's Proposed Elements [see Ninth Circuit Model Instruction No. 9.27]:**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest. Therefore, to establish an unreasonable seizure in this case, the Plaintiff Jamel Burt must prove by a preponderance of the evidence that the officer used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer[s] used excessive force in this case, consider all of the circumstances known to the officer[s] on the scene, including:

1. the nature of the crime or other circumstances known to the officer at the time force was applied;

2. whether the plaintiff posed an immediate threat to the safety of the officer or to others;

County's Motion to Dismiss [ECF No. 66]). Consequently, these are no longer separate claims independent from Plaintiff's *Monell* claim against the County.

3. whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4. the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5. the relationship between the need for the use of force and the amount of force used;

6. the extent of the plaintiff's injury;

7. any effort made by the officer to temper or to limit the amount of force;

8. the severity of the security problem at issue;

9. the availability of alternative methods to take the plaintiff into custody;

10. whether it was practical for the officer[s] to give warning of the imminent use of force, and whether such warning was given;]

**Defendants' Proposed Elements [see Ninth Circuit Model Instruction No. 9.27]**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest, in defending himself, or in attempting to stop a fleeing or escaping suspect. Therefore, to establish an unreasonable seizure in this case, the plaintiff Jamel Burt must prove by a preponderance of the evidence that the officer used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts

known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1) the nature of the crime or other circumstances known to the officer[s] at the time force was applied;

(2) whether the plaintiff posed an immediate threat to the safety of the officer or to others;

(3) whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

(4) the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5) the relationship between the need for the use of force and the amount of force used;

(6) the extent of the plaintiff's injury;

(7) any effort made by the officer to temper or to limit the amount of force;

(8) the severity of the security problem at issue;

(9) the availability of alternative methods to subdue the plaintiff;

(10) the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*,which party created the dangerous situation, and which party is more innocent; and

(11) whether it was practical for the officer to give warning of the imminent use of force, and whether such warning was given.

(12) whether a reasonable officer would have or should have accurately perceived a mistaken fact;

(13) whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm; and

**Damages:**

Economic damages;

Non-economic damages;

Punitive damages against Defendant Nicolai Ramos; and

Attorneys' fees and costs incurred.

**Defenses:**

Qualified Immunity (Defendants request Special Jury Instruction regarding certain questions of fact. (Defendants' Motion in Limine No. 4 to Request Special Jury Interrogatories (or Equivalent Questions) of Discrete Facts to Accompany Special Verdict Form [ECF No. 109])

**B. Second Claim — Retaliation Against Defendant Nicolai Ramos Against Defendant Nicolai Ramos by Plaintiff Jamel Burt**

**Plaintiff's Proposed Elements:**

As previously explained, the plaintiff Jamel Burt has the burden of proving that the acts of the defendant Nicolai Ramos deprived the plaintiff Jamel Burt of particular rights under the United States Constitution. In this case, the plaintiff Jamel Burt alleges the defendant Nicolai Ramos deprived the plaintiff Jamel Burt of rights under the First Amendment to the Constitution when defendant Nicolai Ramos slammed plaintiff Jamel Burt face-first into the ground, while plaintiff Jamel Burt was handcuffed, in retaliation for Jamel Burt's speech.

Under the First Amendment, a citizen has the right to free expression and free speech, including the right to speak critically and rudely to government officials. To establish the defendant Nicolai Ramos deprived the plaintiff Jamel Burt of this First Amendment right, the plaintiff Jamel Burt must prove the following additional elements by a preponderance of the evidence:

1. Plaintiff Jamel Burt was engaged in a constitutionally protected activity.

2. Defendant Nicolai Ramos's actions against the Plaintiff Jamel Burt would chill a person of ordinary firmness from continuing to engage in the protected activity; and

3. Plaintiff Jamel Burt's protected activity was a substantial or motivating factor in Defendant Nicolai Ramos's conduct.

A substantial or motivating factor is a significant factor, though not necessarily the only factor.

If Plaintiff Jamel Burt establishes each of the foregoing elements, the burden shifts to Defendant Nicolai Ramos to prove by a preponderance of the evidence that Defendant Nicolai Ramos would have taken the action(s) in question, even in the absence of any motive to retaliate against Plaintiff Jamel Burt. If you find that Defendant Nicolai Ramos is able to demonstrate this, you must find for Defendant Nicolai Ramos. If you find that Defendant Nicolai Ramos is not able to demonstrate this, you must find for the Plaintiff Jamel Burt.

**Defendants' Proposed Elements [Ninth Circuit Model Instruction No. 9.11]:**

As previously explained, the plaintiff Jamel Burt has the burden of proving that the acts of the defendant Deputy Nicolai Ramos deprived the plaintiff Jamel Burt of particular rights under the United States Constitution. In this case, the plaintiff Jamel Burt alleges the defendant Deputy Nicolai Ramos deprived the plaintiff Jamel Burt of rights under the First Amendment to the Constitution when he used force against him during a traffic stop.

Under the First Amendment, a citizen has the right to speak critically to law enforcement. To establish the defendant Deputy Nicolai Ramos deprived the plaintiff Jamel Burt of this First Amendment right, the plaintiff Jamel Burt must prove the following additional elements by a preponderance of the evidence:

First, the plaintiff Jamel Burt was engaged in a constitutionally protected activity;

Second, the defendant Deputy Nicolai Ramos' actions against the plaintiff Jamel Burt would chill a person of ordinary firmness from continuing to engage in the protected activity; and

Third, the plaintiff Jamel Burt's protected activity was a substantial or motivating factor in the defendant Deputy Nicolai Ramos' conduct.

A substantial or motivating factor is a significant factor, though not necessarily the only factor.

If the plaintiff Jamel Burt establishes each of the foregoing elements, the burden shifts to the defendant Deputy Nicolai Ramos to prove by a preponderance of the evidence that the defendant Deputy Nicolai Ramos would have taken the action in question, even in the absence of any motive to retaliate against the plaintiff Jamel Burt. If you find that the defendant Deputy Nicolai Ramos is able to demonstrate this, you must find for the defendant Deputy Nicolai Ramos. If you find that the defendant Deputy Nicolai Ramos is not able to demonstrate this, you must find for the plaintiff Jamel Burt.

**Damages:**

Economic damages;

Non-economic damages;

Punitive damages against Defendant Nicolai Ramos; and

Attorneys' fees and costs incurred.

**Defenses:**

Qualified Immunity (Defendants request Special Jury Instruction regarding certain questions of fact. (Defendants' Motion in Limine No. 4 to Request Special Jury Interrogatories (or Equivalent Questions) of Discrete Facts to Accompany Special Verdict Form [ECF No. 109])

### C. Third Claim — *Monell* Liability Against Defendant County of San Diego by Plaintiff Jamel Burt

Plaintiff makes a *Monell* claim for liability against the County of San Diego based on three different theories of liability. The parties set forth the elements for each of these theories below.

#### i. *Monell* Claim — Theory 1: Custom and Practice

**<u>Plaintiff's Proposed Elements [see Ninth Circuit Civil Jury Instruction No. 9.5]:</u>**

In order to prevail on the Plaintiff's § 1983 claim against Defendant County of San Diego alleging liability based on an official policy, practice, or custom, the Plaintiff Jamel Burt must prove each of the following elements by a preponderance of the evidence:

1. Defendant Nicolai Ramos acted under color of state law;
2. The acts or inactions of Nicolai Ramos deprived Plaintiff Jamel Burt of particular rights under the United States Constitution as explained in later instructions;
3. Defendant Nicolai Ramos acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the Defendant County of San Diego; and
4. Defendant County of San Diego's official policy or widespread or longstanding practice or custom caused the deprivation of Plaintiff Jamel Burt's rights by Defendant Nicolai Ramos; that is, the County of San Diego's official policy or widespread or longstanding practice or custom is so closely related to the deprivation of Plaintiff Jamel Burt's rights as to be the moving force that caused the ultimate injury.

"Official policy" means a formal policy, such as a rule or regulation adopted by the defendant County of San Diego, resulting from a deliberate choice to follow a course of action made from among various alternatives by the official or officials

responsible for establishing final policy with respect to the subject matter in question.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the defendant County of San Diego. A practice or custom can be established by repeated constitutional violations that were not properly investigated and for which the violators were not disciplined, reprimanded or punished.

A policy of inaction or omission may be based on a failure to implement procedural safeguards to prevent constitutional violations. To establish that there is a policy based on a failure to preserve constitutional rights, the plaintiff must show, in addition to a constitutional violation, that this policy amounts to deliberate indifference to plaintiff Jamel Burt's constitutional rights, and that the policy caused the violation, in the sense that the municipality could have prevented the violation with an appropriate policy.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions. The plaintiff may prove deliberate indifference in this case by showing that the facts available to the County of San Diego put it on actual or constructive notice that its failure to implement adequate policies was substantially certain to result in the violation of the constitutional rights of persons such as plaintiff Jamel Burt due to the employee's conduct.

**Defendants' Proposed Elements [Ninth Circuit Civil Jury Instruction No. 9.5, 9.8]:**

- **Section 1983 Claim Against Local Governing Body Defendants Based on Official Policy, Practice or Custom [Ninth Circuit Civil Jury Instruction No. 9.5]**

To prevail on the plaintiff's § 1983 claim against defendant County of San Diego alleging liability based on an official policy, practice, or custom, the plaintiff Jamel Burt must prove each of the following elements by a preponderance of the evidence:

- First, defendant Deputy Nicolai Ramos acted under color of state law;
- Second, the acts of defendant Deputy Nicolai Ramos deprived the plaintiff Jamel Burt of particular rights under the United States Constitution as explained in later instructions;
- Third, defendant Deputy Nicolai Ramos acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the defendant County of San Diego; and
- Fourth, the defendant County of San Diego's official policy or widespread or longstanding practice or custom caused the deprivation of the plaintiff Jamel Burt's rights by defendant Deputy Nicolai Ramos; that is, the County of San Diego's official policy or widespread or longstanding practice or custom is so closely related to the deprivation of the plaintiff Jamel Burt's rights as to be the moving force that caused the ultimate injury.

