EUGENE G. IREDALE: SBN 75292
PETER BIBRING: SBN 223981
SARAH MUSUMECI: SBN 328306
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
Telephone: (619) 233-1525
Fax: (619) 233-3221

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMEL BURT,<br><br>Plaintiffs,<br><br>v.<br><br>NICOLAI RAMOS, in his individual capacity, and COUNTY OF SAN DIEGO,<br><br>Defendants. | CASE NO. 3:24-cv-00662-CAB-VET<br><br>**JOINT PROPOSED JURY INSTRUCTIONS**<br><br>Hon. Cathy Ann Bencivengo<br><br>Final Pretrial Conference: October 16, 2026, at 2:00 p.m. |

I. GENERAL INSTRUCTIONS .......... 5

JURY INSTRUCTION NO. 1A: DUTY OF JURY .......... 5

JURY INSTRUCTION NO. 1B: DUTY OF JURY .......... 6

JURY INSTRUCTION NO. 2: CLAIMS AND DEFENSES .......... 7

JURY INSTRUCTION NO. 3: BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE .......... 9

JURY INSTRUCTION NO. 4: BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE .......... 10

JURY INSTRUCTION NO. 5: TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS .......... 11

JURY INSTRUCTION NO. 7: FAIR TREATMENT .......... 12

JURY INSTRUCTION NO. 8: WHAT IS EVIDENCE .......... 13

JURY INSTRUCTION NO. 9: WHAT IS NOT EVIDENCE .......... 14

JURY INSTRUCTION NO. 10: EVIDENCE FOR LIMITED PURPOSE .......... 15

JURY INSTRUCTION NO. 11: DIRECT AND CIRCUMSTANTIAL EVIDENCE .......... 16

JURY INSTRUCTION NO. 12: RULING ON OBJECTIONS .......... 17

JURY INSTRUCTION NO. 13: CREDIBILITY OF WITNESSES .......... 18

JURY INSTRUCTION NO. 14: CONDUCT OF THE JURY .......... 20

JURY INSTRUCTION NO. 15: PUBLICITY DURING TRIAL .......... 23

JURY INSTRUCTION NO.16: NO TRANSCRIPT AVAILABLE TO JURY .......... 24

JURY INSTRUCTION NO. 17: TAKING NOTES .......... 25

JURY INSTRUCTION NO. 18: BENCH CONFERENCES AND RECESSES .......... 26

JURY INSTRUCTION NO. 19: OUTLINE OF TRIAL ....27

JURY INSTRUCTION NO. 20: STIPULATIONS OF FACT ....28

JURY INSTRUCTION NO. 21: JUDICIAL NOTICE ....29

JURY INSTRUCTION NO. 22: TRANSCRIPT OF RECORDING IN ENGLISH ....30

JURY INSTRUCTION NO. 23: USE OF INTERROGATORIES ....31

JURY INSTRUCTION NO. 24: EXPERT OPINION ....32

JURY INSTRUCTION NO. 25: EVIDENCE IN ELECTRONIC FORMAT ....35

JURY INSTRUCTION NO. 26: DUTY OF JURY ....37

II. Federal Claims .... 38

JURY INSTRUCTION NO. 27: SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION ....38

JURY INSTRUCTION NO. 29: PARTICULAR RIGHTS - FOURTH AMENDMENT – UNREASONABLE SEIZURE OF PERSON – EXCESSIVE FORCE ....40

JURY INSTRUCTION NO. 30: PARTICULAR RIGHTS—FIRST AMENDMENT— “CITIZEN” PLAINTIFF ....44

SPECIAL JURY INSTRUCTION NO. 31: FIRST AMENDMENT PROTECTION OF CRITICISM AND CHALLENGE DIRECTED AT POLICE OFFICERS ....46

JURY INSTRUCTION NO. 32: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON OFFICIAL POLICY, PRACTICE, OR CUSTOM ....49

JURY INSTRUCTION NO. 33: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON POLICY OF FAILURE TO TRAIN – ELEMENTS AND BURDEN OF PROOF ....53

JURY INSTRUCTION NO. 34A: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON RATIFICATION BY POLICYMAKER/FAILURE TO DISCIPLINE ....................58

[ALTERNATE] JURY INSTRUCTION NO. 34B: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON RATIFICATION BY POLICYMAKER/FAILURE TO DISCIPLINE ....................60

III. State law claims .................... 64

JURY INSTRUCTION NO. 35: INTRODUCTION TO VICARIOUS RESPONSIBILITY (CALIFORNIA LAW)....................64

JURY INSTRUCTION NO. 36: Scope of Employment - Peace Officer's Misuse of Authority....................65

JURY INSTRUCTION NO. 37. BATTERY BY LAW ENFORCEMENT OFFICER (NON-DEADLY FORCE) ....................66

JURY INSTRUCTION NO. 38: COUNTY LIABILITY FOR BATTERY.68

JURY INSTRUCTION NO. 39: BANE ACT — INTERFERENCE WITH RIGHT TO BE FREE FROM EXCESSIVE FORCE ....................72

JURY INSTRUCTION NO. 40: BANE ACT — INTERFERENCE WITH RIGHT TO FREE SPEECH....................73

JURY INSTRUCTION NO. 41: BANE ACT — INTERFERENCE WITH RIGHT TO REMAIN SILENT....................74

SPECIAL JURY INSTRUCTION NO. 42: RIGHT TO REMAIN SILENT ....................76

JURY INSTRUCTION NO. 43: COUNTY LIABILITY FOR INTERFERENCE WITH RIGHTS ....................79

IV. Damages.................... 80

JURY INSTRUCTION NO. 44: DAMAGES- PROOF AND MEASURES OF TYPES OF DAMAGES....................80

JURY INSTRUCTION 45: DAMAGES — Measures of Types of Damages ....................82

JURY INSTRUCTION NO. 46: DAMAGES— MITIGATION....................84

JURY INSTRUCTION NO. 47: PUNITIVE DAMAGES ....................85

V. Other General Instructions.................... 88

JURY INSTRUCTION NO. 48: INSURANCE....................88

JURY INSTRUCTION NO. 49: DUTY TO DELIBERATE ....................89

JURY INSTRUCTION NO. 50: COMMUNICATION WITH COURT .....90

JURY INSTRUCTION NO. 51: RETURN OF VERDICT ....................91

JURY INSTRUCTION NO. 52: POST-DISCHARGE INSTRUCTION.....92

# I. GENERAL INSTRUCTIONS

## JURY INSTRUCTION NO. 1A: DUTY OF JURY

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected, and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions, No. 1.2

**JURY INSTRUCTION NO. 1B: DUTY OF JURY**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 1.3

**JURY INSTRUCTION NO. 2: CLAIMS AND DEFENSES**

**Plaintiff's Proposed Instruction:**

To help you follow the evidence, I will give a brief summary of the positions of the parties:

**The plaintiff in this case is Jamel Burt. The defendants are Nicolai Ramos, in his individual capacity, and the County of San Diego.**

The Plaintiff asserts that **Defendant Ramos used excessive force on him in violation of the Fourth Amendment, and that he did so in retaliation for Plaintiff's speech protected by the First Amendment. Plaintiff also asserts that Defendant County of San Diego is liable for these violations because the City failed to discipline Defendant Ramos for prior conduct and because Defendant County maintains a custom or practice of permitting deputies to engage in excessive force, particularly with respect to people who are handcuffed or otherwise restrained. Plaintiff also asserts that, based on the same use of force, Defendant Ramos is liable for assault and battery and for interfering (or attempting to interfered) with his exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of California, by threat, intimidation, or coercion.**

All defendants deny liability and dispute damages.

The defendants deny those claims [and also contends that [*defendant's counterclaims and/or affirmative defenses*]]. [The defendant has the burden of proof on these [*counterclaims and/or affirmative defenses.*]]

[The plaintiff denies [*defendant's counterclaims and/or affirmative defenses*].]

