EUGENE G. IREDALE: SBN 75292
PETER BIBRING: SBN 223981
SARAH MUSUMECI: SBN 328306
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525
FAX: (619) 233-3221

JOSEPH C. CRUDO: SBN 263993
JOSEPH C. CRUDO PLC
3990 Old Town Avenue, Ste. C101
San Diego, CA 92110
Telephone: (858) 622-7280
Fax: (858) 450-9411
Email: joseph@crudoplc.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

JAMEL BURT,

Plaintiff,

v.

NICOLAI RAMOS, in his individual capacity; COUNTY OF SAN DIEGO;

Defendants.

CASE NO. 24-CV-0662-CAB-VET

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 6 TO BIFURCATE INDIVIDUAL AND *MONELL* LIABILITY CLAIMS**

Hon. Cathy Ann Bencivengo

Final Pretrial Conf.: October 16, 2026 at 2:00 PM

Trial: November 16, 2026 at 8:45 AM

## I. INTRODUCTION

This case arises out of a use of force by Sheriff's Deputy Nicolai Ramos that unfolded over the span of less than two minutes, but Defendants ask the Court to hold two separate jury trials — once on liability for Deputy Ramos and again on the County's liability. But the County cannot bear its burden of demonstrating that a departure from normal trial procedure would be serve judicial efficiency — the second trial Defendants seek on *Monell* liability would require a second jury to closely consider the incident at issue to decide whether it was caused by the County policies under *Monell*, requiring presentation of substantially overlapping documentary and testimonial evidence that would be waste time, rather than save it.

## II. LEGAL STANDARD

Rule 42(b) permits separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize," and, when it orders them, the court "must preserve any federal right to a jury trial." Fed. R. Civ. P. 42. The Rule "merely *allows,* but does not require" bifurcation, and a trial court's refusal to bifurcate is reviewed only for abuse of discretion. *Hangarter v. Provident Life & Acc. Ins. Co*., 373 F.3d 998, 1021 (9th Cir. 2004); *Zivkovic v. S. California Edison Co*., 302 F.3d 1080, 1088 (9th Cir. 2002).

Courts weigh whether the issues are significantly different, whether trial is to a jury, the posture of discovery, "whether the …documentary and testimonial evidence on the issues overlap," and whether the party opposing bifurcation will be prejudiced. *Millar-Griffin v. City of Portland*, No. 3:22-CV-01201-JR, 2023 WL 2843386, *1 (D. Or. Mar. 22, 2023). Where "the evidence usually overlaps substantially, the normal procedure is to try [the claims] together with appropriate instructions." *Hangarter*, 373 F.3d at 1021.

In the Ninth Circuit, "bifurcation is the exception rather than the rule of normal trial procedure." *Millar-Griffin*, 2023 WL 2843386 at *1. "[B]ifurcation

'may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." *Taction Tech., Inc. v. Apple Inc.*, No. 21-CV-812 TWR (JLB), 2026 WL 2608208, at *6 (S.D. Cal. Sept. 3, 2026), *quoting Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500 (1931). Additionally, "[t]he party seeking bifurcation has the burden of demonstrating that judicial economy would be served and that no party would be prejudiced by separate trials." *Id.*

## III. ARGUMENT

Defendants' argument that bifurcation would serve judicial economy rests solely on their claim that "the *Monell* claim must be dismissed if the jury finds that Deputy Ramos did not violate the constitution," Mot., ECF No. 111 at 2. But — as courts in this Circuit have recognized in other *Monell* cases — this reasoning fails, for several reasons.

### A. Bifurcation does not serve judicial efficiency because a second trial on Plaintiff's *Monell* claim would involve substantial duplicative and overlapping evidence

First, as in other cases, defendant's argument that some resources might be saved if the jury finds Ramos committed no constitutional violation "ignore[s] the converse situation. If Plaintiff succeeds on his claims against the individual Defendants, significantly more time and judicial resources would be expended litigating the related municipal liability claims in a separate, subsequent proceeding." *Pearce v. City of Portland*, No. 3:22-CV-00518-HZ, 2023 WL 2182468, at *3 (D. Or. Feb. 21, 2023); *accord Millar-Griffin*, 2023 WL 2843386, at *2, *report and recommendation adopted,* No. 3:22-CV-1201-JR, 2023 WL 2839330 (D. Or. Apr. 7, 2023); *see also Ryan v. City of Salem*, No. 3:16-CV-0565-AC, 2017 WL 2426868, at *2 (D. Or. June 5, 2017) ("The amount of time saved in the event of a defense verdict in the first trial would be nominal. If a jury finds that there was a constitutional violation, the second phase of trial would

likely result in a longer aggregate time for trial than would a single trial on both claims.”).

Because much of Plaintiff’s evidence on *Monell* overlaps with evidence of individual liability — even after one jury hears detailed testimony and evidence about the incident to determine whether Ramos used force that was unreasonable, Plaintiff would have to present that same detailed testimony evidence about the incident to the second jury, in the *Monell* trial, in order to show that Defendant’s policies, customs and practices, or ratification caused the harm. Other courts have recognized that “to bifurcate the trial into phases that considered first whether there was a deprivation of rights, and second whether defendant's policies caused the violation, would be unduly confusing to the jury, and would not promote concerns of judicial efficiency.” *Green v. Baca*, 226 F.R.D. 624, 632 (C.D. Cal. 2005). Because the evidence related to individual and *Monell* liability “overlaps substantially,” such that this Court should follow “the normal procedure” and “try [the claims] together.” *Hangarter*, 373 F.3d at 1021.

