EUGENE G. IREDALE: SBN 75292
PETER BIBRING: SBN 223981
SARAH MUSUMECI: SBN 328306
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525
FAX: (619) 233-3221

JOSEPH C. CRUDO: SBN 263993
JOSEPH C. CRUDO PLC
3990 Old Town Avenue, Ste. C101
San Diego, CA 92110
Telephone: (858) 622-7280
Fax: (858) 450-9411
Email: joseph@crudoplc.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMEL BURT,<br><br>Plaintiff,<br><br>v.<br><br>NICOLAI RAMOS, in his individual capacity; COUNTY OF SAN DIEGO;<br><br>Defendants. | CASE NO. 24-CV-0662-CAB-VET<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4 TO REQUEST SPECIAL JURY INTERROGATORIES (OR EQUIVALENT QUESTIONS) OF DISCRETE FACTS TO ACCOMPANY SPECIAL VERDICT FORM**<br><br>Hon. Cathy Ann Bencivengo<br><br>Final Pretrial Conf.: October 16, 2026 at 2:00 PM<br><br>Trial: November 16, 2026 at 8:45 AM |

## I. INTRODUCTION

Defendants ask the Court to submit four special interrogatories to the jury to "preserve the issue of qualified immunity on Mr. Burt's excessive-force claim." Mot. in Limine No. 4, ECF No. 109 ("MIL No 4.") at 2 — each asking whether Deputy Ramos had "reasonable belief" about a particular aspect of the incident — whether Ramos had a "reasonable belief" Plaintiff was "physically resisting," a "reasonable belief" that Plaintiff "would be a threat to the safety" of Ramos or others, a "reasonable belief" that Plaintiff had attempted to break free from his grasp, or a "reasonable belief" that "a controlled takedown was necessary to prevent [Plaintiff] from breaking free from his grasp." *Id.* at 5.

First, Defendants' request rests on a false premise that without these particular interrogatories, Defendant Ramos "might unfairly lose the opportunity to assert qualified immunity in a post-trial motion." *Id*. He will not. As Defendants acknowledge, qualified immunity is a legal question for the Court, and the Court can decide it after trial meaning without special interrogatories to preserve the defense.

Second, the four interrogatories Defendants propose merely restate the objective reasonableness factors the jury will already decide on the merits, rendering them not only superfluous, redundant and unnecessary, but also unhelpful because Ramos's entitlement to qualified immunity may depend on additional or entirely different facts. But by emphasizing *Graham* factors that Defendant believes may support his theory, the proposed interrogatories risk confusing the jury and prejudicing Plaintiff. The Court should deny Defendants' motion in limine.

## II. ARGUMENT

The Ninth Circuit has squarely rejected the argument "that, in qualified immunity cases involving disputed issues of material fact (like here), the district court is required to give special interrogatories to the jury." *Hung Lam v. City of*

*San Jose*, 869 F.3d 1077, 1085–86 (9th Cir. 2017) (emphasis omitted). Rather, "the decision whether to submit special interrogatories to the jury is a matter committed to the discretion of the district court." *Id.* at 1086 (quoting *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999)). "A court nevertheless may abuse its discretion by submitting special interrogatories that are likely to mislead or confuse the jury or inaccurately state the issues." *Frank Briscoe Co. v. Clark Cnty.*, 857 F.2d 606, 614 (9th Cir. 1988); *accord Hunter v. Durell*, No. C16-1445-MJP, 2018 WL 6249789, at *8 (W.D. Wash. Nov. 29, 2018), *aff'd sub nom. Hunter v. City of Fed. Way*, 806 F. App'x 518 (9th Cir. 2020).

**A. A jury verdict for Plaintiff will demonstrate Ramos violated clearly established law**

In *Hung Lam*, the Ninth Circuit held that the district court did not abuse its discretion in declining to give special interrogatories. The trial court had reasoned based on its rationale that the proposed interrogatories were unnecessary because, if the jury credited the plaintiff's version of the facts, the officer would not be entitled to qualified immunity, because "it is a violation of clearly established law for an officer to use deadly force against someone who poses no threat of serious harm to the officers or others." *Id.* The same is true here — a verdict for Plaintiff would indicate that the jury that Ramos did not believe that Plaintiff posed a threat or flight risk, and slamming such a person face-first into the concrete would constitute a violation clearly established law.

This is especially true as Plaintiff's First Amendment claims already require the jury to answer whether Ramos used force in retaliation for Burt's protected speech. It is unquestionably a violation of clearly established law for a deputy to slam a person face-first into the ground because they are cursing at them.