The parties have stipulated that defendant Deputy Nicolai Ramos acted under color of state law.

"Official policy" means a formal policy, such as a rule or regulation adopted by the defendant County of San Diego, resulting from a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the defendant County of San Diego. A practice or custom can be established by repeated constitutional violations that were not properly investigated and for which the violators were not disciplined, reprimanded or punished.

**Damages:**

Economic damages;

Non-economic damages; and

Attorneys' fees and costs incurred.

### ii. *Monell* Claim — Theory 2: Failure to Train/Policy of Inaction

**Plaintiff's Proposed Elements [see Ninth Circuit Civil Jury Instruction No. 9.8]:**

To prevail on plaintiff Jamel Burt's § 1983 claim against defendant County of San Diego alleging liability based on a policy that the County fails to prevent violations of law by its deputy sheriffs, plaintiff Jamel Burt must prove each of the following elements by a preponderance of the evidence:

1. The acts of defendant Nicolai Ramos deprived plaintiff Jamel Burt of his particular rights under the United States Constitution as explained in later instructions;
2. Defendant County of San Diego acted under color of state law;
3. The training and/or policies of the defendant County of San Diego were not adequate to prevent violations of law by its employees while handling the usual and recurring situations with which they must deal;
4. The defendant, County of San Diego, was deliberately indifferent to the substantial risk that its policies were inadequate to prevent violations of law by its deputies; and
5. The failure of the defendant County of San Diego to prevent violations of law by its employees caused the deprivation of plaintiff Jamel Burt's rights by the defendant, Nicolai Ramos; that is, defendant County of San Diego's failure to prevent violations of law by its employees played a substantial part in bringing about or actually causing the injury or damage to plaintiff Jamel Burt.

A person acts “under color of state law” when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. I instruct you that Deputy Ramos acted under color of state law.

A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

“Practice or custom” means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the defendant County of San Diego. A practice or custom can be established by repeated constitutional violations that were not properly investigated and for which the violators were not disciplined, reprimanded or punished.

“Deliberate indifference” is the conscious choice to disregard a known or obvious consequences of one’s acts or omissions. Plaintiff Jamel Burt may prove deliberate indifference in this case by showing that the facts available to defendant City of San Diego put it on actual or constructive notice that its failure to train adequately was substantially certain to result in the violation of the constitutional rights of persons such as plaintiff Jamel Burt due to employee’s conduct.

- **Defendants’ Proposed Elements [Section 1983 Claim Against Local Governing Body Defendants Based on Policy of Failure to Train [Ninth Circuit Civil Jury Instruction No. 9.8]**

To prevail on plaintiff Jamel Burt’s § 1983 claim against defendant County of San Diego alleging liability based on a policy of a failure to train its law enforcement officers, plaintiff Jamel Burt must prove each of the following elements by a preponderance of the evidence:

First, the acts of defendant Deputy Nicolai Ramos deprived plaintiff Jamel Burt of his particular rights under the United States Constitution as explained in later instructions;

Second, defendant Deputy Nicolai Ramos acted under color of state law;

Third, the training policies of the defendant County of San Diego were not adequate to train its law enforcement officers to handle the usual and recurring situations with which they must deal;

Fourth, the defendant County of San Diego was deliberately indifferent to the known or obvious consequences of its failure to train its law enforcement officers adequately; and

Fifth, the failure of the defendant County of San Diego to provide adequate training caused the deprivation of plaintiff Jamel Burt's rights by the defendant Deputy Nicolai Ramos; that is, defendant County of San Diego's failure to train played a substantial part in bringing about or actually causing the injury or damage to plaintiff Jamel Burt.

The parties have stipulated that defendant Deputy Nicolai Ramos acted under color of state law.

A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. A policy of inaction or omission may be based on a failure to implement procedural safeguards to prevent constitutional violations. To establish that there is a policy based on a failure to preserve constitutional rights, plaintiff Jamel Burt must show, in addition to a constitutional violation, that this policy amounts to deliberate indifference to plaintiff Jamel Burt's constitutional rights, and that the policy caused the violation, in the sense that the municipality could have prevented the violation with an appropriate policy.

"Deliberate indifference" is the conscious choice to disregard a known or obvious consequences of one's acts or omissions. Plaintiff Jamel Burt may prove deliberate indifference in this case by showing that the facts available to defendant County of San Diego put it on actual or constructive notice that its failure to train adequately was substantially certain to result in the violation of the constitutional rights of persons such as plaintiff Jamel Burt due to law enforcement's conduct.

**<u>Damages:</u>**

Economic damages;

Non-economic damages; and

Attorneys' fees and costs incurred.

### iii. *Monell* Claim — Theory 3: Ratification by Policymaker/Failure To Discipline

Plaintiff alleges that the County is liable for Deputy Ramos's use of force against Burt because Sheriff Gore, then the policymaker for the County, ratified Ramos's nearly identical use of force against Joshua Strode in nearly identical circumstances, thus effectively ratifying and authorizing such uses of force.

**<u>Plaintiff's Proposed Elements:</u>**

To prevail on the plaintiff Jamel Burt's § 1983 claim against the supervisory defendant County of San Diego, the plaintiff Jamel Burt must prove each of the following elements by a preponderance of the evidence:

1. Nicolai Ramos acted under color of state law;
2. the acts of Nicolai Ramos deprived Jamel Burt of his particular rights under the United States Constitution as explained in later instructions;
3. Sheriff William Gore acted under color of state law;
4. Sheriff William Gore had final policymaking authority from defendant County of San Diego concerning the acts of Nicolai Ramos.

5. Sheriff William Gore ratified his subordinate Nicolai Ramos's acts in the prior incident involving Joshua Strode, that is, Sheriff William Gore knew of and specifically made a deliberate choice to approve Nicolai Ramos's specific acts and the basis for them,

6. Sheriff William Gore's ratification of Nicolai Ramos's acts in the incident involving Joshua Strode showed a reckless or callous indifference to the deprivation by defendant Nicolai Ramos of the rights of others; and

7. Sheriff William Gore's conduct was so closely related to the deprivation of the plaintiff Jamel Burt's rights as to be the moving force that caused the ultimate injury.

**Defendants' Proposed Elimination of this as a Separate Claim:**

Defendants contend this is not a claim at issue in this action. In its November 14, 2025 order, this Court granted "the motion to dismiss Plaintiff's fourth, fifth, and sixth cause of action against the County for failure to train, failure to supervise and failure to discipline. (Order Granting in Part and Denying in Part County's Motion to Dismiss [ECF No. 66], emphasis added). Further, Defendants contend that Plaintiff did not plead a ratification theory in the Operative Complaint sufficient to sustain this claim at trial. (Plaintiff's First Amended Complaint, *generally* [ECF No. 35].)

**Damages:**

Economic damages;

Non-economic damages; and

Attorneys' fees and costs incurred.

**D. Fourth Claim — Assault and Battery Against Defendants Nicolai Ramos and the County of San Diego by Plaintiff Jamel Burt**

**Plaintiff's Proposed Elements [see CACI Nos. 1301 and 1304A (2026)]:**

Plaintiff Jamel Burt claims that defendant Nicolai Ramos harmed him by using unreasonable force to detain him, prevent his escape, or overcome his resistance. To establish this claim, plaintiff Jamel Burt must prove all of the following:

1. That defendant Nicolai Ramos intentionally touched plaintiff Jamel Burt or caused plaintiff Jamel Burt to be touched;
2. That defendant Nicolai Ramos used unreasonable force on plaintiff Jamel Burt;
3. That plaintiff Jamel Burt did not consent to the use of that force;
4. That plaintiff Jamel Burt was harmed; and
5. That defendant Nicolai Ramos's use of unreasonable force was a substantial factor in causing plaintiff Jamel Burt's harm.

A deputy may use reasonable force to detain, prevent the escape of, or overcome the resistance of a person when the officer has reasonable cause to believe that that person has committed a crime.

In deciding whether defendant Nicolai Ramos used unreasonable force, you must consider the totality of the circumstances and determine what amount of force a reasonable deputy in defendant Nicolai Ramos's position would have used under the same or similar circumstances. "Totality of the circumstances" means all facts known to the officer at the time, including the conduct of defendant Nicolai Ramos and leading up to the use of force. You should consider, among other factors, the following:

(a) Whether plaintiff Jamel Burt reasonably appeared to pose an immediate threat to the safety of plaintiff Jamel Burt or others;

(b) The seriousness of the crime at issue; and

(c) Whether plaintiff Jamel Burt was actively resisting detention or attempting to evade detention.

For liability against the County of San Diego [CACI No. 3701]

**Plaintiff Jamel Burt** claims that **he** was harmed by **defendant Nicolai Ramos**'s **battery**.

**Plaintiff Jamel Burt** also claims that **the County of San Diego** is responsible for the harm because **defendant Nicolai Ramos** was acting as **its employee** when the incident occurred.

If you find that **defendant Nicolai Ramos**'s **battery** harmed **plaintiff Jamel Burt**, then you must decide whether **the County of San Diego** is responsible for the harm. **The County of San Diego** is responsible if **plaintiff Jamel Burt** proves both of the following:

1. That **defendant Nicolai Ramos** was **the County of San Diego**'s **employee**; and

2. That **defendant Nicolai Ramos** was acting within the scope of **his employment** when **he** harmed **plaintiff Jamel Burt**.

**Defendants' Proposed Elements:**

Defendants recognize this as a separately pled claim but contends there are no elements distinct from Plaintiff's claim Excessive Force in Violation of the Fourth Amendment (42 U.S.C. § 1983). "The test employed under California law to determine if the force used was unreasonable is identical to the test employed under federal law applying Section 1983." (*Fortson v. City of Los Angeles,* 628 F. Supp. 3d 976, 994 (C.D. Cal. 2022), quotation omitted.)