**Source**

Ninth Circuit Manual of Model Jury Instructions: Civil 1.5 (2017 ed., updated August 2023) (modified as shown)

**Defendants' Proposed Instruction:**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that **Defendant Deputy Ramos is liable for excessive force in violation of the Constitution, retaliation in Violation of the Constitution and assault and battery under California law, and intentional or reckless interference with his Constitutional Rights under California law. Plaintiff also asserts the County is liable due to its policy, or a long-standing custom or practice regarding excessive force against restrained individuals, and for vicarious liability for Deputy Ramos' state law claims.** The plaintiff has the burden of proving these claims.

The defendants denyies those claims ~~[and also contends that [*defendant's counterclaims and/or affirmative defenses*]]. [The defendant has the burden of proof on these [*counterclaims and/or affirmative defenses.*]]~~

~~[The plaintiff denies [*defendant's counterclaims and/or affirmative defenses*].]~~

**Source**

Ninth Circuit Manual of Model Jury Instructions: Civil 1.5 (2017 ed., updated August 2023) (modified as shown)

**JURY INSTRUCTION NO. 3: BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim **or affirmative defense** by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim **or affirmative defense** is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 1.6

## JURY INSTRUCTION NO. 4: BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 1.7

## JURY INSTRUCTION NO. 5: TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS

You should decide the case as to each **party** separately. Unless otherwise stated, the instructions apply to all parties.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions No. 1.8

## JURY INSTRUCTION NO. 7: FAIR TREATMENT

All parties are equal before the law and **the County of San Diego** is entitled to the same fair and conscientious consideration by you as any party.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 4.1

## JURY INSTRUCTION NO. 8: WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits that are admitted into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts I **have instructed** you to accept as proved.

### Comment

During deliberation, jurors are generally entitled to examine all exhibits properly admitted into evidence. The decision to send exhibits to the jury room is within the discretion of the trial court. *United States v. DeCoito*, 764 F.2d 690, 695 (9th Cir. 1985); *see also United States v. Chadwell*, 798 F.3d 910, 914-15 (9th Cir. 2015).

### Source

Ninth Circuit's Manual of Model Civil Jury Instructions, No. 1.9 (2017 ed., revised June 2025) (modified as shown)

**JURY INSTRUCTION NO. 9: WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they **may say** in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you **are** instructed to disregard, is not evidence and must not be considered. In addition, some evidence **may be** received only for a limited purpose; when I **instruct** you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may **see or hear** when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 1.10

## JURY INSTRUCTION NO. 10: EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.]**

**Comment**

As a rule, limiting instructions need only be given when requested and need not be given *sua sponte* by the court. *United States v. Palmer*, 691 F.2d 921, 923 (9th Cir. 1982) (citing *United States v. McLennan*, 563 F.2d 943, 947-48 (9th Cir. 1977)).

*See United States v. Marsh*, 144 F.3d 1229, 1238 (9th Cir.1998) (when trial court fails to instruct jury in its final instructions regarding receipt of evidence for limited purpose, Ninth Circuit examines trial court's preliminary instructions to determine if court instructed jury on this issue).

*See also* Instructions 1.10 (What is Not Evidence) and 2.9 (Impeachment Evidence—Witness).

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017, ed., revised March 2025) No. 1.11.

## JURY INSTRUCTION NO. 11: DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

### Comment

It may be helpful to include an illustrative example in the instruction:

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

### Source

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 1.12

**JURY INSTRUCTION NO. 12: RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 1.13

## JURY INSTRUCTION NO. 13: CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some

things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Comment**

The Committee recommends that the jurors be given some guidelines for determining credibility at the beginning of the trial so that they will know what to look for when witnesses are testifying.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 1.14

## JURY INSTRUCTION NO. 14: CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media

accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, **and a mistrial could result that would require the entire trial process to start over**. If any juror is exposed to any outside information, please notify the court immediately.

**Comment**

This instruction has been updated specifically to instruct jurors against accessing electronic sources of information and communicating electronically about the case, as well as to inform jurors of the potential consequences if a juror

violates this instruction. An abbreviated instruction should be repeated before the first recess, and as needed before other recesses.

The practice in federal court of repeatedly instructing jurors not to discuss the case until deliberations is widespread. *See, e.g., United States v. Pino-Noriega,* 189F.3d1089,1096(9th Cir. 1999) ("most judges continually admonish their juries during trials not to discuss the evidence or begin deliberating until told to do so").

State court practice in some jurisdictions does allow discussion of the case by jurors prior to the beginning of deliberations. The Ninth Circuit has not addressed this practice.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017., revised March 2025), No. 1.15

## JURY INSTRUCTION NO. 15: PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 1.16

**JURY INSTRUCTION NO.16: NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**Comment**

The court may wish to modify this instruction for use at the end of the trial.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 1.17

## JURY INSTRUCTION NO. 17: TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the **courtroom**. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 1.18

## JURY INSTRUCTION NO. 18: BENCH CONFERENCES AND RECESSES

From time to time during the trial, it **may become** necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury **is** present in the courtroom, or by calling a recess. Please understand that while you **are** waiting, we **are** working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we **will do** what we **can** to keep the number and length of these conferences to a minimum. I **may** not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 1.20

**JURY INSTRUCTION NO. 19: OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions: 1.21

**JURY INSTRUCTION NO. 20: STIPULATIONS OF FACT**

The parties have agreed to certain facts **that will be read to you**. You must therefore treat these facts as having been proved.

**Comment**

When parties enter into stipulations as to material facts, those facts will be deemed to have been conclusively proved, and the jury may be so instructed. *United States v. Mikaelian*, 168 F.3d 380, 389 (9th Cir. 1999) (citing *United States v. Houston*, 547 F.2d 104, 107 (9th Cir. 1976)), *amended by* 180 F.3d 1091 (9th Cir. 1999).**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 2.2

## JURY INSTRUCTION NO. 21: JUDICIAL NOTICE

The court has decided to accept as proved the fact that **[*state fact*].** You must accept this fact as true.

**Comment**

An instruction regarding judicial notice should be given at the time notice is taken. In a civil case, the Federal Rules of Evidence permit the judge to determine that a fact is sufficiently undisputed to be judicially noticed and requires that the jury be instructed that it is required to accept that fact. Fed. R. Evid. 201(f). In a criminal case, however, the court must instruct the jury that it may or may not accept the noticed fact as conclusive. *Id.*; *see United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994) (in a criminal case, "the trial court must instruct 'the jury that it may, but is not required to, accept as conclusive any fact judicially noticed'" (citing Fed. R. Evid. 201(g))).

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 2.4 (revised March 2025)

## JURY INSTRUCTION NO. 22: TRANSCRIPT OF RECORDING IN ENGLISH

You are about to [watch]] [have watched] a recording that has been received in evidence. [Please listen to it very carefully.] Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you [hear] [heard] something different from what [appears] [appeared] in the transcript, what you heard is controlling. [After] [Now that] the recording has been played, the transcript will be taken from you.

### Comment

*See United States v. Delgado*, 357 F.3d 1061, 1070 (9th Cir. 2004), *abrogated on other grounds by United States v. Katakis*, 800 F.3d 1017, 1028 (9th Cir. 2015) (holding that the district court properly instructed the jury that transcripts were only aids to understanding and that the recordings themselves were evidence); *United States v. Franco*, 136 F.3d 622, 626 (9th Cir. 1998) (noting that recording itself is evidence to be considered; transcript is merely aid); *see also* Instructions 2.7 (Transcript of Recording in Foreign Language), 2.8 (Disputed Transcript of Recording in Foreign Language), and 2.9 (Foreign Language Testimony).

The Committee recommends that this instruction be given immediately before a recording is played so that the jurors are alerted to the fact that what they hear is controlling. It need not be repeated if more than one recording is played.

### Source

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 2.6

**JURY INSTRUCTION NO. 23: USE OF INTERROGATORIES**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions No. 2.12

## JURY INSTRUCTION NO. 24: EXPERT OPINION

You **are about to hear** testimony from [**name]** who **will testify** about **[his] [her]** opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

### Comment

*See* Fed. R. Evid. 702-05.