Defendants dramatically overstate the evidence required for the *Monell* trial, suggesting that Plaintiff’s *Monell* claim “would necessitate a series of trials within a trial which would greatly delay the trial and potentially confuse and mislead the jury” and would require the County to put on as many as **“*108*** additional witnesses.” Mot. at 3:16-17. But Plaintiffs plan to rely on statistical evidence to show the custom and practice, and will introduce evidence of prior lawsuits primarily for the County’s notice of the nature and extent of the problem with excessive force — there will be no basis for the Court to hold any “trials within a trial” on the constitutionality of prior incidents of force. Accordingly, as in *Ryan*, “the amount of time saved in the event of a defense verdict in the first trial would be nominal,” 2017 WL 2426868, at *2, while the additional time spent in duplicative re-litigation of the details of the incident in a second trial would be

substantial. The County therefore cannot carry its burden of showing that bifurcation would serve judicial efficiency, and its motion should be denied.

### **B. The Ninth Circuit has recognized that prejudice from similar *Monell* evidence can be cured with limiting instructions.**

Defendants argue for bifurcation in part because they argue that evidence of the 2017 Internal Affairs investigation of Deputy Ramos and his takedown of Joshua Strode might be improperly imply to the jury that "he must have done something wrong in the past and therefore must have done something wrong in this case." Mot., ECF 111, at 5:4-5. But the Ninth Circuit has recognized that concerns about *Monell* evidence being taken as improper prior act evidence under Rule 404(b) can adequately be addressed through limiting jury instructions. In holding that the district court erred in excluding evidence of prior complaints in *Velazquez v. City of Long Beach*, the Ninth Circuit noted that the "district court may have been concerned that permitting the introduction of evidence of prior complaints would have suggested to the jury that [the defendant officer] acted in accordance with these past actions. See Fed. R. Evid. 404(b). But any such suggestion could have been cured … by an appropriate limiting instruction." 793 F.3d 1010, 1028 (9th Cir. 2015).

In *Rodriguez v. Cnty. of Los Angeles*, the Ninth Circuit squarely upheld the district court's refusal to bifurcate trial of *Monell* claims from individual claims. 891 F.3d 776, 807 (9th Cir. 2018). The court rejected any suggestion of prejudice, noting that "[t]hough some of the evidence relevant to the *Monell* claims was irrelevant to individual liability, the district court's many limiting instructions cured any possible prejudice." *Id*.

### **C. A Defense Verdict for Ramos Would Not Necessarily Resolve the County's *Monell* Liability.**

District courts in this circuit have also routinely refused to bifurcate *Monell* claims from claims against individual officers on grounds that "an exoneration of individual officers is not always dispositive to a plaintiff's *Monell* claims," and in

particular, "an exoneration of the deputies by way of qualified immunity would not automatically preclude the County's liability under Plaintiff's *Monell* theories." *Comer v. Cnty. of Sutter*, No. 2:22-CV-00079-TLN-CSK, 2024 WL 5007507, at *2 (E.D. Cal. Dec. 6, 2024); *see Fairley v. Luman*, 281 F.3d 913, 917–18 (9th Cir. 2002) (finding that "[t]he evidence admitted at trial was legally sufficient to permit a reasonable jury to find the City liable under [plaintiff's] § 1983 Monell claim even though the jury found the individual defendants inflicted no constitutional harm"); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1142–43 (9th Cir. 2012) ("If a plaintiff establishes he suffered a constitutional injury *by the City*, the fact that individual officers are exonerated is immaterial to liability under § 1983." (quoting *Fairley*)). Other district courts have refused to bifurcate on similar grounds. *See Est. of Matus by & through G.M. v. Cnty. of Riverside*, No. 5:23-CV-00506-MEMF-SP, 2024 WL 3758011, at *5 (C.D. Cal. Aug. 9, 2024) (reasoning that because defendants might held not liable because of qualified immunity, "Plaintiffs' individual liability claims are not necessarily dispositive of the *Monell* or supervisory liability claims, [and] bifurcating the claims would not promote efficiency"); *Est. of Alderman v. City of Bakersfield*, No. 116CV00994DADJLT, 2018 WL 4156740, at *3 (E.D. Cal. Aug. 28, 2018) ("Without assurance that resolution of the first phase of the trial could be dispositive of the entire case, bifurcating the *Monell* claims from the individual claims appears to have no purpose other than resulting in duplicative proceedings undermining judicial economy.").

**D. Bifurcation Would Prejudice Plaintiff.**

Finally, bifurcation would prejudice Plaintiff. Two trials would delay resolution, multiply cost, and risk inconsistent findings on overlapping factual issues decided by different juries. Fed. R. Civ. P. 42. Splitting the case would also deprive Mr. Burt of presenting "the circumstances and atmosphere of the entire cause of action" — the County's failure to discipline Deputy Ramos and the force

that predictably followed — to a single jury. Fed. R. Civ. P. 42. An issue may be tried separately only if it is "so distinct and separate from the others that a trial of it alone may be had without injustice," because permitting two juries to pass on the same factual and legal elements risks inconsistent verdicts. Fed. R. Civ. P. 42.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion *in limine*.

Respectfully submitted,

Dated: October 5, 2026

**IREDALE AND YOO, APC**

*s/ Eugene Iredale*

EUGENE IREDALE
PETER BIBRING
SARAH MUSUMECI
Attorney for Plaintiffs