**B. Defendants' proposed interrogatories do not fully address qualified immunity**

Even if the Court finds that a jury could return a verdict for Plaintiff on which Ramos was entitled to qualified immunity, the court should nonetheless reject

Defendants' special interrogatories because they fail to provide any additional clarity.

In *Hunter v. Durell*, No. C16-1445-MJP, 2018 WL 6249789, the trial court declined to pose special interrogatories to the jury on similar grounds:

> The Court explained that, due to the extent of disputed facts in the case, the qualified immunity analysis did not involve merely deciding between "two different alternatives," one of which would result in qualified immunity and the other of which would not. To the contrary, it observed that there were "literally a thousand questions" that might affect the analysis, and explained "I'm just in a quandary as to what I would do with these answers, particularly if I got a mixed bag back, because I don't know how [the jury] would evaluate one over the other." (Id. at 45:16-22.) The Court therefore declined to provide the jury with special interrogatories on the verdict form, as was well within its discretion.

2018 WL 6249789, at *9.

Here, Defendants do not cite a single case addressing the relief they seek — special interrogatories to a jury. Instead, they devote a page and a half of their four-page motion to the general law of qualified immunity, Mot. at 2:4-3:13, and another page and a half to cases various addressing whether the particular takedown at issue violated clearly established law, Mot. at 3:13-4:25. But all Defendants' discussion of these cases shows is that — like in *Hunter* — whether a particular takedown violates clearly established law depends on far more than the four factors they single out.

In particular, for a claim of excessive force, what matters is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them," which "requires a careful balancing of the 'nature and quality of the intrusion on the individual's Fourth Amendment

interests' against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396-97 (1989) (citations omitted). Defendants' questions on whether Ramos "reasonably believed" that Plaintiff was physically resisting or trying to break free address only part of the inquiry, which requires more than yes or no questions but balancing the extent of any perceived danger or flight risk with the degree of force involved. Indeed, the Ninth Circuit jury instruction for an excessive force claim, Ninth Circuit Model Instruction 9.27, calls for considering "all of the circumstances know to the officer on the scene," and specifies fifteen possible factors, including the nature of the crime, the extent of injuries, whether the officer attempted to limit force used, the availability of alternative methods, the practicality of warning.

Defendants' proposed questions, however, single out three of the jury instructions factors for special consideration — whether Burt was attempting to flee, whether he posed a threat, and (in another formulation of flight risk) whether he was trying to break free. As in *Hunter*, these are only three of "'literally a thousand questions' that might affect the [qualified immunity] analysis," and returning these questions would not decide the issue because even if Ramos "reasonably believed," for example, that Burt was attempting to break free from his grasp, the amount of force used in smashing his face into the concrete still might violate clearly established law.

Moreover, by posing special interrogatories on just three of the relevant factors under *Graham*, tied to specific theories, Defendants risk implying to the jury that these factors matter more than others, or prompting them to give undue weight to the specific theories that they ask about. So too with the fourth question – whether the force was reasonably necessary to prevent Burt from breaking his grip — simply restates the overall standard of whether force was reasonably necessary, but with respect only to Defendant's chosen justification.

By thus singling out particular factors in the *Graham* analysis, or particular factual theories that may benefit Defendants, the proposed interrogatories risk "mislead[ing] or confus[ing] the jury or inaccurately stat[ing] the issues," which would constitute an abuse of discretion. *Frank Briscoe*, 857 F.2d at 614. Indeed the Ninth Circuit has recognized the risk that special jury verdicts on qualified immunity "would unnecessarily complicate easy cases, and might be unworkable in complicated ones." *Sloman v. Tadlock*, 21 F.3d 1462, 1468 (9th Cir. 1994). The Court should avoid that risk and deny Defendants' motion.

### C. The Court can decide qualified immunity without special interrogatories

The Ninth Circuit has made clear that if the district court employs a general verdict, it can still decide the clearly established issue on a Rule 50(b) motion by resolving all factual disputes in favor of the prevailing party. *Id*. at 826 n.8, citing *A.D. v. Cal Highway Patrol*, 712 F.3d 446, 452 (9th Cir. 2013). In short, an argument on qualified immunity will remain available to be made by Ramos after trial without the necessity of Defendants' redundant jury questions. Defendants may raise it under Fed. Rule Civ. P. 50, and the Court will decide it as the legal question it is. The interrogatories are not necessary to preserve anything.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion in limine.

Respectfully submitted,

Dated: October 5, 2026

**IREDALE AND YOO, APC**

*s/ Peter Bibring*

EUGENE IREDALE
PETER BIBRING
SARAH MUSUMECI
Attorney for Plaintiffs