Vicarious Liability for County of San Diego (Gov. Code § 815.2(a))

Plaintiff Jamel Burt claims that he was harmed by defendant Deputy Nicolai Ramos' unreasonable use of force.

Plaintiff Jamel Burt also claims that defendant County of San Diego is responsible for the harm because defendant Deputy Nicolai Ramos was acting as its employee when the incident occurred.

If you find that defendant Deputy Nicolai Ramos' unreasonable use of force harmed plaintiff Jamel Burt then you must decide whether defendant County of San Diego is responsible for the harm. Defendant County of San Diego is responsible if plaintiff Jamel Burt proves both of the following:

1. That defendant Deputy Nicolai Ramos was defendant County of San Diego's employee; and

2. That defendant County of San Diego was acting within the scope of his employment when he harmed plaintiff Jamel Burt.

**Damages:**

Economic damages;

Non-economic damages; and

Punitive damages against Defendant Nicolai Ramos.

**E. Fifth Claim — Bane Act Against Defendants Nicolai Ramos and the County of San Diego by Plaintiff Jamel Burt**

Plaintiff's Proposed Elements [see CACI No. 3066 (2026)]:

1. That by threat, intimidation or coercion, Defendant Nicolai Ramos interfered or attempted to interfere with Plaintiff Jamel Burt's exercise or enjoyment of his right to be free from excessive force and/or his right to free speech and/or his right to remain silent in response to police questioning.

***or***

1. That Defendant Nicolai Ramos acted violently against Plaintiff Jamel Burt to retaliate against Plaintiff Jamel Burt for having exercised his right to be free from excessive force and/or his right to free speech and/or his right to remain silent in response to police questioning.

2. That Defendant Nicolai Ramos acted with reckless disregard for Plaintiff Jamel Burt's enjoyment of the interests protected by the right to be free from excessive force and/or the right to free speech and/or the right to remain silent in response to police questioning.

3. That Plaintiff Jamel Burt was harmed; and

4. That Defendant Nicolai Ramos's conduct was a substantial factor in causing Plaintiff Jamel Burt's harm.

<u>For liability against the County of San Diego [CACI No. 3701]</u>

**Plaintiff Jamel Burt** claims that **he** was harmed by **defendant Nicolai Ramos**'s **interference with his civil rights by threats, intimidation, or coercion**.

**Plaintiff Jamel Burt** also claims that **the County of San Diego** is responsible for the harm because **defendant Nicolai Ramos** was acting as **its employee** when the incident occurred.

If you find that **defendant Nicolai Ramos**'s **interference with plaintiff Jamel Burt's civil rights by threats, intimidation, or coercion** harmed **plaintiff Jamel Burt**, then you must decide whether **the County of San Diego** is responsible for the harm. **The County of San Diego** is responsible if **plaintiff Jamel Burt** proves both of the following:

1. That **defendant Nicolai Ramos** was **the County of San Diego**'s **employee**; and

2. That **defendant Nicolai Ramos** was acting within the scope of **his employment** when **he** harmed **plaintiff Jamel Burt**.

**<u>Defendants' Proposed Elements (CACI Nos. 3066, 3701):</u>**

Plaintiff claims that defendant Deputy Nicolai Ramos and intentionally interfered with his civil rights by threats, intimidation, or coercion. To establish this claim, Plaintiff Jamel Burt must prove all of the following:

That by threat, intimidation, or coercion, defendant Deputy Nicolai Ramos interfered with Jamel Burt's exercise or enjoyment of his right to be free from excessive force;

Or

That defendant Deputy Nicolai Ramos acted violently against plaintiff Jamel Burt to retaliate against plaintiff Jamel Burt for having exercised his First Amendment right.

And

That defendant Deputy Nicolai Ramos intended to deprive plaintiff Jamel Burt of his enjoyment of the interests protected by those rights, or acted with reckless disregard for those rights.

That plaintiff Jamel Burt was harmed; and

That defendant Deputy Nicolai Ramos' conduct was a substantial factor in causing plaintiff Jamel Burt's harm.

<u>Vicarious Liability for County of San Diego (Gov. Code § 815.2(a))</u>

Plaintiff Jamel Burt claims that he was harmed by defendant Deputy Nicolai Ramos' intentional or reckless interference with his rights to be free from excessive force and retaliation for protected speech.

Plaintiff Jamel Burt also claims that defendant County of San Diego is responsible for the harm because defendant Deputy Nicolai Ramos was acting as its employee when the incident occurred.

If you find that defendant Deputy Nicolai Ramos' intentional or reckless interference with his rights harmed plaintiff Jamel Burt then you must decide whether defendant County of San Diego is responsible for the harm. Defendant County of San Diego is responsible if plaintiff Jamel Burt proves both of the following:

1. That defendant Deputy Nicolai Ramos was defendant County of San Diego's employee; and

2. That defendant County of San Diego was acting within the scope of his employment when he harmed plaintiff Jamel Burt.

**Damages:**

Economic damages;

Non-economic damages;

Punitive damages against Defendant Nicolai Ramos; and

Attorneys' fees, costs, treble damages and civil penalties.

## IV. WITNESSES EXPECTED TO BE CALLED AT TRIAL

### A. Plaintiff's Witnesses Expected to Testify.

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| 1. | Jamel Burt<br>c/o Iredale and Yoo, APC<br>105 West F Street, Fourth Floor<br>San Diego, CA 92101 | Plaintiff and percipient witness who will testify regarding liability and damages. | |
| 2. | Nicolai Ramos<br>San Diego County Sheriff's Office<br>c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Defendant and percipient witness who will testify regarding liability and damages. | |
| 3. | Deputy Jacob Wilder (aka Jacob Wilder-Tramell)<br>San Diego Sheriff's Office | Percipient witness who will testify regarding liability and damages. Anticipated subject of testimony: Traffic stop | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | of vehicle in which Plaintiff was a passenger, contact and arrest of Plaintiff. | |
| 4. | Kyle Bibel Capt. (ret.), San Diego County Sheriff's Office c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Witness who will testify regarding investigation and findings related to Dep. Ramos's prior use of force against Joshua Strode. | |
| 5. | Lt. Lon Nguyen c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Rule 30(b)(6) witness who will testify regarding liability and *Monell*. | |
| 6. | Lt. Ashley Lewis San Diego County Sheriff's Office c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Rule 30(b)(6) witness who will testify regarding liability and *Monell*. | |
| 7. | Dr. Ghazal Farhang c/o Iredale and Yoo, APC 105 West F Street, Fourth Floor | Plaintiff's treating dentist who will testify regarding the nature of Plaintiff's injuries, any diagnoses made and | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | San Diego, CA 92101 | treatment rendered, the need for future case, in addition to any other relevant information pertaining to Plaintiff's treatment. | |

Plaintiff reserves the right to call any witnesses set for as witnesses, potential witnesses or expert witnesses designated by Defendants and the right to amend or supplement their witness list.

**B. Defendants' Witnesses Expected to Testify.**

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| 1. | Nicolai Ramos, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Defendant and percipient witness to the subject incident who will testify regarding liability and damages. | |
| 2. | Jacob Wilder-Trammel, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness to the subject incident who will testify regarding liability and damages. | |
| 3. | Javier Morales, SDSO Deputy Detective, c/o Office of County Counsel | Percipient witness who will testify regarding liability, specifically his review of the use of force in the subject incident. | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | 1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | | |
| 4. | James McCurty, SDSO Sergeant, c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Percipient witness who will testify regarding liability, specifically his review of the use of force in the subject incident. | |
| 5. | David Perkins, SDSO Lieutenant, c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Percipient witness who will testify regarding liability, specifically his review of the use of force in the subject incident. | |
| 6. | Matthew Glisson, SDSO Captain (Ret.), c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Percipient witness who will testify regarding liability, specifically his review of the use of force in the subject incident. | |
| 7. | John Spach, SDSO Lieutenant, c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Percipient witness who will testify regarding liability, specifically his review of the use of force in the subject incident. | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| 8. | Ashley Lewis, SDSO Lieutenant, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Rule 30(b)(6) witness who will testify regarding liability and *Monell*, specifically the San Diego Sheriff's Office's policies and procedures regarding use of force. | |
| 9. | Lon Nguyen, SDSO Lieutenant, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Rule 30(b)(6) witness who will testify regarding liability and *Monell*, specifically the San Diego Sheriff's Office's policies and procedures regarding disciplinary investigations. | |

Defendants reserve their rights to amend and/or supplement this witness list and reserve their rights to call all witnesses identified by Plaintiff.