According to Federal Rule of Evidence 702, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed R. Evid. 702(a). An expert's general qualifications alone do not satisfy Federal Rule of Evidence 702, which governs the admissibility of expert opinion. *See, e.g.*, *United States v. Rodriguez*, 971 F.3d 1005, 1018 (9th Cir. 2020). Instead, district courts must ensure an expert's methods of forming her opinions "are both reliable and adequately explained." *Id*. (quoting *United States v. Vera*, 770 F.3d 1232, 1241 (9th Cir. 2014)). Under Federal Rule of Evidence 703, an expert's opinion must be based on facts or data in the case that the expert has been made aware of or personally observed. Fed. R. Evid. 703. The facts and data need not be admissible so long as experts in the particular field would reasonably rely on such facts and data. *Id*.

This instruction avoids labeling the witness as an "expert." If the court refrains from designating the witness as an "expert," this will "ensure[] that trial courts do not inadvertently put their stamp of authority" on a witness's opinion and will protect against the jury's being "overwhelmed by the so-called 'experts.'" *See* Advisory Committee Note, Fed. R. Evid. 702 (2000) (quoting Hon. Charles Richey, *Proposals to Eliminate the Prejudicial Effect of the Use of the Word "Expert" Under the Federal Rules of Evidence in Criminal and Civil Jury Trials*, 154 F.R.D. 537, 559 (1994).

In addition, Fed. R. Evid. 703 (as amended in 2000) provides that facts or data that are the basis for an expert's opinion but are otherwise inadmissible may nonetheless be disclosed to the jury if the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

This instruction is appropriate for a witness who provides only expert opinion testimony. If the same witness provides expert opinion testimony and percipient witness testimony (whether fact testimony, lay opinion testimony, or both), these different roles should be clarified for the jury, even in a civil case. Model Criminal Instruction 3.15 (Dual Role Testimony) provides guidance.

In *BillFloat Inc. v. Collins Cash Inc.*, 105 F.4th 1269, 1276-77 (9th Cir. 2024), the plaintiff alleged trademark infringement. At trial, the plaintiff did not present survey evidence showing consumer confusion but was not required to do so. The defendant, however, called an expert witness who had conducted a survey that purportedly showed an absence of consumer confusion. The plaintiff also called an expert witness, who simply challenged the opinions of the defendant's expert. The Ninth Circuit held that the district court did not abuse its discretion by declining to instruct the jury that it "should not draw any inference about the

existence or absence of consumer confusion from the fact that Plaintiff did not also offer market survey evidence," explaining that a jury is free to "use its common sense and experience when weighing the evidence offered by the parties, including the absence of a survey."

In *Yonay v. Paramount Pictures Corp.*, 163 F.4th 685, 698-99 (9th Cir. 2026), the Ninth Circuit held that the district court did not abuse its discretion in excluding an expert witness who opined on the issue of substantial similarity in a copyright infringement action because the expert failed to differentiate between protected and unprotected elements under copyright law and instead opined that a factual article described facts as being facts "with the feeling of fiction" and that there were no "naked" facts contained within the article.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017 ed., Revised March 2026), No. 2.14

The parties intend to offer expert testimony from the following individuals:

Plaintiffs Experts:

1. Roger Clark
2. Dr. Ghazal Farhang

Defendants' Experts

1. John Stanley
2. Dr. George Georgaklis

**JURY INSTRUCTION NO. 25: EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the **[clerk] [bailiff]**.) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the **[clerk] [bailiff],** signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with **[the clerk] [the bailiff]** present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website,

database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 2.17

**JURY INSTRUCTION NO. 26: DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*or*

[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions, No. 1.4

## II. Federal Claims

### JURY INSTRUCTION NO. 27: SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION

The plaintiff **Jamel Burt** bring **some of his** claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**Source**

See Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 9.1 (modified as shown)

**JURY INSTRUCTION NO. 28: SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY – ELEMENTS AND BURDEN OF PROOF**

To prevail on a §1983 claim against the defendant **Nicolai Ramos**, the plaintiff must prove each of the following elements by a preponderance of the evidence:

**1.** the defendant **Nicolai Ramos** acted under color of state law; and

**2.** the **acts** of the defendant Nicolai Ramos deprived plaintiff **Jamel Burt** of **his** particular rights under the **United States Constitution** as explained in later instructions; and

**3.** the defendant's conduct was an actual cause of the claimed injury.

The parties have stipulated that the defendant **Nicolai Ramos** acted under color of state law.

The defendant **Nicolai Ramos**'s conduct is an actual cause of plaintiff **Jamel Burt**'s injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements the plaintiff is required to prove under Instruction ___, your verdict should be for the plaintiff **Jamel Burt**. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant **Nicolai Ramos**.Source

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 9.3 (as modified)

## JURY INSTRUCTION NO. 29: PARTICULAR RIGHTS - FOURTH AMENDMENT – UNREASONABLE SEIZURE OF PERSON – EXCESSIVE FORCE

**Plaintiff's Proposed Instruction**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force **in making a lawful arrest, in defending himself, or in attempting to stop a fleeing or escaping suspect**. In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest. Therefore, to establish an unreasonable seizure in this case, the plaintiff **Jamel Burt** must prove by a preponderance of the evidence that the officer used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer[s] used excessive force in this case, consider all of the circumstances known to the officer[s] on the scene, including:

(1) the nature of the crime or other circumstances known to the officer at the time force was applied;

(2) whether the plaintiff **Jamel Burt** posed an immediate threat to the safety of the officer or to others;

(3) whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

(4) the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5) the relationship between the need for the use of force and the amount of force used;

(6) the extent of the plaintiff's injury;

(7) any effort made by the officer to temper or to limit the amount of force;

(8) the severity of the security problem at issue;

(9) the availability of alternative methods to take the plaintiff into custody or subdue the plaintiff;

~~**[(10) the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*,which party created the dangerous situation, and which party is more innocent;]**~~

~~**[(11)**~~ whether it was practical for the officer~~**[s]**~~ to give warning of the imminent use of force, and whether such warning was given;~~]~~

~~**[(12) whether the officer[s] [was] [were] responding to a domestic violence disturbance;]**~~

~~**[(13) whether it should have been apparent to the officer[s] that the person [he] [she] [*other pronoun*] used force against was emotionally disturbed;]**~~

~~**[(14)**~~ **(11)** whether a reasonable officer would have or should have accurately perceived a mistaken fact;~~]~~

~~[(15)~~ **(12)** whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm~~**; and]**~~

~~[~~"Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there

is a fair probability that the plaintiff has committed or was committing a crime.~~]~~

~~**[and]**~~

~~**[(16)** ***insert other factors particular to the case.*]**~~

Ninth Circuit's Manual of Model Civil Jury Instructions (2017.,Revised September 2025), No. 9.27

**Defendants' Proposed Instruction**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force **in making a lawful arrest, in defending himself, or in attempting to stop a fleeing or escaping suspect.** Therefore, to establish an unreasonable seizure in this case, the plaintiff **Jamel Burt** must prove by a preponderance of the evidence that the officer[s] used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer[s] used excessive force in this case, consider all of the circumstances known to the officer[s] on the scene, including:

(1) the nature of the crime or other circumstances known to the officer[s] at the time force was applied;

(2) whether the plaintiff posed an immediate threat to the safety of the officer[s] or to others;

(3) whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

(4) the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5) the relationship between the need for the use of force and the amount of force used;

(6) the extent of the plaintiff's injury;

(7) any effort made by the officer to temper or to limit the amount of force;

(8) the severity of the security problem at issue;

(9) the availability of alternative methods [to take the plaintiff into custody] [to subdue the plaintiff;

(10) the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*,which party created the dangerous situation, and which party is more innocent;

(11) whether it was practical for the officer to give warning of the imminent use of force, and whether such warning was given;

~~**[(12) whether the officer[s] [was] [were] responding to a domestic violence disturbance;]**~~

~~**[(13) whether it should have been apparent to the officer[s] that the person [he] [she] [*other pronoun*] used force against was emotionally disturbed;]**~~

(14) whether a reasonable officer would have or should have accurately perceived a mistaken fact;

(15) whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm; and

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime. ~~**[and]**~~

~~**[(16) *insert other factors particular to the case.*]**~~

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017.,Revised September 2025), No. 9.27

**JURY INSTRUCTION NO. 30: PARTICULAR RIGHTS—FIRST AMENDMENT— "CITIZEN" PLAINTIFF**

As previously explained, the plaintiff **Jamel Burt** has the burden of proving that the acts of the defendant **Nicolai Ramos** deprived the plaintiff **Jamel Burt** of particular rights under the United States Constitution. In this case, the plaintiff **Jamel Burt** alleges the defendant **Nicolai Ramos** deprived the plaintiff **Jamel Burt** of rights under the First Amendment to the Constitution when **defendant Nicolai Ramos used force against plaintiff, in retaliation for Jamel Burt's speech**.