## II. EXPERT WITNESSES EXPECTED TO TESTIFY AT TRIAL

### A. <u>Plaintiff's Expert Witnesses Who Will Be Called.</u>

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| 1. | Roger Clark c/o Iredale and Yoo, APC 105 West F Street, Fourth Floor San Diego, CA 92101 | Plaintiffs' retained expert. Plaintiffs anticipate Mr. Clark will provide testimony on the proper police tactics, use of force, arrest and control, control and movement of handcuffed individuals, retaliation, treatment of detainees and people in custody, practices and | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | | procedures related to takedowns (including takedowns of restrained individuals), specifically focusing on the appropriate use of force and the propriety or impropriety of the actions of the defendants in this case; as well as proper training, supervision and discipline of peace officers including investigation, disposition, and discipline in complaints and allegations of excessive force, including systems for the investigation, disposition, and discipline in complaints and allegations of excessive force, and the County's policy of failing to discipline for excessive force, its failure to discipline defendant Ramos for prior similar incident, and the role of those failures in causing this incident. | |

**B. <u>Defendants' Expert Witnesses Who Will Be Called.</u>**

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| 1. | John Stanley, 2220 Bonita Avenue, La Verne, CA 91750 | Defendants' retained expert. Mr. Stanley is expected to provide testimony on police tactics, use of force, arrest and control, control and movement of handcuffed individuals, retaliation, treatment of detainees and people in custody, practices and procedures related to takedowns (including takedowns of restrained individuals), proper training, supervision, and discipline of peace officers, including the investigation, disposition, and discipline in complaints and allegations of excessive force, as well as any other opinions stated in his Fed. R. Civ. Proc. 26(a)(2) Expert Report. Mr. Stanley may also testify in rebuttal to any expert testimony offered by Plaintiffs. | |
| 2. | George Georgaklis, D.D.S., 4510 Executive Drive, Ste. 106, San Diego, CA 92121 | Defendants' retained expert. Dr. Georgaklis is expected to testify as to the nature and extent of Plaintiff's purported dental injuries, the | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | | reasonableness and necessity of Plaintiff's dental treatment, the reasonableness of the costs billed for those treatments, and any other opinions stated in his Fed. R. Civ. Proc. 26(a)(2) Expert Report. | |

## V. WITNESSES WHO MAY BE CALLED IF THE NEED ARISES

### A. Plaintiff's Witnesses Who May Testify.

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| 1. | Officer Carrie Hogan<br>San Diego State University Police Dept.<br>5499 Remington Rd.<br>San Diego, CA 92115 | Witness to prior use of force by Dep. Ramos on Joshua Strode on June 2, 2017 | |
| 2. | Javier Morales<br>San Diego Sheriff's Office<br>c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Percipient Witness who will testify regarding liability and damages. Anticipated subject of testimony: His review of the traffic stop of vehicle in which P was a passenger, contact and arrest of P. | |
| 3. | Perry Lotts | Percipient Witness who will testify regarding liability and damages. | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | 533 Harris Heights Ave., Glen Burnie, MD 21061 | Anticipated subject of testimony: Traffic stop of vehicle in which Plaintiff was a passenger, contact and arrest of Plaintiff. | |
| 4. | Detective Michael Alcarion<br>San Diego County Sheriff's Office<br>c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Witness who may testify as to training requirements and Defendant Ramos' training. | |
| 5. | Corporal Aloha B. Peters<br>Recruit Training Officer<br>San Diego Regional Public Safety Training Institute at Miramar College | Witness who may testify regarding Defendant Ramos' training. | |
| 6. | Kenneth Jones, Lieutenant<br>Internal Affairs Unit<br>San Diego County Sheriff Dept.<br>c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | May testify regarding internal affairs investigations related to *Monell*. | |
| 7. | Dr. Beena Wycliffe, MD | Non-retained expert and interim medical doctor | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | Emergency Department Sharp Grossmont Hospital 5555 Grossmont Center Drive La Mesa, CA 91942 | who may testify regarding the initial examination of injuries of Mr. Burt. | |
| 8. | John J. Stanley c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Defendant's expert witness on police practices and procedures. | |
| 9. | Sylvester Washington, c/o Iredale and Yoo, APC 105 West F Street, Fourth Floor San Diego, CA 92101 | Potential damages and rebuttal witness. | |

Plaintiff reserves the right to call any witness set forth in section B, "Defendants' Witnesses Who May Testify."