Under the First Amendment, a citizen has the right **to free expression and free speech, including the right to speak critically or rudely to government officials**. To establish the defendant **Nicolai Ramos** deprived the plaintiff **Jamel Burt** of this First Amendment right, the plaintiff **Jamel Burt** must prove the following additional elements by a preponderance of the evidence:

1. the plaintiff **Jamel Burt** was engaged in a constitutionally protected activity;

2. the defendant **Nicolai Ramos**'s actions against the plaintiff **Jamel Burt** would chill a person of ordinary firmness from continuing to engage in the protected activity; and

3. the plaintiff **Jamel Burt**'s protected activity was a substantial or motivating factor in the defendant **Nicolai Ramos**'s conduct.

A substantial or motivating factor is a significant factor, though not necessarily the only factor.

If the plaintiff **Jamel Burt** establishes each of the foregoing elements, the burden shifts to the defendant **Nicolai Ramos** to prove by a preponderance of the the

evidence that the defendant **Nicolai Ramos** would have taken the action(s) in question, even in the absence of any motive to retaliate against the plaintiff **Jamel Burt**. If you find that the defendant **Nicolai Ramos** is able to demonstrate this, you must find for the defendant **Nicolai Ramos**. If you find that the defendant **Nicolai Ramos** is not able to demonstrate this, you must find for the plaintiff **Jamel Burt**.

**Source**

Ninth Circuit Model Jury Instructions, 9.11 — *Particular Rights—First Amendment—"Citizen" Plaintiff* (Revised June 2026).

## SPECIAL JURY INSTRUCTION NO. 31: FIRST AMENDMENT PROTECTION OF CRITICISM AND CHALLENGE DIRECTED AT POLICE OFFICERS

**Plaintiff's Proposed Instruction:**

Speech is often provocative and challenging. But it is nevertheless protected against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest.

The First Amendment protects a significant amount of verbal criticism and challenge directed at police officers. The freedom of individuals to oppose or challenge police action verbally without thereby risking arrest **or violence** is one important characteristic by which we distinguish ourselves from a police state. Thus, while police, no less than anyone else, may resent having obscene words and gestures directed at them, they may not exercise the awesome power at their disposal to punish individuals for conduct that is not merely lawful, but protected by the First Amendment.

Making obscene gestures toward police and yelling profanities is not illegal, as criticism of the police is not a crime. Even inarticulate and crude conduct that represents an expression of a person's disapproval toward a police officer with whom they have just had a run-in may fall squarely within the protective umbrella of the First Amendment, and any action to punish or deter such speech—such as stopping or hassling the speaker—is categorically prohibited by the Constitution.

**Source**

*Duran v. City of Douglas, Ariz.*, 904 F.2d 1372, 1378 (9th Cir. 1990); *City of Houston, Tex. v. Hill*, 482 U.S. 451, 461 (1987); *Velazquez v. City of Long Beach* 793 F.3d 1010, 1020 (9th Cir. 2015).

**Defendants' Proposed Instruction**

The First Amendment protects a significant amount of verbal criticism and challenge directed at police officers. The First Amendment does not protect one's right to refuse to provide basic identification information during the course of a lawful traffic stop or detention.

**Source**

The First Amendment arguably does not protect speech involving a refusal to identify oneself during a lawful investigatory detention. In *Hiibel v. Sixth Judicial Dist. Ct. of Nev., Humboldt County,* 542 U.S. 177 (2004), the U.S. Supreme Court found that "[t]he principles of *Terry* permit a State to require a suspect to disclose his name in the course of a *Terry* stop." *Hiibel, supra,* 542 U.S. at 187. The Court noted "that questions concerning a suspect's identity are a routine and accepted part of many *Terry* stops." *Id.* at 186, citing *United States v. Hensley,* 469 U.S. 221, 229 (1985) ("[T]he ability to briefly stop [a suspect], ask questions, or check identification in the absence of probable cause promotes the strong government interest in solving crimes and bringing offenders to justice"); *Hayes v. Florida,* 470 U.S. 811, 816 (1985) ("[I]f there are articulable facts supporting a reasonable suspicion that a person has committed a criminal offense, that person may be stopped in order to identify him, to question him briefly, or to detain him briefly while attempting to obtain additional information"); *Adams v. Williams,* 407 U.S. 143, 146 (1972) ("A brief stop of a suspicious individual, in order to determine his identity or to maintain the status

quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time”).

**JURY INSTRUCTION NO. 32: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON OFFICIAL POLICY, PRACTICE, OR CUSTOM**

**Plaintiff's Proposed Instruction**

In order to prevail on the plaintiff's § 1983 claim against defendant **County of San Diego** alleging liability based on an official policy, practice, or custom, the plaintiff **Jamel Burt** must prove each of the following elements by a preponderance of the evidence:

1. **Defendant Nicolai Ramos** acted under color of state law;
2. the acts of **Nicolai Ramos** deprived **Jamel Burt** of particular rights under **the United States Constitution** as **explained in later instructions;**
3. **defendant Nicolai Ramos** acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the defendant **County of San Diego**;
4. the defendant **County of San Diego**'s official policy or widespread or longstanding practice or custom caused the deprivation of the plaintiff **Jamel Burt**'s rights by the **defendant Nicolai Ramos**; that is, the **County of San Diego**'s official policy or widespread or longstanding practice or custom is so closely related to the deprivation of the plaintiff **Jamel Burt**'s rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. [The parties have stipulated that] [I instruct you that] [<u>name of defendant's official or employee</u>] acted under color of state law.]

"Official policy" means a formal policy, such as a rule or regulation adopted by the defendant **County of San Diego**, resulting from a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the defendant **County of San Diego.** A practice or custom can be established by repeated constitutional violations that were not properly investigated and for which the violators **were** not disciplined, reprimanded or punished.

**A policy of inaction or omission may be based on a failure to implement procedural safeguards to prevent constitutional violations. To establish that there is a policy based on a failure to preserve constitutional rights, the plaintiff must show, in addition to a constitutional violation, that this policy amounts to deliberate indifference to plaintiff Jamel Burt's constitutional rights, and that the policy caused the violation, in the sense that the municipality could have prevented the violation with an appropriate policy.**

**"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions. The plaintiff may prove deliberate indifference in this case by showing that the facts available to the County of San Diego put it on actual or constructive notice that its failure to implement adequate policies was substantially certain to result in the violation of the constitutional rights of persons such as plaintiff Jamel Burt due to the employee(s)' conduct.**

If you find that the plaintiff has proved each of these elements your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 9.5 (revised March 2025) (as modified); *Jackson v. Barnes*, 749 F.3d 755, 763 (9th Cir. 2014).

**Defendants' Proposed Instruction**

To prevail on the plaintiff's § 1983 claim against defendant **County of San Diego** alleging liability based on a policy, practice, or custom, the plaintiff **Jamel Burt** must prove each of the following elements by a preponderance of the evidence:

First, **Defendant Nicolai Ramos** acted under color of state law;

Second, the acts of **Nicolai Ramos** deprived **Jamel Burt** of particular rights under **the United States Constitution** as explained in later instructions**;**

Third, **defendant Nicolai Ramos** acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the defendant **County of San Diego**; and

Fourth, the defendant **County of San Diego**'s official policy or widespread or longstanding practice or custom caused the deprivation of the plaintiff **Jamel Burt**'s rights by the **defendant Nicolai Ramos**; that is, the **County of San Diego**'s official policy or widespread or longstanding practice or custom is so closely related to the deprivation of the plaintiff **Jamel Burt**'s rights as to be the moving force that caused the ultimate injury.

The parties have stipulated that **defendant Nicolai Ramos** acted under color of state law.

"Official policy" means a formal policy, such as a rule or regulation adopted by the defendant **County of San Diego**, resulting from a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the defendant **County of San Diego**. A practice or custom can be established by repeated constitutional violations that were not properly investigated and for which the violators were not disciplined, reprimanded or punished.