**B. Defendants' Witnesses Who May Testify.**

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| 1. | Jamel Burt, c/o Iredale and Yoo, APC 105 West F Street, Fourth Floor San Diego, CA 92101 | Plaintiff and percipient witness, may testify on liability and damages. | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| 2. | Perry Lotts, 6333 Harris Heights Ave., Glen Burnie, MD 21061 | Percipient witness, expected to testify on liability and damages. | |
| 3. | Roger Clark, 10207 Molino Road, Santee, CA 92071 | Plaintiff's retained expert witness on law enforcement practices. | |
| 4. | Ghazal Farhang, D.D.S., 1558 East H Street, Ste. B, Chula Vista, CA 91913 | Plaintiff's non-retained expert witness, may testify on Plaintiff's treatment and care. | |
| 5. | James Petruse, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Bell v. Cty. of San Diego*, USDC S.D Cal., Case No. 14-CV-1767. | |
| 6. | Nicholas Dohmen, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Bell v. Cty. of San Diego*, USDC S.D Cal., Case No. 14-CV-1767. | |
| 7. | James Santos, Jr., SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Bell v. Cty. of San Diego*, USDC S.D Cal., Case No. 14-CV-1767. | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| 8. | Ryan Murphy, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Bell v. Cty. of San Diego*, USDC S.D Cal., Case No. 14-CV-1767. | |
| 9. | Jeffrey Houser, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Fisher v. County of San Diego,* USDC S.D Cal., Case No. 09cv2572 JM. | |
| 10. | Chris Hydar, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Fisher v. County of San Diego,* USDC S.D Cal., Case No. 09cv2572 JM. | |
| 11. | Jeffrey Cruz, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Jimenez v. County of San Diego,* USDC S.D Cal., Case No. 15-CV-02299. | |
| 12. | Brian Baydo, SDSO Deputy, c/o Office of County Counsel | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Jimenez v.* | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | *County of San Diego*, USDC S.D Cal., Case No. 15-CV-02299. | |
| 13. | Cliff Cutrell, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Jimenez v. County of San Diego*, USDC S.D Cal., Case No. 15-CV-02299. | |
| 14. | Jeremy Banks, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Myles v. County of San Diego*, USDC S.D Cal., Case No. 15-CV-1985-BEN (BLM). | |
| 15. | David Ertz, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Myles v. County of San Diego*, USDC S.D Cal., Case No. 15-CV-1985-BEN (BLM). | |
| 16. | Shane Allison, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Myles v. County of San Diego*, USDC S.D Cal., Case | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | San Diego, CA 92101 | No. 15-CV-1985-BEN (BLM). | |
| 17. | Andrew Brumfield, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Myles v. County of San Diego,* USDC S.D Cal., Case No. 15-CV-1985-BEN (BLM). | |
| 18. | Ronald Bushnell, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Myles v. County of San Diego,* USDC S.D Cal., Case No. 15-CV-1985-BEN (BLM). | |
| 19. | David Pockington, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Myles v. County of San Diego,* USDC S.D Cal., Case No. 15-CV-1985-BEN (BLM). | |
| 20. | Zachary Harris, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Myles v. County of San Diego,* USDC S.D Cal., Case | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | | No. 15-CV-1985-BEN (BLM). | |
| 21. | Frank Leyva, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Steinmeier v. County of San Diego,* USDC S.D Cal., Case No. 18-CV-1603 JM (WVG). | |
| 22. | Kenneth Edward, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Steinmeier v. County of San Diego,* USDC S.D Cal., Case No. 18-CV-1603 JM (WVG). | |
| 23. | Peter Alvarado, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Steinmeier v. County of San Diego,* USDC S.D Cal., Case No. 18-CV-1603 JM (WVG). | |
| 24. | Jenny Martinson, SDSO Deputy Detective, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *KJP v. County of San Diego,* USDC S.D Cal., Case No. 15-cv-02692. | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | San Diego, CA 92101 | | |
| 25. | Jeffrey Chu, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Carr v. County of San Diego,* USDC S.D Cal., Case No. 19-CV-1139 JLS (MDD). | |
| 26. | Joseph McManus, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Carr v. County of San Diego,* USDC S.D Cal., Case No. 19-CV-1139 JLS (MDD). | |
| 27. | Christopher Cadigan, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Carr v. County of San Diego,* USDC S.D Cal., Case No. 19-CV-1139 JLS (MDD). | |
| 28. | Jason Ferguson, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Carr v. County of San Diego,* USDC S.D Cal., Case | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | | No. 19-CV-1139 JLS (MDD). | |
| 29. | Alexander Soliman, SDSO Deputy, c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Carr v. County of San Diego,* USDC S.D Cal., Case No. 19-CV-1139 JLS (MDD). | |
| 30. | Dylan Haddad, SDSO Deputy, c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Torres v. County of San Diego,* USDC S.D Cal., Case No. 15-CV-01151-CAB-BLM (S.D. Cal. 2015). | |
| 31. | Chase Fisher, SDSO Deputy, c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Torres v. County of San Diego,* USDC S.D Cal., Case No. 15-CV-01151-CAB-BLM. | |
| 32. | Julio Rodriguez, SDSO Deputy, c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Silva v. County of San Diego,* USDC S.D Cal., Case 18-CV-02282-L-MSB. | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
| --- | --- | --- | --- |
| 33. | Jorge Enciso, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Silva v. County of San Diego,* USDC S.D Cal., Case 18-CV-02282-L-MSB. | |
| 34. | Salvador Suarez, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Silva v. County of San Diego,* USDC S.D Cal., Case 18-CV-02282-L-MSB. | |
| 35. | Ryan Seabron, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Silva v. County of San Diego,* USDC S.D Cal., Case 18-CV-02282-L-MSB. | |
| 36. | Diego Lopez, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Silva v. County of San Diego,* USDC S.D Cal., Case 18-CV-02282-L-MSB. | |
| 37. | Andrew Prendiville, SDSO Deputy, c/o Office of County Counsel | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Silva v.* | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | *County of San Diego,* USDC S.D Cal., Case 18-CV-02282-L-MSB. | |
| 38. | Charles DeLaCruz, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Silva v. County of San Diego,* USDC S.D Cal., Case 18-CV-02282-L-MSB. | |
| 39. | Aaron Vrabel, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Silva v. County of San Diego,* USDC S.D Cal., Case 18-CV-02282-L-MSB. | |
| 40. | Spencer Schafer, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Silva v. County of San Diego,* USDC S.D Cal., Case 18-CV-02282-L-MSB. | |
| 41. | Jose Lopez, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Silva v. County of San Diego,* USDC S.D Cal., Case 18-CV-02282-L-MSB. | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| 42. | Laura Coyne, SDSO Lieutenant, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Silva v. County of San Diego,* USDC S.D Cal., Case 18-CV-02282-L-MSB. | |
| 43. | Michael Lawson, SDSO Sergeant, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Silva v. County of San Diego,* USDC S.D Cal., Case 18-CV-02282-L-MSB. | |
| 44. | Mason Hendrix, SDSO Sergeant, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Silva v. County of San Diego,* USDC S.D Cal., Case 18-CV-02282-L-MSB. | |
| 45. | John Douthitt, SDSO Sergeant, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Silva v. County of San Diego,* USDC S.D Cal., Case 18-CV-02282-L-MSB. | |
| 46. | Drew Beatty, SDSO Deputy, c/o Office of County Counsel | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *A.B. v.* | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | *County of San Diego,* USDC S.D Cal., Case 3:18-cv-01541. | |
| 47. | Adrian Carrillo, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *A.B. v. County of San Diego,* USDC S.D Cal., Case 3:18-cv-01541. | |
| 48. | Roland Garza, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *A.B. v. County of San Diego,* USDC S.D Cal., Case 3:18-cv-01541. | |
| 49. | Joseph Kodadek, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *A.B. v. County of San Diego,* USDC S.D Cal., Case 3:18-cv-01541. | |
| 50. | John Robledo, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *A.B. v. County of San Diego,* USDC S.D Cal., Case 3:18-cv-01541. | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| 51. | Scott Rossall, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *A.B. v. County of San Diego,* USDC S.D Cal., Case 3:18-cv-01541. | |
| 52. | Frank Stalzer, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *A.B. v. County of San Diego,* USDC S.D Cal., Case 3:18-cv-01541. | |
| 53. | Scott Winter, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *A.B. v. County of San Diego,* USDC S.D Cal., Case 3:18-cv-01541. | |
| 54. | Kevin McCauley, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Martinez v. County of San Diego,* USDC S.D Cal., Case 3:20-cv-00860. | |
| 55. | Nicholas Morgan, SDSO Deputy, c/o Office of County Counsel | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Martinez v.* | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | *County of San Diego*, USDC S.D Cal., Case 3:20-cv-00860. | |
| 56. | Joshua Nahan, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Martinez v. County of San Diego*, USDC S.D Cal., Case 3:20-cv-00860. | |
| 57. | Christian Broussard, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Strode v. County of San Diego*, USDC S.D Cal., Case 3:18-cv-00670. | |
| 58. | William Kearney, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Strode v. County of San Diego*, USDC S.D Cal., Case 3:18-cv-00670. | |
| 59. | Kyle Bibel, SDSO Sergeant (Ret.), c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Strode v. County of San Diego*, USDC S.D Cal., Case 3:18-cv-00670. | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| 60. | Casey Dow, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Ross v. County of San Diego,* USDC S.D Cal., Case 21-cv-2130. | |
| 61. | Stephen McCarthy, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Ross v. County of San Diego,* USDC S.D Cal., Case 21-cv-2130. | |
| 62. | Michael Saunders, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness, may be called to testify if Plaintiff seeks to introduce evidence relating to *Ross v. County of San Diego,* USDC S.D Cal., Case 21-cv-2130. | |
| 63. | David Barrera, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2020-067.1. | |
| 64. | Roger Hurst, SDSO Sergeant, c/o Office of County Counsel | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | relating to IA File No. 2020-067.1. | |
| 65. | Jeff Hornacek, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2020-125.1. | |
| 66. | Greg Ward, SDSO Sergeant, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2020-125.1. | |
| 67. | Joe Bartlee, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2020-020.1. | |
| 68. | Kevin Moore, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2020-020.1. | |
| 69. | Tim Matzkiw, SDSO Lieutenant, | Percipient witness may be called to testify if | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Plaintiff seeks to introduce evidence relating to IA File No. 2020-020.1. | |
| 70. | David Lovejoy, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2020-129.1. | |
| 71. | John Buckley, SDSO Sergeant, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2020-129.1. | |
| 72. | Gerardo Roman, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2021-106.1. | |
| 73. | Dimitris Vlahakis, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2021-128.1. | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | San Diego, CA 92101 | | |
| 74. | Elizabeth Montoya, SDSO Sergeant, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2021-128.1. | |
| 75. | Tony Keller, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2022-049.1. | |
| 76. | Kenneth Lind, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2022-049.1. | |
| 77. | Michael Cascioppo, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2022-049.1. | |
| 78. | Alexander Doyle, SDSO Sergeant, | Percipient witness may be called to testify if | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Plaintiff seeks to introduce evidence relating to IA File No. 2022-049.1. | |
| 79. | Justin Cole, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2022-103.2. | |
| 80. | Nicholas Huton, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2022-103.2. | |
| 81. | Landon Kuhn, SDSO Sergeant, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2022-103.2. | |
| 82. | Evelyn Leon, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2020-029-C. | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| 83. | James Cea, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2020-029-C. | |
| 84. | Kenneth Jones, SDSO Lieutenant, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2020-029-C. | |
| 85. | Marshall Mora III, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2020-064-C. | |
| 86. | Gregory Buchnoff, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2020-120-C. | |
| 87. | Mark Cahill, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2020-120-C. | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | San Diego, CA 92101 | | |
| 88. | Benjamin Nazerian, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2020-528/529-C. | |
| 89. | Javier Rodriguez, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2021-187-C. | |
| 90. | Michael Rand, SDSO Lieutenant, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2021-187-C. | |
| 91. | Howard Kluge III, SDSO Sergeant, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2021-199-C/2021-200-C. | |
| 92. | Matthew Walters, SDSO Deputy, c/o | Percipient witness may be called to testify if Plaintiff seeks to | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | introduce evidence relating to IA File No. 2021-265-C. | |
| 93. | Dominic Banaga, SDSO Deputy, c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2021-384-C. | |
| 94. | John P. Boyce, SDSO Lieutenant, c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2021-464-C. | |
| 95. | Michael Abas, SDSO Deputy, c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2021-464-C. | |
| 96. | Jared Birrenkott, SDSO Deputy, c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2021-502-C. | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | San Diego, CA 92101 | | |
| 97. | Plutarco Vail, SDSO Sergeant, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2021-502-C. | |
| 98. | Mark Milton, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2021-502-C. | |
| 99. | Kerry Johnson, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2021-536-C. | |
| 100. | Kenneth Feistel, Jr., SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2021-580-C. | |
| 101. | Nicholas Ramirez, SDSO Deputy, c/o | Percipient witness may be called to testify if Plaintiff seeks to | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | introduce evidence relating to IA File No. 2021-581-C. | |
| 102. | Andres Garcia, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2022-132-C. | |
| 103. | Nicholas Koons, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2022-441-C. | |
| 104. | Michiana Krzykowski, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 San Diego, CA 92101 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. 2022-441-C. | |
| 105. | Nicolas Gonzalez, SDSO Deputy, c/o Office of County Counsel 1600 Pacific Hwy, Room 355 | Percipient witness may be called to testify if Plaintiff seeks to introduce evidence relating to IA File No. | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | San Diego, CA 92101 | 2022-783-C/2022-785-C/2023-065-C. | |
| 106. | Jenelle Hudson, SDSO Deputy, c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Percipient witness, may be called to testify regarding arrest of Plaintiff on October 27, 2022. | |
| 107. | Bryce Thompson, SDSO Deputy, c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Percipient witness, may be called to testify regarding arrest of Plaintiff on October 27, 2022. | |
| 108. | Aaron Tenorio, SDSO Deputy, c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Percipient witness, may be called to testify regarding arrest of Plaintiff on October 27, 2022. | |
| 109. | Isaac Martinez, SDSO Deputy, c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Percipient witness, may be called to testify regarding arrest of Plaintiff on October 27, 2022. | |
| 110. | Anel Rodriguez, SDSO Deputy, c/o | Percipient witness, may be called to testify regarding arrest of | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Plaintiff on October 27, 2022. | |
| 111. | Dominic Banaga, SDSO Deputy, c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Percipient witness, may be called to testify regarding arrest of Plaintiff on October 27, 2022. | |
| 112. | Preston Robbins, SDSO Deputy, c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Percipient witness, may be called to testify regarding arrest of Plaintiff on October 27, 2022. | |
| 113. | Nicholas Hutton, SDSO Deputy, c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355<br>San Diego, CA 92101 | Percipient witness, may be called to testify regarding arrest of Plaintiff on October 27, 2022. | |
| 114. | Trentyn Staley, SDSO Deputy, c/o Office of County Counsel<br>1600 Pacific Hwy, Room 355 | Percipient witness, may be called to testify regarding arrest of Plaintiff on October 27, 2022. | |

| No. | Name of Witness | Subject Matter of Testimony | Objections |
|---|---|---|---|
| | San Diego, CA 92101 | | |

Defendants reserve their right to amend and/or supplement this witness list and reserve their right to call all witnesses identified by Plaintiff.