If you find that the plaintiff **Jamel Burt** has proved each of these elements, and if you find that the plaintiff **Jamel Burt** has proved all the elements the plaintiff **Jamel Burt** is required to prove under Instructions [*specify the instruction[s] that deal with the particular right[s]*], your verdict should be for the plaintiff **Jamel Burt**. If, on the other hand, you find that the plaintiff **Jamel Burt** has failed to prove any one or more of these elements, your verdict should be for the defendant **County of San Diego**.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 9.5 (revised March 2025) (as modified); *Jackson v. Barnes*, 749 F.3d 755, 763 (9th Cir. 2014).

**JURY INSTRUCTION NO. 33: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON POLICY OF FAILURE TO TRAIN – ELEMENTS AND BURDEN OF PROOF**

**Plaintiff's Proposed Instruction:**

To prevail on plaintiff **Jamel Burt**'s § 1983 claim against defendant **County of San Diego** alleging liability based on a policy **of a failure to train its deputy sheriffs**, plaintiff **Jamel Burt** must prove each of the following elements by a preponderance of the evidence:

1. The acts of defendant **Nicolai Ramos** deprived plaintiff **Jamel Burt** of his particular rights under the United States Constitution as explained in later instructions;
2. Defendant **County of San Diego** acted under color of state law;
3. The **training and/or policies** of the defendant **County of San Diego** was not adequate to **prevent violations of law by its deputies while handling** the usual and recurring situations with which they must deal;
4. The defendant, **County of San Diego,** was deliberately indifferent to the known or obvious consequences of its failure to **prevent violations of law by its deputies** adequately; and
5. The failure of the defendant **County of San Diego** to provide adequate **training and/or policies** caused the deprivation of plaintiff Jamel Burt's rights by the defendant, **Nicolai Ramos**; that is, defendant **County of San Diego**'s failure to train played a substantial part in bringing about or actually causing the injury or damage to plaintiff **Jamel Burt**.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law,

ordinance or regulation. I instruct you that Deputy Ramos acted under color of state law.

A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

"Deliberate indifference" is the conscious choice to disregard a known or obvious consequences of one's acts or omissions. Plaintiff Jamel Burt may prove deliberate indifference in this case by showing that the facts available to defendant City of San Diego put it on actual or constructive notice that its failure to train adequately was substantially certain to result in the violation of the constitutional rights of persons such as plaintiff Jamel Burt due to employee's conduct.

If you find that plaintiff Jamel Burt has proved each of these elements, and if you find that plaintiff Jamel Burt has proved all the elements plaintiff Jamel Burt is required to prove under Instruction[s] [*specify the instruction[s] that deal with the particular right[s]*], your verdict should be for plaintiff Jamel Burt. If, on the other hand, plaintiff Jamel Burt has failed to prove any one or more of these elements, your verdict should be for defendant City of San Diego.

**Source**

See Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 9.8

**Defendants' Proposed Instruction:**

To prevail on plaintiff **Jamel Burt**'s § 1983 claim against defendant **County of San Diego** alleging liability based on a policy **of a failure to train its sheriff's deputies**, plaintiff **Jamel Burt** must prove each of the following elements by a preponderance of the evidence:

First, the acts of **defendant Nicolai Ramos** deprived plaintiff **Jamel Burt** of his particular rights under the United States Constitution as explained in later instructions;

Second, **defendant Nicolai Ramos** acted under color of state law;

Third, the training policies of the defendant **County of San Diego** were not adequate to train its **sheriff's deputies** to handle the usual and recurring situations with which they must deal;

Fourth, the defendant **County of San Diego** was deliberately indifferent to the substantial risk that its policies were inadequate to prevent known or obvious consequences of its failure to train its **sheriff's deputies**; and

Fifth, the failure of the defendant **County of San Diego** to provide adequate training caused the deprivation of plaintiff **Jamel Burt'**s rights by the **defendant Nicolai Ramos**; that is, defendant **County of San Diego**'s failure to train]played a substantial part in bringing about or actually causing the injury or damage to plaintiff **Jamel Burt**.

The parties have stipulated that **defendant Nicolai Ramos** acted under color of state law.

A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. A policy of inaction or omission may be based on a failure to implement procedural safeguards to prevent constitutional violations. To establish that there is a policy based on a failure to preserve constitutional rights, plaintiff **Jamel Burt** must show, in addition to a constitutional violation, that this policy amounts to deliberate indifference to plaintiff **Jamel Burt**'s constitutional rights, and that the policy caused the violation, in the sense that the municipality could have prevented the violation with an appropriate policy.

"Deliberate indifference" is the conscious choice to disregard a known or obvious consequences of one's acts or omissions. Plaintiff **Jamel Burt** may prove deliberate indifference in this case by showing that the facts available to defendant **County of San Diego** put it on actual or constructive notice that its failure to train adequately was substantially certain to result in the violation of the constitutional rights of persons such as plaintiff **Jamel Burt** due to **sheriff's deputies**' conduct.

If you find that plaintiff **Jamel Burt** has proved each of these elements, and if you find that plaintiff **Jamel Burt** has proved all the elements plaintiff **Jamel Burt** is required to prove under Instructions [*specify the instruction[s] that deal with the particular right[s]*], your verdict should be for plaintiff [*name*]. If, on the other hand, plaintiff [*name*] has failed to prove any one or more of these elements, your verdict should be for defendant [*name of local governing body* ].

**Source**

See Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 9.8

## JURY INSTRUCTION NO. 34A: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON RATIFICATION BY POLICYMAKER/FAILURE TO DISCIPLINE

To prevail on the plaintiff **Jamel Burt**'s § 1983 claim against the supervisory defendant **County of San Diego**, the plaintiff **Jamel Burt** must prove each of the following elements by a preponderance of the evidence:

1. **Nicolai Ramos** acted under color of state law;
2. the **acts** of **Nicolai Ramos** deprived **Jamel Burt** of his particular rights under the **United States Constitution** as explained in later instructions;
3. **Sheriff William Gore** acted under color of state law;
4. **Sheriff William Gore** had final policymaking authority from defendant **County of San Diego** concerning the acts of **Nicolai Ramos**.
5. **Sheriff William Gore** ratified **his subordinate Nicolai Ramos**'s acts **in the prior incident involving Joshua Strode**, that is, **Sheriff William Gore** knew of and specifically made a deliberate choice to approve **Nicolai Ramos**'s specific acts and the basis for them,
6. **Sheriff William Gore**'s **ratification of Nicolai Ramos's acts in the incident involving Joshua Strode** showed a reckless or callous indifference to the deprivation by **defendant Nicolai Ramos** of the rights of others; and
7. **Sheriff William Gore**'s conduct was so closely related to the deprivation of the plaintiff **Jamel Burt**'s rights as to be the moving force that caused the ultimate injury.

**Source**

Based on Ninth Circuit's Manual of Model Civil Jury Instructions:

Instruction 9.4 — *Section 1983 Claim Against Supervisory Defendant in Individual Capacity—Elements and Burden of Proof* (2017., Revised Sept 2025).

Instruction 9.7 — *Section 1983 Claim Against Local Governing Body Defendants Based on Ratification—Elements and Burden of Proof* (2017., Revised March 2025).

**Defendants' Proposed Instruction**

Defendants contend this instruction is inappropriate because Sheriff William Gore is not a party to this action in the operative complaint [ECF No. 35] and this Court dismissed the direct supervisory liability claims. [ECF No. 66]

**[ALTERNATE] JURY INSTRUCTION NO. 34B: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON RATIFICATION BY POLICYMAKER/FAILURE TO DISCIPLINE**

In order to prevail on the plaintiff's § 1983 claim against defendant **County of San Diego** alleging liability based on ratification by a final policymaker, the plaintiff **Jamel Burt** must prove each of the following elements by a preponderance of the evidence:

1. **Nicolai Ramos** acted under color of state law;
2. the **acts** of **Nicolai Ramos** deprived **Jamel Burt** of his particular rights under the **United States Constitution** as explained in later instructions;
3. **Sheriff William Gore** acted under color of state law;
4. **Sheriff William Gore** had final policymaking authority from defendant **County of San Diego** concerning the acts of **Nicolai Ramos**.
5. **Sheriff William Gore** ratified employee Nicolai Ramos's acts or failure to act, that is, **Sheriff William Gore** knew of and specifically made a deliberate choice to approve his specific acts or failure to act and the basis for it.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that **Nicolai Ramos and Sheriff William Gore acted under color of state law, and the William Gore had final policymaking authority for the County of San Diego**.