## VI. EXHIBITS

### A. Exhibits Plaintiff Expects to Offer at Trial.

#### 1. GROUNDS FOR OBJECTION

**A. No Objection, Admissibility Stipulated**

**B. Relevance (Fed. R. Evid. 402)**

**C. Hearsay (Fed. R. Evid. 802)**

**D. Undue Consumption of Time, Prejudice, Risk of Confusing or Misleading the Jury (Fed. R. Evid. 403)**

**E. Character Evidence (Fed. R. Evid. 404)**

**F. Inadmissible Opinion (Fed. R. Evid. 701, et seq.)**

**G. Lacks Foundation (Fed. R. Evid. 402, 602, 901)**

**H. Privacy (Fed. R. Evid. 402)**

**I. Best Evidence Rule (Fed. R. Evid. 1002)**

**J. Failure to Disclose or Supplement Discovery Response (Fed. R. Civ. Proc. 37(c)(1))**

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 1. | | | Video of the detention of and use of force on Jamel Burt at issue in this case from the body-worn camera of Dep. Jacob Wilder (CSD000509). | A |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 2. | | | Video of the detention of and use of force on Jamel Burt at issue in this case from the body-worn camera of Dep. Nicolai Ramos (CSD000508). | A |
| 3. | | | Slow-motion excerpt from Dep. Wilder's body-worn camera video. | D, I, J |
| 4. | | | Photos of Jamel Burt at scene on 12/18/2022 (CSD 000411-000414, CSD000477-000482). | A |
| 5. | | | Photos from scene (CSD000405-000410, CSD000415-000476). | A |
| 6. | | | San Diego Sheriff's Department Arrest Report 22156316.1 from Subject Incident (CSD 000030-000040) | A |
| 7. | | | Arrest report follow-up for subject incident after DA rejection (CSD000040-000044). | B, C, D |
| 8. | | | San Diego Sheriff's Department Use of | A |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | Force Supplemental Report (CSD 000504-000506) | |
| 9. | | | Citation No. 1109409 (CSD 000391) | A |
| 10. | | | Citation No. 1109410 (CSD 000392) | A |
| 11. | | | "Use of Force Review: Status Report" printout from incident. (CSD003562). | A |
| 12. | | | Rancho San Diego Station Patrol Sergeant's Daily Log December 18, 2022 (CSD 000403-000404) | A |
| 13. | | | Background Event Chronology, Event No. E8247218 (CSD 000045-000050) | A |
| 14. | | | CLETS Information from Subject Incident (CSD 000393-000402) | A |
| 15. | | | Radio Audio Records relating to the Subject Incident (CSD 000507) | A |
| 16. | | | Sharp Grossmont Hospital Emergency Documentation Providing Dr. Wycliffe, time of | C, D |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | initial contact with patient is 12/18/22 (BURT00007-00010) | |
| 17. | | | Sharp Grossmont Hospital Medical Records (BURT00001-00074) | C, D |
| 18. | | | Sheriff Incident Reports Discovery Package – DA 29864, Case #22156316 | B, C, D, J |
| 19. | | | Scene Photographs: BURT00096-00173 | A |
| 20. | | | Bonita Smiles Treatment Case Estimate & treatment statement 1558 East H. Street Suite B, Chula Vista, CA 91913 (BURT00174, BURT00175) | C, D |
| 21. | | | Background Event Chronology, Event No. E8247218 (CSD00586-00589). | A |
| 22. | | | Audio File Event No. E8247218 (CSD000590) | A |
| 23. | | | Background Event Chronology, Event No. E8247382 (CSD00591-00592). | C, D |
| 24. | | | Audio File Event No. E8247382 (CSD000593) | C, D |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 25. | | | San Diego County Sheriff's Department Policies on use of force (CSD 00483–00503) | B, C, D, E, F, G, J |
| 26. | | | San Diego County Sheriff's Department Policies, including Policy 2.48 (Use of Force), 6.48 (Physical Force), 10.10 (Minimum Training Standards and Requirements for Use of Force Policy.) (CSD 00483–00485) | A |
| 27. | | | San Diego County Sheriff's Department Policies, including Addendum F (Use of Force). (CSD 000486-00503) | B, D |
| 28. | | | San Diego County Sheriff's Office Policy & Procedure Manual, Addendum F (2022) (CSD000619-CSD000636) | B, D |
| 29. | | | SDSD Policy 2.48 (CSD003561) | B, D |
| 30. | | | Jail CCTV video of Strode incident from IA file (CSD002172). | B, D |
| 31. | | | Strode IA Investigatory file | B, D |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | (CSD001995-002059). | |
| 32. | | | San Diego Sheriff's Department disciplinary file related to Defendant Nicolai Ramos and his take down of Joshua Strode on June 2, 2017 (CSD005795-005828, plus audio file CSD0005829). | B, D |
| 33. | | | The San Diego State University Police Department Reports referred to as Exhibit E of the San Diego Sheriff's Department Internal Affairs Unit Report in case no. 2018-060.1. (See CSD001999) | B, D |
| 34. | | | Report by San Diego State University Police Department Officer Carrie Hogan related to the incident involving Joshua Strode on June 2, 2017 (Bates No. CSD003553-CSD003559). | B, D |
| 35. | | | Video footage from the body-worn camera of San Diego State University Police Department | B, D |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | Officer Carrie Hogan related to the incident involving Dep. Ramos and Joshua Strode on June 2, 2017, Bates No. CSD003552. | |
| 36. | | | Def Ramos Personnel File (CSD0001475-001884) | B, D |
| 37. | | | "San Diego Sheriff's Department Internal Affairs Manual" (Nguyen Depo., Exh. 5). | B, D |
| 38. | | | SCDSO Use of Force Statistical Report 2017-2018 (Lewis Depo., Exh. 4) | B, D |
| 39. | | | SCDSO Internal Affairs Statistical Report 2017-2018 (Lewis Depo., Exh. 5) | B, D |
| 40. | | | SCDSO Use of Force Statistical Report 2018-2019 (Lewis Depo., Exh 7) | B, D |
| 41. | | | SCDSO Internal Affairs Statistical Report 2018-2019 (CSD004106-4115) | B, D |
| 42. | | | SCDSO Use of Force Statistical Report 2019-2020 (Lewis Depo., Exh 6) | B, D |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 43. | | | SCDSO Internal Affairs Statistical Report 2019-2020 | A |
| 44. | | | SCDSO Use of Force Statistical Report 2020-2021 (CSD004136-004146). | A |
| 45. | | | SCDSO Internal Affairs Statistical Report 2020-2021 (CSD004126-004135). | A |
| 46. | | | SCDSO Use of Force Statistical Report 2021-2022 (CSD004147-004157). | A |
| 47. | | | SCDSO Internal Affairs Statistical Report 2021-2022 (CSD004126-004135) | A |
| 48. | | | SCDSO Use of Force Statistical Report 2022-2023 (CSD004158-71). | B, D, E |
| 49. | | | SCDSO Internal Affairs Statistical Report 2022-2023 (CSD004158-004171). | B, C, D, E |
| 50. | | | CSD 005526-005534, 005555-005794: Use of Force Training Materials | B, C, D, E, H |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 51. | | | San Diego County Public Records Act Request No, 24-1543 and responses (including spreadsheet) (https://pra.sandiegocounty.gov/requests/24-1543). | B, C, D, E |
| 52. | | | Complaint in *Bell v. Cty. of San Diego*, No. 14-CV-1767-H (MDD) (County's Request for Judicial Notice, Dkt. 80-2 ("County RJN"), Exh. 1.) | B, C, D, E |
| 53. | | | Complaint in *Fisher v. County of San Diego*, No. 09cv2572 JM(BGS), (County RJN, Exh. 2) | B, D, E |
| 54. | | | Complaint in *Jimenez v. County of San Diego*, No. 15-CV-02299-L-JLB (County RJN, Exh. 10) | B, D, E, H |
| 55. | | | Complaint in *Martinez v. County of San Diego*, 20-CV-860 BEN KSC (County RJN, Exh. 9) | B, D, E, H |
| 56. | | | Complaint in *Myles v. County of San Diego*, 15-CV-1985- | B, D, E, H |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | BEN (BLM) (County RJN, Exh. 11) | |
| 57. | | | Judgment in the case of *Mickail Myles v. County of San Diego, et al*, Case No. 15-cv-01985-JAH-BLM (S.D. Cal.).(See Dkt. 94-1, Exh. V) | B, D, E, H |
| 58. | | | Online article, Dorian Hargrove, Jenny Day, *Jury awards $5M to man beaten by San Diego Sheriff's Deputies and attacked by K-9 in 2014*, CBS 8 News (Oct. 11, 2022), https://www.cbs8.com/article/news/local/jury-awards-5-million-man-beaten-by-san-diego-sheriffs-deputies/509-7f4f81af-eff7-4c8f-b8d8-0a698117e9ec . | B, D, E, H |
| 59. | | | *Steinmeier v. County of San Diego*, No. 18-CV-1603 JM (WVG) (County RJN, Exh. 6) | B, D, E, H |
| 60. | | | Complaint filed in the case of *Miguel Villa v. County of San Diego, et al*, Southern District of | B, D, E, H |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | California Case No. 20-cv-00537-CAB-NLS. (See Dkt. 94-1, Exh. W) | |
| 61. | | | Decision in *K.J.P. v. Cnty. of San Diego*, 621 F. Supp. 3d 1097, 1113 (S.D. Cal. 2022) | B, D, E, H |
| 62. | | | Article: Josh Campbell, Elizabeth Joseph, *Federal jury awards $85 million to California family in wrongful death lawsuit after arrest*, CNN (Mar. 19, 2022), https://www.cnn.com/2022/03/19/us/san-diego-luckyphounsy-wrongful-death-lawsuit | B, D |
| 63. | | | First Amended Complaint in *Carr v. County of San Diego*, 19-CV-1139 JLS (MDD) (County RJN, Exh. 8) | B, D |
| 64. | | | Complaint in *Marcial Torres v. County of San Diego*, No. 15-CV-01151-CABBLM (S.D. Cal. 2015) (County RJN, Exh. 3) | B, D |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 65. | | | First Amended Complaint in *Silva v. County of San Diego*, 18-CV-02282-L-MSB (S.D. Cal.) (County RJN, Exh. 5) | B, D |
| 66. | | | Los Angeles Police Department, *2023 Use of Force Year-End Review*, (https://www.lapdpolicecom.lacity.org/042324/BPC_24-074.pdf) | B, D |
| 67. | | | City of Sacramento, Office of Public Safety Accountability, Quarterly and Annual Reports, years 2020 to 2022 (https://www.cityofsacramento.gov/opsa/reports-) | B, D |
| 68. | | | Press Release, *APD Use of Force within policy 95% of the time*, Albuquerque Police Department (Mar. 1, 2023), at https://www.cabq.gov/police/news/apd-use-of-force-within-policy-95-of-the-time. | B, D |