If you find that the plaintiff **Jamel Burt** has proved each of these elements, and if you find that the plaintiff **Jamel Burt** has proved all the elements the plaintiff is required to prove under Instruction[s] [___], your verdict should be for

the plaintiff **Jamel Burt**. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant **County of San Diego**.

**Comment**

Use this instruction only in conjunction with an applicable "particular rights" instruction, such as Instructions 9.9-9.38. Such an instruction should set forth the additional elements a plaintiff must establish to prove the violation of the particular constitutional right or federal law at issue.

In addition, use this instruction only when *Monell* liability is based on ratification by a final policymaker. For other bases of *Monell* liability, see Instructions 9.5 (Section 1983 Claim Against Local Governing Body Defendants Based on Unlawful Official Policy, Practice, or Custom—Elements and Burden of Proof), 9.6 (Section 1983 Claim Against Local Governing Body Defendants Based on Act of Final Policymaker—Elements and Burden of Proof), and 9.8 (Section 1983 Claim Against Local Governing Body Defendants Based on a Policy that Fails to Prevent Violations of Law or a Policy of Failure to Train—Elements and Burden of Proof).

As noted in the Introductory Comment to this Chapter, § 1983 liability of a local governing body lies when "action pursuant to official municipal policy of some nature caused a constitutional tort," and not on the basis of *respondeat superior*. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978). A municipality can be liable for an isolated constitutional violation if a final policymaker "ratified" a subordinate's actions. *Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 885 (9th Cir. 2022); *Christie v. Iopa*, 176 F.3d 1231, 1238 (9th Cir. 1999); *see City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

To show ratification, a plaintiff must prove that the authorized policymaker approved a subordinate's decision and the basis for it. *Sabra*, 44 F.4th at 885. *See also Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004) ("The policymaker must have knowledge of the constitutional violation and actually approve of it." (citing *Praprotnik*, 485 U.S. at 127)).

The policymaker must have knowledge (actual or constructive) of the constitutional violation and actually approve of it. *Lytle*, 382 F.3d at 987; *Sabra*, 44 F.4th at 885. Ratification generally requires more than acquiescence. *Dodge*, 56 F.4th at 788 ("a mere failure to discipline . . . does not amount to ratification"). A mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 ratification claim. *Lytle*, 382 F.3d at 987-88 ("[R]atification requires both knowledge of the alleged constitutional violation, and proof that the policymaker specifically approved of the subordinate's act."); *Christie*, 176 F.3d at 1239; *Puente v. City of Phoenix*, 123 F.4th 1035, 1066 (9th Cir. 2024) (rejecting a ratification argument absent evidence final policy maker "knew and approved" of a subordinate's decision and the "basis for it").

The court must determine as a matter of state law whether certain employees or officials have the power to make official or final policy on a particular issue or subject area. *Jett v. Dallas Indep. Sch. Dist*., 491 U.S. 701, 737-38 (1989); *see also Lytle,* 382 F.3d at 983 ("For a person to be a final policymaker, he or she must be in a position of authority such that a final decision by that person may appropriately be attributed to the [defendant public body].") *Sabra*, 44 F.4th at 885 (rejecting contention that "a professor becomes a 'final policymaker' for an entire community college district simply by assuming administrative responsibilities within his department").

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017., Revised March 2025), No. 9.7

**Defendants' Proposed Instruction**

Defendants contend this instruction is inappropriate because this claim was not raised in the Operative Complaint. [ECF No. 35]

## III. <u>State law claims</u>

### JURY INSTRUCTION NO. 35: INTRODUCTION TO VICARIOUS RESPONSIBILITY (CALIFORNIA LAW)

**Under California law, an employer** is responsible for harm caused by the wrongful conduct of **its employees** while acting within the scope of their **employment**.

An **employee** is always responsible for harm caused by **his** own wrongful conduct, whether or not the **employer** is also liable.

**Source**

CACI No. 3700 (as modified) (April 2026 ed., *revised May 2020*).

**JURY INSTRUCTION NO. 36: Scope of Employment - Peace Officer's Misuse of Authority**

**Plaintiff Jamel Burt** must prove that **defendant Nicolai Ramos** was acting within the scope of **his employment** when **plaintiff Jamel Burt** was harmed.

The conduct of a peace officer is within the scope of **his** employment as a peace officer if all of the following are true:

(a) The conduct occurs while the peace officer is on duty as a peace officer;

(b) The conduct occurs while the peace officer is exercising **his** authority as a peace officer; and

(c) The conduct results from the use of **his** authority as a peace officer.

**Source**

CACI No. 3721. *Scope of Employment - Peace Officer's Misuse of Authority* (Apr. 2026 ed.).

**JURY INSTRUCTION NO. 37. BATTERY BY LAW ENFORCEMENT OFFICER (NON-DEADLY FORCE)**

**Plaintiff Jamel Burt** claims that **defendant Nicolai Ramos** harmed **him** by using unreasonable force to **detain him,** prevent **his** escape**, or** overcome **his** resistance. To establish this claim, **plaintiff Jamel Burt** must prove all of the following:

1. That **defendant Nicolai Ramos** intentionally touched **plaintiff Jamel Burt** or caused **plaintiff Jamel Burt** to be touched;
2. That **defendant Nicolai Ramos** used unreasonable force on **plaintiff Jamel Burt**;
3. That **plaintiff Jamel Burt** did not consent to the use of that force;
4. That **plaintiff Jamel Burt** was harmed; and
5. That **defendant Nicolai Ramos**'s use of unreasonable force was a substantial factor in causing **plaintiff Jamel Burt**'s harm.

**A deputy** may use reasonable force to **detain,** prevent the escape of**, or** overcome the resistance of a person when the officer has reasonable cause to believe that that person has committed a crime.

In deciding whether **defendant Nicolai Ramos** used unreasonable force, you must consider the totality of the circumstances and determine what amount of force a reasonable **deputy** in **defendant Nicolai Ramos**'s position would have used under the same or similar circumstances. "Totality of the circumstances" means all facts known to the officer at the time, including the conduct of **defendant Nicolai Ramos** and leading up to the use of force. You should consider, among other factors, the following:

(a) Whether **plaintiff Jamel Burt** reasonably appeared to pose an immediate threat to the safety of **plaintiff Jamel Burt** or others;

(b) The seriousness of the crime at issue; and

(c) Whether **plaintiff Jamel Burt** was actively resisting detention or attempting to evade detention.

**Source**

CACI No. 1304A, Battery by Law Enforcement Officer (Nondeadly Force) - Essential Factual Elements. (2026) (*Revised May 2021*).

**Defendants' Proposed Instruction**

Defendants contend that this instruction is unnecessary as Assault and Battery by a peace officer has the same elements as excessive force in a federal action.

**Source**

"The test employed under California law to determine if the force used was unreasonable is identical to the test employed under federal law applying Section 1983." (*Fortson v. City of Los Angeles,* 628 F. Supp. 3d 976, 994 (C.D. Cal. 2022), quotation omitted.)

**JURY INSTRUCTION NO. 38: COUNTY LIABILITY FOR BATTERY**

**Plaintiff Jamel Burt** claims that **he** was harmed by **defendant Nicolai Ramos**'s **battery**.

**Plaintiff Jamel Burt** also claims that **the County of San Diego** is responsible for the harm because **defendant Nicolai Ramos** was acting as **its employee** when the incident occurred.

If you find that **defendant Nicolai Ramos**'s **battery** harmed **plaintiff Jamel Burt**, then you must decide whether **the County of San Diego** is responsible for the harm. **The County of San Diego** is responsible if **plaintiff Jamel Burt** proves both of the following:

1. That **defendant Nicolai Ramos** was **the County of San Diego**'s **employee**; and

2. That **defendant Nicolai Ramos** was acting within the scope of **his employment** when **he** harmed **plaintiff Jamel Burt**.