**B. Exhibits Plaintiff Reserves the Right to Offer at Trial.**

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 69. | | | Expert report of Plaintiff's expert Roger Clark, with exhibits | B, D |
| 70. | | | Expert report of Defendants' expert John J. Stanley, with exhibits | B, D |
| 71. | | | Defendant COSD's Responses to Plaintiff Jamel Burt's Request for Admission, Set One | B, D |
| 72. | | | Defendant COSD's Responses to Plaintiff Jamel Burt's Special Interrogatories, Set One | B, D |
| 73. | | | Defendant COSD's Supplemental Responses to Plaintiff Jamel Burt's Special Interrogatories, Set One | B, D |
| 74. | | | Defendant COSD's Second Supplemental Responses to Plaintiff Jamel Burt's Special Interrogatories, Set One | B, D |
| 75. | | | Defendant COSD's Third Supplemental Responses to Plaintiff Jamel Burt's Special Interrogatories, Set One | B, D |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 76. | | | Defendant COSD's Responses to Plaintiff Jamel Burt's Special Interrogatories, Set Two | B, C, D, G, J |
| 77. | | | Defendant COSD's Supplemental Responses to Plaintiff Jamel Burt's Special Interrogatories, Set Two | B, C, D |
| 78. | | | Defendant COSD's Responses to Plaintiff Jamel Burt's Request for Production of Documents, Set One | B, C, D |
| 79. | | | Defendant COSD's First Supplemental Responses to Plaintiff Jamel Burt's Request for Production of Documents, Set One | B, C, D |
| 80. | | | Defendant COSD's Second Supplemental Responses to Plaintiff Jamel Burt's Request for Production of Documents, Set One | B, C, D |
| 81. | | | Defendant COSD's Responses to Plaintiff Jamel Burt's Request for Production of Documents, Set Two | B, C, D |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 82. | | | Defendant COSD's Responses to Plaintiff Jamel Burt's Request for Production of Documents, Set Three | B, C, D |
| 83. | | | Defendant COSD's Supplemental Responses to Plaintiff Jamel Burt's Request for Production of Documents, Set Three | B, C, D, G, J |
| 84. | | | Defendant COSD's Second Supplemental Responses to Plaintiff Jamel Burt's Request for Production of Documents, Set Three | B, C, D |
| 85. | | | Defendant County of San Diego's Responses to Plaintiff Jamel Burt's Request for Production of Documents, Set Four | B, C, D |
| 86. | | | Defendant County of San Diego's Supplemental Responses to Plaintiff Jamel Burt's Request for | B, C, D |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | Production of Documents, Set Four | |
| 87. | | | "Priors" (SDCSO IA Record Management screen printout re Ramos for Strode incident) (CSD0002129). | B, C, D, G, J |
| 88. | | | A complete unexpurgated copy, including the subjects or tests failed of the Memorandum of March 13, 2015, to Recruit Nicolai Ramos #10254. (See CSD001927). | B, C, D |
| 89. | | | Dep. Ramos POST Profile (training history) (CSD000638-000640). | B, C, D |
| 90. | | | Notice to Def. Ramos re failing radio quiz dated 3/13/2015 (CSD0003561) | B, C, D |
| 91. | | | LMS Training Transcripts Def. Ramos (CSD000648-682) | B, C, D, G, J |
| 92. | | | SDSD Ramos Training History (CSD001994-1995) | B, C, D, G, J |
| 93. | | | SDSD Ramos Archived TMS | B, C, D, G, J |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | Training History (CSD001993) | |
| 94. | | | Disciplinary files in use of force cases. (CSD005830-006017). | B, C, D, E, H |
| 95. | | | Training: Warrantless Threshold Arrests (CSD005526) | B, D |
| 96. | | | Training: Laws and Current Mandates (CSD005527) | B, D |
| 97. | | | Training: Engagement Communication & Delirium (CSD005528) | B, D |
| 98. | | | Training: 25-26 UOF Powerpoint (CSD005529) | B, D |
| 99. | | | Training: Core Concepts Of De-Escalation (CSD005530) | B, D |
| 100. | | | Training: CPT 2021-2022 UOF Powerpoint (CSD005531) | B, D |
| 101. | | | Training: Relationship Between Mental Health And Officer Safety (CSD005532) | B, D |
| 102. | | | Training: UOF and De-escalation (CSD005533) | B, D |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 103. | | | Training: UOF CPT Passdown (CSD005534) | B, D |
| 104. | | | IA Manual September 2020 (CSD005535-CSD005554) | B, D |
| 105. | | | Training: Learning Domain 20_V-3.0[2] (CSD005555-CSD005672) | B, D |
| 106. | | | Training: Learning Domain 20_V-5.4 (CSD005673-CSD005794) | B, D |
| 107. | | | SDCSO Complaint policy (CSD004068-004074) | B, D |
| 108. | | | Excessive Force IA investigations (CSD004474-005495) | B, D, E, G, H |

**C. Exhibits Defendants Expect to Offer at Trial.**

**PLAINTIFF'S GROUNDS FOR OBJECTION**
**(Federal Rules of Evidence)**

1. **No Objection; Admissibility Stipulated**
2. **Irrelevant (FRE § 402)**
3. **Hearsay (FRE § 802)**
4. **Unduly Time Consuming, Prejudicial, Confusing, or Misleading (FRE § 403)**
5. **Character Evidence (FRE § 404)**
6. **Inadmissible Opinion (FRE §§ 701 *et seq.*)**
7. **Insufficient Foundation (FRE §§ 402, 602, 901) (Relevancy, Personal Knowledge, Authenticity)**
8. **Subsequent Remedial Measures (FRE § 407)**
9. **Best Evidence (FRE § 1002)**

**10. Other (Specify)**

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 200. | | | San Diego Sheriff's Department Arrest Report 22156316.1 from Subject Incident (CSD 000030-000040) | 3 |
| 201. | | | San Diego Sheriff's Department Arrest Report 22156316.2 from Subject Incident (CSD 000041-000044) | 2 ,3 |
| 202. | | | Background Event Chronology, Event No. E8247218 (CSD 000045-000050) | 3 ,4 |
| 203. | | | Citation No. 1109409 (CSD 000391) | 3, 4 |
| 204. | | | Citation No. 1109410 (CSD 000392) | 3, 4 |
| 205. | | | CLETS Information from Subject Incident (CSD000393-000402) | 3, 4. 5 |
| 206. | | | Rancho San Diego Station Patrol Sergeant's Daily Log | 3 |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | December 18, 2022 (CSD 000403-000404) | |
| 207. | | | Photographs from Subject Incident (CSD 000405-000482, 000594-000618) | 1 |
| 208. | | | San Diego County Sheriff's Office Policy & Procedure Manual, sections 2.49, 6.48, 10.10 and Addendum F. (CSD 000483-000503) | 1 |
| 209. | | | San Diego Sherriff's Department Use of Force Supplemental Report (CSD 000504-000506) | 3, 4 |
| 210. | | | Radio Audio Records relating to the Subject Incident (CSD 000507) | 3 |
| 211. | | | Two (2) body worn camera videos relating to the Subject Incident (CSD 000508-000509) | 1 |
| 212. | | | Background Event Chronology, Event No. E8247218 (CSD 000586-000589) | 3, 4 |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 213. | | | Audio, Event no. E8247218 (CSD 000590) | 3 |
| 214. | | | Background Event Chronology, Event No. E8247382 (CSD 000591-000592) | 3, 4 |
| 215. | | | Audio, Event no. E8247382 (CSD 000583) | 3 |
| 216. | | | 2022 Addendum F (CSD 000619-000636) | 3 |
| 217. | | | Qualification Report re Nicolai Ramos (CSD 000637) | 3 |
| 218. | | | POST Certification Profile re Nicolai Ramos (CSD 000638-000640) | 3 |
| 219. | | | LMS Transcripts re Nicolai Ramos (CSD 000648-000682) | 3 |
| 220. | | | Training Certificates re Nicolai Ramos (CSD 001458-001460) | 3 |
| 221. | | | SDSD Training History (CSD 001994-002059, CSD 002087-002128) | 3 |
| 222. | | | Policy 2.48 (CSD 003561) | 3 |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 223. | | | UOF Review Report version 2 (CSD 003562) | 3 |
| 224. | | | Additional Policy (CSD 004068-004074) | 3 |
| 225. | | | Plaintiff Jamel Burt's Bonita Smiles Records | 1 |
| 226. | | | Deposition Transcript of Dep. Jacob Wilder with Exhibits | 3 |
| 227. | | | Deposition Transcript of Ghazal Farhang with Exhibits | 3 |
| 228. | | | Deposition Transcript of Lt. Ashley Lewis with Exhibits | 3 |
| 229. | | | Deposition Transcript of Lt. Lon Nguyen with Exhibits | 3 |
| 230. | | | Deposition Transcript of Dep. Nicolai Ramos with Exhibits | 3 |
| 231. | | | Deposition Transcript of Plaintiff Jamel Burt with Exhibits | 3 |
| 232. | | | Deposition Transcript of Roger Clark with Exhibits | 3 |
| 233. | | | Plaintiff Jamel Burt's Responses and Objections to Defendant County of San Diego's Requests for Production of Documents, Set One | 2, 4 |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 234. | | | Plaintiff Jamel Burt's Responses and Objections to Defendant County of San Diego's Interrogatories, Set One | 2, 4 |
| 235. | | | Plaintiff Jamel Burt's Responses and Objections to Defendant Dep. Nicolai Ramos' Interrogatories, Set One | 2, 4 |
| 236. | | | Plaintiff Jamel Burt's Responses and Objections to Defendant Det. Michael Alcarion's Interrogatories, Set One | 2, 4 |
| 237. | | | Plaintiff Jamel Burt's Initial Expert Disclosures | 2, 4 |
| 238. | | | Plaintiff Jamel Burt's Supplemental Expert Disclosures | 2, 4 |
| 239. | | | Expert Report of George Georgaklis, D.D.S. | 1 |
| 240. | | | Expert Report of John Stanley | 3 |