**Source**

CACI No. 3701. *Tort Liability Asserted Against Principal - Essential Factual Elements* (Apr. 2026 ed.)

**Defendants' Proposed Instruction**

Defendants contend that this instruction is unnecessary as Assault and Battery by a peace officer has the same elements as excessive force in a federal action.

**Source**

"The test employed under California law to determine if the force used was unreasonable is identical to the test employed under federal law applying Section 1983." (*Fortson v. City of Los Angeles,* 628 F. Supp. 3d 976, 994 (C.D. Cal. 2022), quotation omitted.)

## JURY INSTRUCTION NO. 39: BANE ACT — INTERFERENCE WITH RIGHT TO BE FREE FROM EXCESSIVE FORCE

**Plaintiff Jamel Burt** claims that **Defendants** intentionally interfered with **his** civil rights by threat, intimidation, or coercion. To establish this claim, **Plaintiff** must prove all of the following:

1.. That by threat, intimidation, or coercion, **defendant Nicolai Ramos** interfered **or attempted to interfere** with **plaintiff Jamel Burt**'s exercise or enjoyment of **his** right **to be free from excessive force.**

2. That **defendant Nicolai Ramos** acted with reckless disregard for **plaintiff Jamel Burt's** enjoyment of the interests protected by the right **to be free from excessive force**;

3. That **plaintiff Jamel Burt** was harmed; and

4. That **defendant Nicolai Ramos**'s conduct was a substantial factor in causing **plaintiff Jamel Burt**'s harm.

**Source**

Judicial Council of California Civil Jury Instructions (2026), No. 3066 (revised July 2025)

**JURY INSTRUCTION NO. 40: BANE ACT — INTERFERENCE WITH RIGHT TO FREE SPEECH**

**Plaintiff Jamel Burt** claims that **Defendants** intentionally interfered with **his** civil rights by threat, intimidation, or coercion. To establish this claim, **Plaintiff** must prove all of the following:

1.. That by threat, intimidation, or coercion, **defendant Nicolai Ramos** interfered **or attempted to interfere** with **plaintiff Jamel Burt**'s exercise or enjoyment of **his** right **to free speech;**

***or***

1. That **defendant Nicolai Ramos** acted violently against **plaintiff Jamel Burt** to retaliate against **plaintiff Jamel Burt** for having exercised **his** right **to free speech;**

2. That **defendant Nicolai Ramos** acted with reckless disregard for **plaintiff Jamel Burt's** enjoyment of the interests protected by the right **to free speech**;

3. That **plaintiff Jamel Burt** was harmed; and

4. That **defendant Nicolai Ramos**'s conduct was a substantial factor in causing **plaintiff Jamel Burt**'s harm.

**Source**

Judicial Council of California Civil Jury Instructions (2026), No. 3066 (revised July 2025)

**JURY INSTRUCTION NO. 41: BANE ACT — INTERFERENCE WITH RIGHT TO REMAIN SILENT**

**<u>Plaintiff's Proposed Instruction:</u>**

**Plaintiff Jamel Burt** claims that **Defendants** intentionally interfered with **his** civil rights by threat, intimidation, or coercion. To establish this claim, **Plaintiff** must prove all of the following:

1.. That by threat, intimidation, or coercion, **defendant Nicolai Ramos** interfered **or attempted to interfere** with **plaintiff Jamel Burt**'s exercise or enjoyment of **his** right **to remain silent in response to police questioning.**

***or***

1. That **defendant Nicolai Ramos** acted violently against **plaintiff Jamel Burt** to retaliate against **plaintiff Jamel Burt** for having exercised **his** right **to remain silent in response to police questioning;**

2. That **defendant Nicolai Ramos** acted with reckless disregard for **plaintiff Jamel Burt's** enjoyment of the interests protected by the right **to remain silent in response to police questioning**;

3. That **plaintiff Jamel Burt** was harmed; and

4. That **defendant Nicolai Ramos**'s conduct was a substantial factor in causing **plaintiff Jamel Burt**'s harm.

**Source**

Judicial Council of California Civil Jury Instructions (2026), No. 3066 (revised July 2025)

**<u>Defendants' Proposed Instruction:</u>**

Defendants contend this instruction is unwarranted because the Fifth Amendment does not protect one's right to refuse to stat their name and address

during an investigatory detention.

**Source**

The Fifth Amendment states that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." To qualify for the Fifth Amendment privilege, a communication must be testimonial, incriminating, and compelled. *United States v. Hubbell,* 530 U.S. 27, 34–38 (2000). It is well settled that "[q]uestions about a person's identity are not unconstitutional even if identification of the person may help lead to the prosecution of that person for a crime." *United States v. Washington*, 462 F.3d 1124, 1133 (9th Cir. 2006), citing *California v. Byers*, 402 U.S. 424, 432-433 (1971). "One's identity is, by definition, unique; yet it is, in another sense, a universal characteristic. Answering a request to disclose a name is likely to be so insignificant in the scheme of things as to be incriminating only in unusual circumstances." *Hiibel, supra,* 542 U.S. at 191 (finding no reasonable belief that providing identity would tend to incriminate Plaintiff)

In *California v. Byers*, the Supreme Court held that a statute requiring an individual to provide their identifying information "does not provide the State with 'evidence of a testimonial or communicative nature' within the meaning of the Constitution" sufficient to violate the Fifth Amendment, even if potentially incriminating. *Byers, supra* 462 F.3d at 432 (Rejecting Fifth Amendment challenge to California law requiring individuals involved in a traffic accident to provide identifying information.) The Court reasoned that "[d]isclosure of name and address is an essentially neutral act." *Id.* at 432. Simply requiring one to provide their identifying information does not implicate the Fifth Amendment, even if that "identity, when made known, may lead to inquiry that in turn leads to arrest and charge…" *Id.* at 434.

**SPECIAL JURY INSTRUCTION NO. 42: RIGHT TO REMAIN SILENT**

The U.S. Constitution protects a person's right to remain silent in the face of questioning by police. Once a person being questioned indicates in any manner that he does not wish to be interrogated, the police may not question him.

There is no requirement under California law that a person being detained identify themselves or provide an identifying document.

**Source**

*Miranda v. Arizona*, 384 U.S. 436, 457 (1966); *Jones v. Harrington*, 829 F.3d 1128, 1136 (9th Cir. 2016); *Noble-Perez v. Robinson*, No. 8:22-CV-00037-JVS-JDEx, 2023 WL 6194265, at *8 (C.D. Cal. Aug. 16, 2023); Penal Code § 148.

**Comments**

As the court in *Noble-Perez* noted, in discussing *Hiibel*:

> [Defendant] argues that *Hiibel v. Sixth Judicial District*, 542 U.S. 177 (2004) clearly establishes that he was permitted to demand [plaintiff] provide identification. (Mot. at 6–7.) The Court disagrees.
>
> First and foremost, *Hiibel* addressed a Nevada law to which there is no California analogue. Although both the Nevada statute and California's Section 148 empower police to detain an individual for obstruction of their duties, only the Nevada law imposes a requirement that the detainee identify themselves. See Nev. Rev. Stat. § 171.123 ("Any person so detained shall identify himself..."). The California statute imposes no such requirement and the Court therefore declines to read such a provision into Section 148 that the legislature did not envision.
>
> Second, *Hiibel* does not stand for the proposition that any person's refusal to identify themselves can provide probable cause to arrest. Rather, the Supreme Court in *Hiibel* addressed whether the Nevada statute ran afoul of the Fourth Amendment, not whether any person can be required to identify themselves in any circumstance.

> Indeed, the Supreme Court noted that not every state has such a "stop and identify" statute and, in those states, "a suspect may decline to identify himself without penalty."

*Noble-Perez v. Robinson*, No. 822CV00037JVSJDEX, 2023 WL 6194265, at *9 (C.D. Cal. Aug. 16, 2023) (quoting *Hiibel v. Sixth Jud. Dist. Ct. of Nevada, Humboldt Cnty.*, 542 U.S. 177, 183 (2004)).

**Defendants' Proposed Instruction:**

Defendants contend this instruction is unwarranted because the Fifth Amendment does not protect one's right to refuse to stat their name and address during an investigatory detention.