**D. Exhibits Defendants Reserve the Right to Offer at Trial.**

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 241. | | | Plaintiff Jamel Burt Arrest Records, Booking No. 21132879 (CSD 000001-000011) | 2, 3, 4, 5 |
| 242. | | | Plaintiff Jamel Burt Arrest Records, Booking No. 22745087 (CSD 000012-000019) | 2, 3, 4, 5 |
| 243. | | | Plaintiff Jamel Burt Arrest Records, Booking No. 24712844 (CSD 000020-000026) | 2, 3, 4, 5 |
| 244. | | | Plaintiff Jamel Burt Arrest Records, Booking No. 212561601 (CSD 000027) | 2, 3, 4, 5 |
| 245. | | | Plaintiff Jamel Burt Arrest Records, Booking No. 212561602 (CSD 000028) | 2, 3, 4, 5 |
| 246. | | | Plaintiff Jamel Burt Arrest Records, Booking No. 212561604 (CSD 000029) | 2, 3, 4, 5 |
| 247. | | | San Diego Sheriff Medical Records: Burt, Jamel (CSD 000051-0000390) | 2, 3, 4, 5 |
| 248. | | | San Diego County Sheriff's Department Incarcerated | 2, 3, 4, 5 |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | Person History (CSD 000510-000585) | |
| 249. | | | Background Event Chronology, Event No. E8247218 (CSD 000586-000589) | 3 |
| 250. | | | Audio, Event no. E8247218 (CSD 000590) | 3 |
| 251. | | | Priors PHI Report (CSD 002129) | 1 |
| 252. | | | Broussard Accused Video (CSD 002149) | 1 |
| 253. | | | De La Torre Video (CSD 002150) | 1 |
| 254. | | | Kearney Accused Video (CSD 002151) | 1 |
| 255. | | | Ramos Accused Video (CSD 002152) | 1 |
| 256. | | | S. Jones Video (CSD 002153) | 1 |
| 257. | | | Sergeant Lawson Video (CSD 002154) | 1 |
| 258. | | | Sherman Accused Video (CSD 002155) | 1 |
| 259. | | | Stevens Video (CSD 002156) | 1 |
| 260. | | | Photos (CSD 002157-002171) | 1 |
| 261. | | | 2017-06-02 CCTV Recording (CSD 002172-002174) | 2, 3, 4, 5 |
| 262. | | | Sheriff's Body-Worn Camera Footage (CSD 003451-003461) | 2, 3, 4, 5 |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| 263. | | | RMS Case No. 20153173 (CSD 003462-003490) | 2, 3, 4, 5 |
| 264. | | | Property and Evidence for 20153173 (CSD 003491-003537) | 2, 3, 4, 5 |
| 265. | | | Comms Center E688903 (CSD 003538-003551) | 2, 3, 4, 5 |
| 266. | | | Sheriff's Body-Worn Camera Footage (CSD 003552) | 2, 3, 4, 5 |
| 267. | | | 2018-060.1 Strode E (CSD 003553-003559) | 2, 3, 4, 5 |
| 268. | | | Academy file re Nicolai Ramos (CSD 003560) | 2, 3, 4, 5 |
| 269. | | | Sheriff's Body-Worn Camera Footage (CSD 003564-004067) | 2, 3, 4, 5 |
| 270. | | | Additional Policy (CSD 004068-004074) | 2, 3, 4, 5 |
| 271. | | | False arrest uploaded (CSD 004075) | 2, 3, 4, 5 |
| 272. | | | Internal Affairs (CSD 004076-006017) | 2, 3, 4, 5 |
| 273. | | | Plaintiff Jamel Burt's U.S. Customs and Border Protection Records | 2, 3, 4, 5 |
| 274. | | | Deposition Transcript of Det. | 3 |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | Michael Alcarion with Exhibits | |
| 275. | | | Deposition Transcript of Kyle Bibel with Exhibits | 3 |
| 276. | | | Defendant County of San Diego's Responses to Plaintiff Jamel Burt's Request for Production of Documents, Set One | 3 |
| 277. | | | Defendant County of San Diego's Responses to Plaintiff Jamel Burt's Special Interrogatories, Set One | 3 |
| 278. | | | Defendant County of San Diego's Responses to Plaintiff Jamel Burt's Request for Admission, Set One | 3 |
| 279. | | | Defendant County of San Diego's Responses to Plaintiff Jamel Burt's Request for Production of Documents, Set Two | 3 |
| 280. | | | Defendant County of San Diego's Responses to | 3 |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | Plaintiff Jamel Burt's Request for Production of Documents, Set Three | |
| 281. | | | Defendant County of San Diego's Responses to Plaintiff Jamel Burt's Request for Production of Documents, Set Four | 3 |
| 282. | | | Defendant County of San Diego's Supplemental Responses to Plaintiff Jamel Burt's Request for Production of Documents, Set One | 3 |
| 283. | | | Defendant County of San Diego's Second Supplemental Responses to Plaintiff Jamel Burt's Request for Production of Documents, Set One | 3 |
| 284. | | | Defendant County of San Diego's Supplemental Responses to Plaintiff Jamel Burt's Special Interrogatories, Set One | 3 |
| 285. | | | Defendant County of San Diego's Second | 3 |

| No. | Date Marked | Date Admitted | Description | Objections |
|---|---|---|---|---|
| | | | Supplemental Responses to Plaintiff Jamel Burt's Special Interrogatories, Set One | |
| 286. | | | Defendant County of San Diego's Third Supplemental Responses to Plaintiff Jamel Burt's Special Interrogatories, Set One | 3 |
| 287. | | | Expert Report of Roger Clark | 1 |
| 288. | | | Mom TRO application | 2, 3, 4, 5 |
| 289. | | | Home Depot PC484 arrest report | 2, 3, 4, 5, 10 – Documents not disclosed per Rule 26 |
| 290. | | | BWC from prior 148 | 2, 3, 4, 5, 10 – Documents not disclosed per Rule 26 |
| 291. | | | TRO from recent DV | 2, 3, 4, 5 |

## III. STIPULATED FACTS

1. At all times relevant to this case, Defendant Nicolai Ramos was acting under color of state law.

2. At all times relevant to this case, Defendant Nicolai Ramos was acting within the scope of his employment with the San Diego County Sheriff's Department.

## IV. DEPOSITIONS IN LIEU OF LIVE TESTIMONY

The parties do not plan on presenting any testimony solely through deposition.

## V. PROPOSED JURY INSTRUCTIONS

The parties will file and lodge the proposed jury instructions in accordance with Local Rules.

## VI. JURY TRIAL

This case will be tried by jury.

## VII. TIME ESTIMATE

Plaintiff anticipates that this trial will take four to five court days.

Defendants anticipate that this trial will take four to five court days if the *Monell* and individual liability claims are bifurcated.

Defendants anticipate that this trial will take ten to fourteen court days if it is necessary to present evidence and testimony regarding other incidents, lawsuits and investigations.

DATED:

______________________________
Honorable Cathy Ann Bencivengo
United States District Court Judge
Southern District of California

**Approved as to form and content:**

Dated: October 5, 2026

**IREDALE AND YOO, APC**

*s/ Peter Bibring*
______________________________
EUGENE IREDALE
PETER BIBRING
SARAH MUSUMECI
Attorneys for Plaintiff Jamel Burt

Dated: October 5, 2026

**JOSEPH C. CRUDO PLC**

*s/ Joseph C. Crudo*
JOSEPH C. CRUDO
Attorney for Plaintiff Jamel Burt

Dated: October 5, 2026

**DAMON M. BROWN, County Counsel**

*s/ Timothy A. Hanna*
TIMOTHY A. HANNA, Senior Deputy
CHRISTOPHER M. BLAYLOCK, Senior Deputy

Attorneys for Defendants County of San Diego and Nicolai Ramos

**CERTIFICATION**

I, PETER BIBRING, hereby certify that the content of this proposed final pretrial conference order is acceptable to all parties required to sign this motion. All parties authorized me to affix their electronic signatures to this pleading.

*s/ Peter Bibring*
PETER BIBRING

*Jamel Burt v. Nicolai Ramos, et al.*
Southern District of California Case No. 24-CV-0662-CAB-VET

**DECLARATION AND PROOF OF SERVICE**

I, Peter Bibring, hereby declare as follows:

I am over the age of 18 years and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 105 West F Street, Fourth Floor, San Diego, California 92101.

On October 5, 2026, I caused the following document(s) to be served:

**JOINT [PROPOSED] FINAL PRETRIAL ORDER**

[ ] (By U.S. Postal Mail) I served each of the above-referenced document(s) by placing t hem in a sealed envelope for United States Postal Service ("USPS") delivery, postage fully pre-paid, and placing them in a regulated receptacle for USPS for service on the interested parties listed below.

[ X ] (By E-Mail) I served each of the above-referenced document(s) by e-mail on the following interested parties:

Timothy A. Hanna
Christopher M. Blaylock
Office of the County Counsel
1600 Pacific Highway, Room 355
San Diego, CA 92101
Telephone: (619) 531-5244
timothy.hanna@sdcounty.ca.gov
christopher.blaylock@sdcounty.ca.gov
*Attorneys for Defendants*

Joseph C. Crudo
Joseph C. Crudo PLC
3990 Old Town Avenue
Suite C101
San Diego, CA 92110
Telephone: (858) 622-7280
Fax: (858) 450-9411
joseph@crudoplc.com
*Co-Counsel for Plaintiff*

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 5, 2026, in Los Angeles, California.

*s/ Peter Bibring*
Peter Bibring