**Source**

The Fifth Amendment states that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." To qualify for the Fifth Amendment privilege, a communication must be testimonial, incriminating, and compelled. *United States v. Hubbell,* 530 U.S. 27, 34–38 (2000). It is well settled that "[q]uestions about a person's identity are not unconstitutional even if identification of the person may help lead to the prosecution of that person for a crime." *United States v. Washington*, 462 F.3d 1124, 1133 (9th Cir. 2006), citing *California v. Byers*, 402 U.S. 424, 432-433 (1971). "One's identity is, by definition, unique; yet it is, in another sense, a universal characteristic. Answering a request to disclose a name is likely to be so insignificant in the scheme of things as to be incriminating only in unusual circumstances." *Hiibel, supra,* 542 U.S. at 191 (finding no reasonable belief that providing identity would tend to incriminate Plaintiff)

In *California v. Byers*, the Supreme Court held that a statute requiring an individual to provide their identifying information "does not provide the State with

'evidence of a testimonial or communicative nature' within the meaning of the Constitution" sufficient to violate the Fifth Amendment, even if potentially incriminating. *Byers, supra* 462 F.3d at 432 (Rejecting Fifth Amendment challenge to California law requiring individuals involved in a traffic accident to provide identifying information.) The Court reasoned that "[d]isclosure of name and address is an essentially neutral act." *Id.* at 432. Simply requiring one to provide their identifying information does not implicate the Fifth Amendment, even if that "identity, when made known, may lead to inquiry that in turn leads to arrest and charge…" *Id.* at 434.

## JURY INSTRUCTION NO. 43: COUNTY LIABILITY FOR INTERFERENCE WITH RIGHTS

**Plaintiff Jamel Burt** claims that **he** was harmed by **defendant Nicolai Ramos**'s **interference with his civil rights by threats, intimidation, or coercion**.

**Plaintiff Jamel Burt** also claims that **the County of San Diego** is responsible for the harm because **defendant Nicolai Ramos** was acting as **its employee** when the incident occurred.

If you find that **defendant Nicolai Ramos**'s **interference with plaintiff Jamel Burt's civil rights by threats, intimidation, or coercion** harmed **plaintiff Jamel Burt**, then you must decide whether **the County of San Diego** is responsible for the harm. **The County of San Diego** is responsible if **plaintiff Jamel Burt** proves both of the following:

1. That **defendant Nicolai Ramos** was **the County of San Diego**'s **employee**; and

2. That **defendant Nicolai Ramos** was acting within the scope of **his employment** when **he** harmed **plaintiff Jamel Burt**.

### Source

CACI No. 3701. *Tort Liability Asserted Against Principal - Essential Factual Elements* (Apr. 2026 ed.)

## IV. Damages

**JURY INSTRUCTION NO. 44: DAMAGES- PROOF AND MEASURES OF TYPES OF DAMAGES**

**Plaintiff's Proposed Instructions:**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff [on the plaintiff's [*specify type of claim*] claim], you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

[*Insert types of damages. See Instruction 5.2 (Measures of Types of Damages)*]

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 5.1.

**Defendants' Proposed Instructions:**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's First Amendment claim, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

You should consider the following:

The nature and extent of the injuries; and

The mental, physical, emotional pain and suffering experienced [and that with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2024), No. 5.1

**JURY INSTRUCTION 45: DAMAGES — Measures of Types of Damages**

In determining the measure of damages, you should consider:

~~[~~The nature and extent of the injuries;~~]~~

~~[~~The ~~[~~**disability**~~]~~**,** ~~[~~**disfigurement**~~]~~**, and** ~~[~~**loss of enjoyment of life**~~]~~ experienced ~~[~~**and that with reasonable probability will be experienced in the future**;~~]~~

~~[~~The ~~[~~**mental**~~]~~**,** ~~[~~**physical**~~]~~**, and** ~~[~~**emotional**~~]~~ pain and suffering experienced ~~[~~**and that with reasonable probability will be experienced in the future**;~~]~~

~~[~~The reasonable value of necessary medical care, treatment, and services received to the present time;~~]~~

~~[~~The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;~~]~~

~~**[The reasonable value of [wages] [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] lost up to the present time;]**~~

~~**[The reasonable value of [wages] [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] that with reasonable probability will be lost in the future;]**~~

~~**[The reasonable value of necessary [household help] [services other than medical] [and] [expenses] required up to the present time;]**~~

~~**[The reasonable value of necessary [household help] [services other than medical] [and] [expenses] that with reasonable probability will be required in the future;]**~~

~~**[The reasonable value of necessary repairs to any property that was damaged;]**~~

**~~[The difference between the fair market value of any damaged property immediately before the occurrence and its fair market value immediately thereafter;] [and]~~**

**~~[The reasonable value of necessary repairs to any property that was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired.]~~**

**~~[The lesser of the following:~~**

**~~1. the reasonable cost of necessary repairs to any property that was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired; or~~**

**~~2. the difference between the fair market value of the property immediately before the occurrence and the fair market value of the unrepaired property immediately after the occurrence.]~~**

**~~[Such sum as will reasonably compensate for any loss of use of any damaged property during the time reasonably required for its [repair] [replacement].]~~**

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017, *rev.* March 2025), No. 5.2

**JURY INSTRUCTION NO. 46: DAMAGES— MITIGATION**

**Plaintiff's Proposed Instructions:**

**Defendants' Proposed Instructions**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and
2. the amount by which damages would have been mitigated.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2024), No. 5.3

## JURY INSTRUCTION NO. 47: PUNITIVE DAMAGES

**Plaintiff's Proposed Instructions:**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by ~~[~~a preponderance of the evidence~~]~~ ~~[clear and convincing evidence]~~ that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct ~~[, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual~~

harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case].

[In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.]

[Punitive damages may not be awarded against **the County of San Diego**[*specify defendant*.] [You may impose punitive damages against one or more of the defendants and not others and may award different amounts against different defendants.] [Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.]

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017, *rev.* March 2025), No. 5.5

**Defendants' Proposed Instructions**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the

plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2024), No. 5.5

## V. Other General Instructions

### JURY INSTRUCTION NO. 48: INSURANCE

You must not consider whether any of the parties in this case has insurance. The presence or absence of insurance is totally irrelevant. You must decide this case based only on the law and the evidence.

**Source**

Judicial Council of California Civil Jury Instructions (CACI) 105

**JURY INSTRUCTION NO. 49: DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 3.1

## JURY INSTRUCTION NO. 50: COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the **[clerk] [bailiff]**, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing. I will communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 3.3

## JURY INSTRUCTION NO. 51: RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your **foreperson** should complete the verdict form according to your deliberations, sign and date it, and advise the **[clerk] [bailiff]** that you are ready to return to the courtroom.

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017), No. 3.5

**JURY INSTRUCTION NO. 52: POST-DISCHARGE INSTRUCTION**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will assist.]

**Comment**

*See* Jury Instructions Committee of the Ninth Circuit, A Manual on Jury Trial Procedures,§ 6.1 (2013).

**Source**

Ninth Circuit's Manual of Model Civil Jury Instructions (2017., added Dec. 2019), No. 3.9

Respectfully submitted,

**IREDALE AND YOO, APC**

Dated: October 5, 2026

s/ Peter Bibring

PETER BIBRING
EUGENE IREDALE
Attorneys for Plaintiff Jamel Burt

**JOSEPH C. CRUDO PLC**

Dated: October 5, 2026

s/ Joseph Crudo

JOSEPH C. CRUDO
Attorney for Plaintiff Jamel Burt

Dated: October 5, 2026

**DAMON M. BROWN, County Counsel**

*s/ Timothy A. Hanna*

TIMOTHY A. HANNA, Senior Deputy
CHRISTOPHER M. BLAYLOCK, Senior Deputy

Attorneys for Defendants County of San Diego and Nicolai Ramos

## CERTIFICATION

I, PETER BIBRING, hereby certify that the content of this proposed final pretrial conference order is acceptable to all parties required to sign this motion. All parties authorized me to affix their electronic signatures to this pleading.

*s/ Peter Bibring*

PETER BIBRING